**KRISTEN GALLES**
Equity Legal
10 Rosecrest Avenue
Alexandria, VA 22301
(703) 683-4491
(703) 683-4636 (fax)

FILED
MAY 25 2004
CLERK, U.S. DISTRICT COURT
EASTERN DISTRICT OF CALIFORNIA

Attorney for Plaintiffs: AREZOU MANSOURIAN, LAUREN MANCUSO, NANCY NIEN-LI CHIANG, and CHRISTINE WING-SI NG

**PORTER, SCOTT, WEIBERG & DELEHANT**
A Professional Corporation
Nancy J. Sheehan, SBN 109419
George A. Acero, SBN 226709
350 University Avenue, Suite 200
Sacramento, California 95825
(916) 929-1481
(916) 927-3706 (facsimile)

**Attorneys for Defendants:** REGENTS OF THE UNIVERSITY OF CALIFORNIA, LAWRENCE VANDERHOEF, GREG WARZECKA, PAM GILL-FISHER, ROBERT FRANKS and LAWRENCE SWANSON

LODGED
MAY 18 2004
CLERK, U.S. DISTRICT COURT
EASTERN DISTRICT OF CALIFORNIA

**IN THE UNITED STATES DISTRICT COURT**

**FOR THE EASTERN DISTRICT OF CALIFORNIA**

AREZOU MANSOURIAN, LAUREN MANCUSO, NANCY NIEN-LI CHIANG, and CHRISTINE WING-SI NG,

Plaintiffs,

vs.

THE REGENTS OF THE UNIVERSITY OF CALIFORNIA, LAWRENCE VANDERHOEF, GREG WARZECKA, PAM GILL-FISHER, ROBERT FRANKS and LAWRENCE SWANSON,

Defendants.
______________________________/

CASE NO. CIV.S-03-2591 FCD/PAN

**STIPULATED PROTECTIVE ORDER**

Plaintiffs AREZOU MANSOURIAN, LAUREN MANCUSO, NANCY NIEN-LI CHIANG, and CHRISTINE WING-SI NG ("Plaintiffs"), and Defendants REGENTS OF THE UNIVERSITY OF CALIFORNIA, LAWRENCE VANDERHOEF, GREG

WARZECKA, PAM GILL-FISHER, ROBERT FRANKS and LAWRENCE SWANSON ("Defendants"), acknowledge and agree that certain documents that have been or may be the subject of discovery requests in this case may contain education records and information about persons who are not parties to this suit that are protected under the right to privacy as provided by state and federal law, including Article I, section 1 of the California Constitution, the Information Practices Act (California Civil Code §1798 et. seq), and 20 U.S.C. §1232g.

Subject to and without waiving any objections to the discoverability of any information, the parties stipulate that access to and use of such documents and the information contained therein shall be governed by the provisions of this stipulated protective order, and that the terms of the stipulated protective order set forth herein may be entered by the court. This stipulated protective order shall apply to copies, extracts, and summaries of designated documents. Accordingly, Plaintiffs and Defendants, by and through their respective counsel of record, hereby stipulate to the entry of the following Stipulated Protective Order regarding the disclosure of the above stated documents:

1. This Stipulated Protective Order covers documents designated by the producing party as "private education records." Private education records are records which (1) contain information directly related to an identifiable student and (2) are maintained by an educational agency or institution or by a person acting for such agency or institution.

2. Private education records shall be so designated by stamping copies of the document(s) produced to a party with the legend "CONFIDENTIAL." Stamping the legend "CONFIDENTIAL" on the cover of any multi-page document shall designate all pages of the document as confidential, unless otherwise indicated by the producing party.

3. Material designated as a private education record under this order, the non-public information contained therein, and any summaries, copies, extracts, or documents derived in whole or in part from materials designated as confidential (hereinafter "confidential material") shall be used only for the purpose of the prosecution, defense, or settlement of this action and for no other purpose. Plaintiffs, their counsel and their agents

shall not disclose, release, or otherwise publish any private education records or their content except as necessary in this litigation. Education record information of non-party students that is irrelevant to this action (such as social security numbers, physical addresses, e-mail addresses, telephone numbers, emergency contact information) shall be redacted, except where required for the prosecution, defense, or settlement of this action (e.g, current addresses of other UCD wrestlers who may be witnesses in this case).

