UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

----oo0oo----

AARHUS MANSOURIAN; LAUREN MANCUSO; NANCY NIEN-LI CHIANG; CHRISTINE WING-SI NG; and all those similarly situated,

        Plaintiffs,

  v.

BOARD OF REGENTS OF THE UNIVERSITY OF CALIFORNIA at DAVIS; LAWRENCE "LARRY" VANDERHOEF; GREG WARZECKA; PAM GILL-FISHER; ROBERT FRANKS; and LAWRENCE SWANSON,

        Defendants.

NO. CIV. S-03-2591 FCD/PAN

MEMORANDUM AND ORDER

----oo0oo----

///
///
///
///
///
///

1

1  This matter is before the court on plaintiffs' motion to
2 modify the pretrial scheduling order, pursuant to Fed. R. Civ. P.
3 16(b).[1]  Plaintiffs seek to extend the current dates[2] for
4 disclosure of experts, close of discovery, dispositive motions,
5 the final pretrial conference, and trial by approximately two
6 months.  Defendants partially oppose the motion.  They agree to
7 an extension of the dates for close of discovery, dispositive
8 motions, and the final pretrial conference,[3] but oppose any
9 extension of the dates for disclosure of experts and trial.
10 Accordingly, the court only discusses herein whether plaintiffs
11 have demonstrated "good cause" for an extension of the dates for
12 disclosure of experts and trial.
13  In that regard, plaintiffs seek modification of the
14 scheduling order to continue the disclosure date for experts from
15 June 1, 2005[4] to August 1, 2005 (with disclosure of rebuttal

---

[1] Because oral argument will not be of material assistance, the court orders this matter submitted on the briefs. E.D. Cal. L.R. 78-230(h).

[2] The pretrial scheduling order in this case has been amended by the court and/or the parties, by stipulation, several times, most recently by stipulation and order, filed February 25, 2005.  That order set the dates as follows: (1) initial disclosure of experts – June 1, 2005; (2) disclosure of rebuttal experts – June 24, 2005; (3) completion of discovery – July 22, 2005; (4) dispositive motion cut-off – September 9, 2005; (5) final pretrial conference – November 18, 2005; and (6) trial – January 24, 2006.

[3] The court notes that defendants propose slightly different dates for the extension of these deadlines than plaintiffs.

[4] As set forth above, per the February 25, 2005 stipulation and order, expert disclosures were due on June 1, 2005.  On that date, the court granted plaintiffs' ex parte application for an order shortening time to hear the instant motion, thus relieving plaintiffs, at least temporarily, of their obligation to file their expert disclosures.  (Minute Order,

experts due September 1, 2005, rather than June 24, 2005), and to continue trial from January 24, 2006 to an available date in February 2006. A pretrial order "shall not be modified except upon a showing of good cause." Fed. R. Civ. P. 16(b). The district court may modify the pretrial schedule "if it cannot reasonably be met despite the diligence of the party seeking the extension." Johnson v. Mammoth Recreations, Inc., 975 F.2d 604, 609 (9th Cir. 1992) (quoting Fed. R. Civ. P. 16, advisory committee's notes (1983 amendment)). The "good cause" standard set forth in Rule 16 primarily focuses upon the diligence of the party requesting the amendment. "Although the existence or degree of prejudice to the party opposing the modification might supply additional reasons to deny a motion, the focus of the inquiry is upon the moving party's reasons for seeking modification." Id.

Here, plaintiffs first requested that defendants stipulate to the instant extension of dates on May 16, 2005. They continued to request the extension during a week of depositions, on May 16-24, 2005, and thereafter by phone; however, lead counsel for defendants would not respond. When no response was received, plaintiffs were forced to file their ex parte application to shorten time to hear this motion.

Defendants maintain that plaintiffs were not diligent in seeking relief as they filed their motion *on* the expert disclosure deadline. Nevertheless, based on the parties' prior agreements with respect to extensions of the scheduling order,

---

filed June 1, 2005.) Defendants filed their expert disclosures that same day.

1 plaintiffs reasonably continued to try to obtain defendants'
2 stipulation, believing that a joint resolution could be reached
3 as it had two times before.  (Stip. & Order, filed Oct. 26, 2004
4 and Feb. 25, 2005.)

5   Moreover, during this same period of time, the parties were
6 engaged in extensive discovery.  Defendants were well aware of
7 plaintiffs' objection to defendants' recent, delayed and,
8 according to plaintiffs, deficient document production.
9 Plaintiffs base their request for an extension of time to
10 disclose experts, largely on the basis of the need to obtain
11 necessary discovery, some of which defendants agree must be
12 conducted.  While the court is not in a position to adjudge the
13 merits of plaintiffs' allegations regarding the purported
14 deficiencies in defendants' recent discovery responses,
15 plaintiffs have demonstrated herein that certain, further
16 discovery is necessary and would impact the type of experts
17 plaintiffs disclose.  As such, plaintiffs have demonstrated "good
18 cause" for the extension.

19   The court also notes that, importantly, the requested
20 extension is limited.  Indeed, plaintiffs request only a two
21 month extension of the deadline for disclosure of experts and
22 their proposed schedule would result in just a one month
23 continuation of the trial date.[5]  Defendants assert that they
24 would be prejudiced by the extension because they have already
25 disclosed their experts, and plaintiffs would have the benefit,

---

27 [5] However, as reflected in the schedule below, the court's calendar could not accommodate a February 2006 trial
28 date.

4

1  over the next two months, of that information.  Any prejudice
2  resulting from this fact is minimal.  Defendants will have the
3  opportunity to amend their disclosure, in full or in part, prior
4  to the new deadline.  Additionally, defendants are not prejudiced
5  by virtue of this brief extension of the relevant dates.  This is
6  a complicated case which has already involved extensive discovery
7  (some 50 depositions have been taken and over 50,000 documents
8  produced).  Defendants admit that still further discovery is
9  needed.  Now, both parties will be given additional time to
10 complete and obtain necessary discovery and to assess that
11 discovery for purposes of obtaining relevant experts.  A short
12 continuation of the trial date, some seven months in advance, is
13 certainly are not prejudicial to any party.
14      Accordingly, the court HEREBY AMENDS the pretrial scheduling
15 order in this case, originally filed June 9, 2004, and
16 subsequently amended on June 30, 2004, October 27, 2004, and
17 February 25, 2005, as follows:

18      <u>Initial Disclosure of Experts</u>:     August 1, 2005
19      <u>Disclosure of Rebuttal Experts</u>:    September 1, 2005
20      <u>Discovery Cut-Off</u>:                 October 28, 2005
21      <u>Last Date for Hearing on a
        Dispositive Motion</u>:                   January 13, 2006
22
        <u>Final Pretrial Conference</u>:         March 17, 2006 at
23                                                1:30 p.m.
24
25 ///
26 ///
27 ///
28 ///

5

1    <u>Trial</u>:                              May 2, 2006 at
                                         9:00 a.m.

     IT IS SO ORDERED.

DATED: June 14, 2005

                            <u>/s/ Frank C. Damrell Jr.</u>
                            FRANK C. DAMRELL, Jr.
                            UNITED STATES DISTRICT JUDGE