1

2

3

4

5

6

7

8                    UNITED STATES DISTRICT COURT

9                    EASTERN DISTRICT OF CALIFORNIA

10

11

12  AREZOU MANSOURIAN, LAUREN MANCUSO,
    NANCY NIEN-LI CHIANG, and
13  CHRISTINE WING-SI NG, et al.,          CIV S-03-2591 FCD PAN

14                    Plaintiffs,

15           v.                                     ORDER

16  BOARD OF REGENTS OF THE UNIVERSITY
    OF CALIFORNIA AT DAVIS, et al.,
17
                      Defendants.
18                                         —   —

19

20       On December 28, 2005, the parties filed a stipulation and

21  lodged a proposed protective order that would permit defendants

22  to file under seal a motion to compel compliance with a subpoena

23  for the medical records of plaintiff Nancy Nien-Li Chiang.

24       For the reasons set forth below, the requested protective

25  order is denied.

26  ////

1       There is no public interest in documents exchanged

2   between the parties in pretrial discovery that are not filed with

3   the court.  Seattle Times Co. v. Rhinehart, 467 U.S. 20, 33

4   (1984)("[m]uch of the information that surfaces during pretrial

5   discovery may be unrelated, or only tangentially related, to the

6   underlying cause of action").  Thus, the parties may do as they

7   agree among themselves without permission or approval of the

8   court regarding classification of such documents as confidential.

9       The public right of access surfaces, however, when

10   parties seek to seal documents filed in conjunction with a

11   discovery motion and ripens when documents are filed in

12   conjunction with a dispositive motion or at trial.

13       In this circuit, the court starts with a strong

14   presumption in favor of access to court records in civil cases.

15   Foltz v. State Farm Mut. Auto. Ins. Co., 331 F.3d 1122, 1135 (9th

16   Cir. 2003)(citing Hagestad v. Tragesser, 49 F.3d 1430, 1434 (9th

17   Cir. 1995)).

18       When parties make a discovery motion that requires

19   consideration of documents, a public interest in understanding

20   the proceedings arises and must be balanced against the interests

21   of the parties in avoiding the disclosure of embarrassing

22   information, libel, infringement of trade secrets and the like.

23   Phillips v. General Motors, 307 F.3d 1206, 1212 (9th Cir. 2002).

24   If a court finds specific harm will result from public disclosure

25   of information, then it balances the public and private interests

26   to decide whether a protective order is necessary.  Phillips, 307

2

1    F.3d at 1211; Glenmede Trust Co. v. Thompson, 56 F.3d 476, 483

2    (3d Cir. 1995).

3        When parties rely upon and file documents to support a

4    dispositive motion requiring a decision on the merits of a

5    pending dispute, the public interest in access to court records

6    grows stronger, see Foltz v. State Farm Mutual Automobile

7    Insurance Company, 331 F.3d 1122, 1135 (9th Cir. 2002) (citing

8    Rushford v. The New Yorker Magazine, 846 F.2d 249, 252 (4th Cir.

9    1988)), and is at its zenith in the context of civil trial,

10    Hagestad, 49 F.3d 1424.

11        Significant matters of public interest are presented by

12    this case, even at the discovery phase.  The cost of public

13    education and the University's discretion in spending public

14    funds are currently matters of substantial political debate and

15    scrutiny.  These parties ask the court merely to accede to

16    plaintiff's request her psychological records remain private

17    notwithstanding that plaintiff seeks monetary damages for

18    "emotional distress, lost self-esteem and confidence [and]

19    humiliation" based on her claim the University of California at

20    Davis violated her civil rights by terminating the women's

21    wrestling program and its attendant benefits including academic

22    tutoring and laundry services.  The public's interest in the

23    University's proper use or misuse of public funds is extremely

24    high and outweighs the plaintiff's privacy interests in this

25    action which she and others initiated.

26    ////

1    Accordingly, the request for protective order is denied.

2    So ordered.

3    Dated:  January 4, 2006.

4                                    /s/ Peter A. Nowinski
                                    PETER A. NOWINSKI
5                                    Magistrate Judge

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26