UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

AREZOU MANSOURIAN, LAUREN MANCUSO,
NANCY NIEN-LI CHIANG, and
CHRISTINE WING-SI NG, et al.,           CIV S-03-2591 FCD PAN

    Plaintiffs,

      v.                                    ORDER

BOARD OF REGENTS OF THE UNIVERSITY
OF CALIFORNIA AT DAVIS, et al.,

    Defendants.

-o0o-

Defendants move to compel compliance with subpoenas served October 2005 upon Sutter Davis Hospital and the U.C. Davis Student Health Center for the psychological records of plaintiff Nancy Nien-li Chiang from August 1, 1998 to present. Plaintiff opposes the motion. The February 15, 2006, hearing on this matter is vacated and the court issues this order.

Plaintiffs filed their complaint December 18, 2003,

alleging discrimination based on defendants' 2001 termination of the women's wrestling program at U.C. Davis.  Ms. Chiang was a student enrolled at U.C. Davis and a wrestler on the women's team when it was terminated.  The complaint seeks, inter alia, "monetary damages for . . . emotional distress, lost self-esteem and confidence, humiliation, and other compensatory damages that result from being denied equal opportunity on the basis of sex."  Complaint, at pp. 54-55.

Plaintiff seeks to withhold her psychological records due to the potential embarrassment of disclosing information about an "unrelated" mental health disorder.  She argues this information is irrelevant to her emotional distress claim because she will refrain in this litigation from attributing any relationship between the two, will stipulate to only "garden variety" distress in this action, and will refrain from relying on her own records or calling her own psychological experts.  These measures do not, however, extinguish the clear relevance of plaintiff's comprehensive psychological records to her emotional distress claim and to defendants' right to prepare a defense.  Fed. R. Civ. P. 26(b)(1) ("[p]arties may obtain discovery regarding any matter, not privileged, that is relevant to the claim or defense of any party"); Fitzgerald v. Cassil, 216 F.R.D. 632, 634 (N.D. Cal. 2003) ("[t]he psychological records are relevant in determining causation for . . . or the magnitude of the alleged distress").

However, plaintiff maintains, and this court finds, that

1  plaintiff's psychological records are protected by the
2  psychotherapist-patient privilege.  <u>Jaffee v. Redmond</u>, 518 U.S. 1
3  (1996).  The consequence of plaintiff's resistance to any waiver
4  of this privilege–this is the third time this court has addressed
5  Ms. Chiang's efforts to withhold her psychological records–is
6  that Ms. Chiang's emotional distress claim be stricken from the
7  complaint and she be precluded from pursuing or recovering any
8  damages attributable to injury to her psychological or emotional
9  state.  Defendants may, within ten days of service of this order,
10 move to strike any other of Ms. Chiang's claims to which the
11 evidence barred by assertion of her privilege may be relevant,
12 e.g., fitness for participation in the program.  The subpoenas
13 are quashed.

    So ordered.

    Dated:  February 8, 2006.

                            /s/ Peter A. Nowinski
                            PETER A. NOWINSKI
                            Magistrate Judge