UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

----oo0oo----

AREZOU MANSOURIAN; LAUREN
MANCUSO; NANCY NIEN-LI
CHIANG; CHRISTINE WING-SI NG;
and all those similarly
situated,

        Plaintiffs,

  v.

BOARD OF REGENTS OF THE
UNIVERSITY OF CALIFORNIA
at DAVIS; LAWRENCE "LARRY"
VANDERHOEF; GREG WARZECKA;
PAM GILL-FISHER; ROBERT
FRANKS; and LAWRENCE SWANSON,

        Defendants.

NO. CIV. S-03-2591 FCD EFB

MEMORANDUM AND ORDER

----oo0oo----

This matter is before the court on plaintiffs' motions to modify the pretrial scheduling order, pursuant to Federal Rule of Civil Procedure 16(b),[1] and to amend their complaint pursuant to

---

[1] Plaintiffs failed to address Rule 16's good cause requirement in their moving papers. Although they addressed this standard in their reply, plaintiffs assert that the 2nd Amended Pretrial Scheduling Order ("PSO") does not require compliance with Rule 16. Plaintiffs are mistaken. The prior Pretrial Scheduling Order in this case provided that "[N]o further joinder of parties or amendments to pleadings is permitted without leave

1

Rule 15 to add new plaintiffs and allegations. Defendants oppose the motion. For the reasons set forth below,[2] plaintiffs' motion is DENIED.

## BACKGROUND

This action was filed on December 18, 2003, alleging that defendants violated Title IX of the Education Amendment of 1972, 20 U.S.C. 1681 et seq., the Equal Protection Clause of the Fourteenth Amendment, and various state statutes "by eliminating female athletic participation and scholarship opportunities in wrestling" and that "[d]efendants continue to violate these civil rights by refusing to reinstate the women's wrestling program and by failing to provide equitable athletic participation and scholarship opportunities for women." (Pls.' Compl., filed Dec. 18, 2003, at 2). Two of the plaintiffs, Arezou Mansourian and Lauren Mancuso, brought the action on behalf of themselves and "as class representatives on behalf of all those similarly situated, including all present and future female students at UC-Davis who are denied equal athletic participation opportunities

---

of court, good cause having been shown." (Docket #28 (citing Fed. R. Civ. P. 16 (b); <u>Johnson v. Mammoth Recreations, Inc.</u>, 975 F.2d 604 (9th Cir. 1992)). The 2nd Amended PSO notes plaintiff's request for leave to amend and defendant's objection to that request. The court set out a briefing schedule for plaintiffs "to bring the *appropriate* motions," noting explicitly that "Plaintiffs' Motion to Amend the Complaint and/or *Motion to Amend the Pretrial Scheduling Order*" was to be submitted on or before February 2, 2007. (Docket #156) (emphasis added). However, the court will consider the arguments relating to Rule 16 set forth in plaintiffs' reply.

[2] Because oral argument will not be of material assistance, the court orders this matter submitted on the briefs. E.D. Cal. L.R. 78-230(h).

2

1 and scholarships, especially in wrestling, by Defendants'
2 discriminatory actions." (Id. at 3).
3    The litigation in this case, albeit extended, has been
4 thorough.  In March 2004, defendants filed a motion to dismiss,
5 which was denied.  (See Mem. & Order, Docket #25, filed May 6,
6 2004).  In December 2005, plaintiffs filed a motion to certify
7 the class and noticed the matter for hearing in February 2006.
8 (See Docket #62-70).  Between December 2005 and April 2006, the
9 docket reflects that the parties engaged in discovery, and
10 various discovery disputes were filed before the magistrate
11 judge.  Subsequently, plaintiffs amended their notice of hearing
12 for the class certification motion to change the hearing date to
13 April 21, 2006.  (2d Amended Notice of Hearing, Docket #93, filed
14 Feb. 21, 2006).  On April 4, 2004, defendants filed a lengthy
15 opposition to plaintiffs' motion for class certification,
16 accompanied by voluminous attachments, exhibits, and objections.
17 (See Docket # 103-07, 121).  Further, the docket reflects that
18 defendants were preparing to file a motion for summary judgment.[3]
19 (See Docket # 97-102; 108-110 (relating to defendants' ex parte
20 motion to extend page limits for motions for summary judgment)).
21    Unfortunately, throughout the course of this litigation,
22 both defendants' and plaintiffs' counsel have suffered illnesses.
23 In October 2005, both parties stipulated to an extension of
24 deadlines due to defendants' lead counsel's diagnosis with breast
25 cancer, which would make her unavailable to travel to depositions
26 over the following two months.  (Stipulation, Docket #57, filed

---

28 [3] At this stage in the litigation, the dispositive motion deadline was August 4, 2006.