4. Confidential material produced pursuant to this Stipulated Protected Order may be disclosed or made available only to the court, to a party to this action, to counsel for a party (including the paralegal, clerical, and secretarial staff employed by such counsel), and to the "qualified persons" designated below:

a. Experts or consultants (together with their clerical staff) retained by such counsel to assist in the prosecution, defense or settlement of this action;

b. Court reporters employed in this action;

c. A witness at any deposition or proceedings in this action; and

d. Any other person as to whom the parties in writing agree.

6. The portion of any deposition in which confidential materials are discussed shall be taken only in the presence of qualified persons, as defined above.

7. Any motion, application, petition, or the like, filed with the Court which includes any confidential material shall be filed under seal.

8. Nothing herein shall impose any restrictions on the use or disclosure by a party of material obtained by such party independent of discovery in this action, whether or not such material is also obtained through discovery in this action, or from disclosing its own confidential material as it deems appropriate. Receipt by any party of any confidential information shall not be either an admission or claim that the information is confidential information, as asserted by the propounding party, nor an admission with respect to the authenticity, competency, relevance or materiality thereof.

9. This Stipulated Protective Order shall be without prejudice to the right of the

parties to: (1) bring before the court at any time the question of whether any particular document or information is confidential or whether its use shall be restricted; or (2) present a motion to the court for a separate protective order as to any particular document or information, including restrictions different from those as specified herein. This Order shall not be deemed to prejudice the parties in any way in any future application for modification of this Order.

10. Neither anything in this Order nor the production of any information or document under the terms of this Order nor any proceedings pursuant to this Order, shall be deemed to have the effect of an admission or waiver of objections or privileges by either party or of altering the confidentiality or non-confidentiality of any such document or information or altering any existing right or obligation of any party or the absence thereof.

11. This Order shall survive the final termination of this action and the court shall retain jurisdiction to resolve any dispute concerning the use of the information disclosed hereunder. Documents covered by this order shall remain subject to this order even after the conclusion of this case and may be retained for as long as required by law and then destroyed.

12. This Stipulated Protective Order does not apply to any documents produced by any party in discovery thus far which are not otherwise subject to a protective order.

**IT IS SO STIPULATED.**

Dated: May 13, 2004

Kristen Galles
Counsel for Plaintiffs

Dated: May 13, 2004

Nancy J. Sheehan
Attorneys for Defendants

**IT IS SO ORDERED.**

Dated: ____________________

The Hon. Peter A. Nowinski
U.S. District Court Magistrate Judge

**IT IS SO STIPULATED.**

Dated: May 13, 2004

Kristen Galles
Counsel for Plaintiffs

Dated: May 13, 2004

Nancy J. Sheehan
Attorneys for Defendants

**IT IS SO ORDERED.**

Dated: MAY 24 2004

The Hon. Peter A. Nowinski
U.S. District Court Magistrate Judge

mml

United States District Court
for the
Eastern District of California
May 25, 2004

* * CERTIFICATE OF SERVICE * *

2:03-cv-02591

Mansourian

v.

Regents Davis

---

I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S. District Court, Eastern District of California.

That on May 25, 2004, I SERVED a true and correct copy(ies) of the attached, by placing said copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed, by depositing said envelope in the U.S. Mail, by placing said copy(ies) into an inter-office delivery receptacle located in the Clerk's office, or, pursuant to prior authorization by counsel, via facsimile.

Kristen Marie Galles
Law Offices of Kristen Galles
Equity Legal
10 Rosecrest Avenue
Alexandria, VA 22301

MP/FCD

TM/PAN

Nancy Joan Sheehan
Porter Scott Weiberg and Delehant
350 University Avenue, Suite 200
Sacramento, CA 95865

Jack L. Wagner, Clerk

BY: ______________________
Deputy Clerk