3

Oct. 28, 2005). On April 14, 2006, one week before plaintiffs' motion for class certification was to be heard by the court, plaintiffs' counsel filed an ex parte motion to stay and extend scheduling based upon plaintiffs' counsel's serious health issues. (Ex Parte Mot. to Stay, Docket #117, filed Apr. 14, 2006). Defendants opposed the motion. The court granted plaintiffs' motion and set a status conference for June 16, 2006. (Order, Docket #125, filed Apr. 18, 2006). On June 6, 2006, the parties stipulated to extend the stay and related scheduling matters. (Stipulation to Extend Stay and Related Scheduling Matters, Docket #130, filed June 6, 2006). On July 21, 2006, plaintiffs moved to extend the stay in order to find new counsel because of plaintiffs' counsel's serious medical condition. (Motion to Extend, Docket #134, filed July 21, 2006). The court granted the extension, directed plaintiffs' counsel to file either a motion to withdraw or substitution of counsel by August 18, 2006, and set a status conference for September 8, 2006. (Order, Docket # 137, filed July 24, 2006). On August 18, 2006, Monique Oliver filed a notice of appearance on behalf of plaintiffs. (Docket # 140, filed Aug. 18, 2006). On August 23, 2006, and October 19, 2006, the parties stipulated to extend the stay, based upon the appearance of new counsel in this matter. (Docket #141, 147).

   Finally, on January 19, 2007, the parties submitted a joint status report. (Docket # 154). The parties raised issues relating to plaintiffs' desire to amend the complaint, further discovery, and scheduling. On January 24, 2006, the court issued a 2nd Amended Pretrial Scheduling Order, setting forth the

4

schedule by which the parties were to file the current motions. (2d Am. Pretrial Scheduling Order, Docket # 156, filed Jan. 24, 2006).

**STANDARD**

Once the court has entered a pretrial scheduling order pursuant to Rule 16, the standards of Rule 16 rather than Rule 15 govern amendment of the pleadings. See Johnson v. Mammoth Recreations, Inc., 975 F.2d 604, 607-08 (9th Cir. 1992); Eckert Cold Storage, Inc. v. Behl, 943 F. Supp. 1230, 1232-33 (E.D. Cal. 1996).[4] Orders entered before the final pretrial conference may be modified only "upon a showing of good cause." Fed. R. Civ. P. 16(b).

The good cause requirement of Rule 16 primarily considers the diligence of the party seeking the amendment. The pretrial scheduling order can only be modified "if it cannot reasonably be met despite the diligence of the party seeking the extension." Mammoth Recreations, 975 F.2d at 609. When evaluating whether a party was diligent, the Ninth Circuit has determined that "the focus of the inquiry is upon the moving party's reasons for modification. If that party was not diligent, the inquiry should end." Id. at 610; see also Gestetner, 108 F.R.D. at 141.

---

[4] To rely solely on Rule 15 after a pretrial scheduling order has been entered would "render scheduling orders meaningless and effectively would read Rule 16(b) and its good cause requirement out of the Federal Rules of Civil Procedure." Sosa v. Airprint Sys., Inc., 133 F.3d 1417, 1419 (11th Cir. 1998); see also Mammoth Recreations, 975 F.2d at 610 (adopting Rule 15's standards for amending the complaint would "undermine the court's ability to control its docket, disrupt the agreed-upon course of the litigation, and reward the indolent and the cavalier"); Eckert Cold Storage, 943 F. Supp. at 1232 n.3.

5

When the proposed modification is an amendment to the pleadings, the moving party may establish good cause by showing "(1) that [he or she] was diligent in assisting the court in creating a workable Rule 16 order; (2) that [his or her] noncompliance with a rule 16 deadline occurred or will occur, notwithstanding [his or her] diligent efforts to comply, because of the development of matters which could not have been reasonably foreseen or anticipated at the time of the Rule 16 scheduling conference; and (3) that [he or she] was diligent in seeking amendment of the Rule 16 order, once it became apparent that [he or she] could not comply with the order." Jackson v. Laureate, Inc., 186 F.R.D. 605, 608 (E.D. Cal. 1999)(citations omitted).

Only after the moving party has demonstrated diligence under Rule 16 does the court apply the standard under Rule 15 to determine whether the amendment was proper. See Mammoth Recreations, 975 F.2d at 608; Eckert Cold Storage, 943 F. Supp. at 1232 n.3. Pursuant to Rule 15(a), "leave [to amend] is to be freely given when justice so requires." "[L]eave to amend should be granted unless amendment would cause prejudice to the opposing party, is sought in bad faith, is futile, or creates undue delay." Martinez v. Newport Beach, 125 F.3d 777, 785 (9th Cir. 1997).

**ANALYSIS**

Plaintiffs seek to add new plaintiffs, who will also be class representatives, and related allegations. Plaintiffs assert that the three new plaintiffs and related allegations "more fully reflect the experiences of current women student

6

1  athletes at UC Davis" and will "clarify certain allegations in
2  light of the scope of the relief sought, and the continuing
3  nature of the alleged violations." (Pls.' Mot. to Amend, filed
4  Feb. 2, 2007, at 1 ("Mot. to Amend")).  The proposed plaintiffs
5  are current UC Davis students, who are interested in varsity
6  opportunities in wrestling, rugby, and field hockey.  (Pl.'s
7  Proposed 1st. Am. Complaint, filed Feb. 2, 2007, ¶¶ 13-15; 62-
8  69).  Defendants oppose the motion on the grounds that plaintiffs
9  have failed to meet their burden of demonstrating good cause
10 under Rule 16 and that leave to amend should not be granted under
11 Rule 15.  (Defs.' Opp'n to Pls.' Mot., filed Feb. 23, 2007
12 ("Opp'n").

13     Defendants argue that plaintiffs fail to demonstrate the
14 requisite diligence under Rule 16 to add new plaintiffs who are
15 current UC Davis students because plaintiffs and their counsel
16 were on notice of facts giving rise to their current motion for
17 leave to amend long before their motion was filed.  Plaintiffs
18 contend that the last remaining active student at UC Davis,
19 Lauren Mancuso, graduated in June 2006, during the ten-month stay
20 of this action, and therefore, "it is now proper to add
21 additional plaintiffs." (Pls.' Reply, filed Mar. 2, 2007, at 6).
22 As an initial matter, plaintiffs and their counsel were on notice
23 since 2004 that Arezou Mansourian, one of the two proposed class
24 representatives, graduated from UC Davis in June 2004 and that
25 Lauren Mancuso was the only proposed class representative that
26 currently attended UC Davis.  Mancuso testified in her deposition
27 on January 30, 2006, that she filed to graduate from UC Davis in
28 late September or early October 2005.  (Dep. of Lauren Mancuso,

7

1  Ex. 10 to Decl. of Nancy Sheehan in Supp. of Opp'n to Pls.' Mot.
2  to Amend ("Sheehan Decl."), filed Feb. 23, 2007, at 48:15-21).
3  Plaintiffs filed their original motion for class certification in
4  December 2005, after Mancuso had filed to graduate.  Soon after
5  her deposition was taken, however, Mancuso was informed that she
6  needed another two classes in order to graduate, which she
7  enrolled in and successfully completed in order to graduate in
8  June 2006.  (Decl. of Lauren Mancuso in Supp. of Pls.' Mot. to
9  Amend, filed March 2, 2007, ¶ 2).  As such, plaintiffs were on
10 notice (1) that Mancuso had filed to graduate in 2005; and (2)
11 that in early 2006, she had to take two more classes, which she
12 enrolled in Spring 2006.  Therefore, months prior to the issuance
13 of the stay in April 2006, plaintiffs knew that Mancuso either
14 had graduated or would shortly be graduating from UC Davis, and
15 that none of the class representatives would be current UC Davis
16 students.

17      Plaintiffs' prior counsel could have brought a motion to
18 amend the complaint to add new plaintiffs who were current UC
19 David students.  However, she did not do so.  Rather, plaintiffs
20 filed a motion to certify the class in December 2005 and noticed
21 a hearing date in April 2006.  Defendants filed a lengthy
22 opposition to plaintiffs' motion, arguing in part that Mansourian
23 and Mancuso do not have standing to be class representatives
24 because they had both graduated and exhausted their eligibility
25 to participate in varsity sports at UC Davis under N.C.A.A.
26 rules.  Now, plaintiffs' new counsel seeks a "second bite at the
27 apple," by proposing new class plaintiffs who are current
28 students at UC Davis.  However, the retention of new counsel does

8

not constitute good cause to amend the pretrial scheduling order and add new party plaintiffs. The party's *diligence* in seeking the amendment must be demonstrated. Johnson, 975 F.2d at 609 ("If [the] party was not diligent, the inquiry should end."). Because plaintiffs and plaintiffs' counsel was on notice of the graduation status of the proposed class representatives well before the stay of this action, plaintiffs have failed to demonstrate diligence in bringing this motion to amend.

In regards to plaintiffs additional allegations relating to field hockey and rugby, defendants contend that plaintiffs knew as early as April 2004 that women's sport club teams, such as the rugby and field hockey club teams, requested elevation to varsity status. (Sheehan Decl. ¶ 3) (stating that document requests pertaining to requests from women's sport club teams to be elevated to varsity status were disclosed in April 2004 in defendants' initial Rule 26 disclosures). At that time, two years prior to the stay in this action, plaintiffs had notice that the named plaintiffs in this action only alleged that they participated or wished to participate in a varsity wrestling program. Plaintiffs could have moved to amend the complaint to add proposed class representatives who participated in other sport club teams at UC Davis. However, plaintiffs failed to do so.[5] Now, almost three years later, plaintiffs' new counsel seeks to add new class plaintiffs and new allegations relating to

---

[5] Rather, plaintiffs filed their motion for class certification in December 2005. In their opposition to the motion, defendants asserted that plaintiffs were not adequate class representatives of a class consisting of all female student-athletes because their interests focused on wrestling.

9

1 rugby and field hockey "in light of the scope of the relief
2 sought." (Pls.' Mot. to Amend at 1).  However, because
3 plaintiffs' delayed in bringing a motion to amend after they
4 learned of the underlying facts which are the basis of this
5 motion, plaintiffs fail to demonstrate good cause under Rule 16.

6     Further, even if plaintiffs had demonstrated good cause, the
7 proposed amendments to the complaint would be prejudicial to
8 defendants.[6]  See Fed. R. Civ. Proc. 15; Martinez, 125 F.3d at
9 785 (9th Cir. 1997) ("[L]eave to amend should be granted unless
10 amendment would cause prejudice to the opposing party, is sought
11 in bad faith, is futile, or creates undue delay.").  Prior to the
12 stay, this case was vigorously litigated by the parties.
13 Defendants' counsel has submitted evidence that, based upon the
14 allegations in the complaint and the facts relative to the
15 proposed class representatives, the majority of discovery in this
16 case has related to the participation of women in the wrestling
17 program at UC Davis.  (See Sheehan Decl. ¶ 6).  Defendants also
18 present evidence that significant resources have been expended in
19 drafting dispositive motions based upon the allegations in the
20 complaint.  (Sheehan Decl. ¶ 7).  Plaintiffs' amendments would
21 require defendants to expend these resources again, after
22 defendants already vigorously litigated this case for over two

---

[6] For the reasons set forth above in the court's discussion of plaintiffs' diligence in bringing a motion to amend, plaintiffs' delay also raises concerns regarding undue delay.  See Kaplan v. Rose, 49 F.3d 1363, 1370 (9th Cir. 1994) (holding that the district court did not abuse in denying leave to amend where the "new" facts and theories had been known to the party seeking amendment since the inception of the litigation).

10

1  years.  See Kaplan, 49 F.3d at 1370 ("Expense, delay, and wear
2  and tear on individuals and companies count toward prejudice.").
3       Plaintiffs contend that due to an extended discovery
4  deadline, defendants have "ample opportunity to conduct discovery
5  with respect to these new plaintiffs and to litigate any issues
6  arising from these amendments." (Pls.' Reply at 8-9).  However,
7  this "opportunity" does not lessen the prejudice to defendants as
8  to the resources they have already devoted to this litigation
9  since its inception and up to the point, three years later, when
10 plaintiffs seek to amend the complaint.  Plaintiffs contend that
11 the new plaintiffs and allegations do not change the scope of the
12 litigation, and thus, the prejudice is not substantial.  The
13 court disagrees.  While plaintiffs may have sought to bring
14 challenges on behalf of all women athletes at UC Davis, the
15 plaintiffs only alleged that they had experience and sought
16 opportunities in wrestling.  The factual allegations in the
17 original complaint related only to the opportunities available
18 for women to participate in the UC Davis varsity wrestling
19 program and plaintiffs' inability to receive the benefits of
20 being a varsity wrestler.  Further, in the class action
21 allegations, plaintiffs alleged that "Class Plaintiffs seek to
22 represent the class of all present and future female students at
23 UC Davis who are denied equal athletic participation
24 opportunities and scholarships *in women's wrestling* by
25 Defendants' discriminatory actions." (Compl. ¶ 108).
26 Plaintiffs' original requested relief also focused on increasing
27 wrestling opportunities for women athletes at UC Davis.  Now
28 plaintiffs seek to add more claims relating to rugby and field

11

1 | hockey.  Contrary to plaintiffs' contentions, these amendments
2 | would substantially broaden the scope of litigation in this
3 | matter.
4 |     Finally, the court is not unaware that the proposed
5 | amendments to plaintiffs' complaint specifically address
6 | arguments raised by defendants' in their opposition to
7 | plaintiffs' previously filed motion for class certification.
8 | While the court is sympathetic to the situation of plaintiffs'
9 | prior counsel, these circumstances and the appointment of new
10 | counsel does not justify giving plaintiffs a "second bite at the
11 | apple" with the benefit of defendants' previous filings.
12 |     Therefore, because plaintiffs have not demonstrated good
13 | cause to modify the pretrial scheduling order to allow amendments
14 | to the complaint, and because the proposed amendments would be
15 | prejudicial to defendants, plaintiffs' motion to amend the
16 | complaint is DENIED.
17 |     IT IS SO ORDERED.
18 | DATED: March 20, 2007

_____
FRANK C. DAMRELL, JR.
UNITED STATES DISTRICT JUDGE

12