James C. Sturdevant, State Bar No. 94551
(jsturdevant@sturdevantlaw.com)
Mark T. Johnson, State Bar No. 76904
(mjohnson@sturdevantlaw.com)
Monique Olivier, State Bar No. 190385
(moliver@sturdevantlaw.com)
THE STURDEVANT LAW FIRM
A Professional Corporation
475 Sansome Street, Suite 1750
San Francisco, CA 94111
Telephone: (415) 477-2410
Facsimile: (415) 477-2420

Debra Smith, State Bar No. 147863
(dsmith@equalrights.org)
Noreen Farrell, State Bar No. 191600
(nfarrell@equalrights.org)
EQUAL RIGHTS ADVOCATES
1663 Mission Street, Suite 250
San Francisco, CA 94103
Telephone: (415) 621-0672
Facsimile: (415) 621-6744

Kristen Galles, State Bar No. 148740
(kgalles@abanet.org)
EQUITY LEGAL
10 Rosecrest Avenue
Alexandria, VA 22301
Telephone: (703) 683-4491

Attorneys for Plaintiffs

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF CALIFORNIA**
**[Sacramento Division]**

AREZOU MANSOURIAN; LAUREN MANCUSO; NANCY NIEN-LI CHIANG; CHRISTINE WING-SI NG; and all those similarly situated,

Plaintiff,

vs.

BOARD OF REGENTS OF THE UNIVERSITY OF CALIFORNIA AT DAVIS; LAWRENCE “LARRY” VANDERHOEF; GREG WARZECKA; PAM GILL-FISHER; ROBERT FRANKS; and LAWRENCE SWANSON,

Defendant

CASE NO. S-03-2591 FCD EFB

**CLASS ACTION**

**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF PLAINTIFF’S APPLICATION FOR COURT APPROVAL OF VOLUNTARY DISMISSAL OF CLASS CLAIMS AND A DETERMINATION THAT NOTICE TO THE CLASS IS NOT REQUIRED**

**Date:** **June 8, 2007**
**Time:** **10:00 a.m.**
**Courtroom:** **2**

Complaint filed: December 18, 2003
Trial Date: June 17, 2008

## TABLE OF CONTENTS


I. INTRODUCTION ........................................ 1

II. FACTUAL BACKGROUND AND PROCEDURAL HISTORY ........................................ 3

III. ARGUMENT ........................................ 4

A. Subject to Court Approval, a Class Action or Class Claims in an Action May Be Dismissed Prior to Certification Where There Is No Prejudice to Class Members. ........................................ 4

B. Court Approval of the Dismissal of the Class Claims in this Case Is Appropriate Because the Rights and Interests of the Putative Class Will Not Be Prejudiced in Any Way And, in Fact, Will Be More Effectively Advanced in a Separate Action. ........................................ 6

C. Notice to the Class Is Not Required and Should Not Be Ordered as a Condition of Approving Dismissal of the Class Claims. ........................................ 7

IV. CONCLUSION ........................................ 10

## TABLE OF AUTHORITIES

*Austin v. Pa. Department of Corrections*,
876 F. Supp. 1437 (E.D. Pa.1995) ........ 9

*Baker v. America's Mortgage Servicing, Inc.*,
58 F.3d 321 (7th Cir. 1995) ........ 4

*County of Riverside v. McLaughlin*,
500 U.S. 44 (1991) ........ 3

*Diaz v. Trust Territory of Pac. Islands*,
876 F.2d 1401 (9th Cir. 1989) ........ 4, 5, 7, 8

*George W. v. U.S. Department of Education*,
149 F. Supp. 2d 1195 (E.D. Cal. 2000) ........ 7

*Kahan v. Rosenstiel*,
424 F.2d 161 (3d Cir. 1970) ........ 5

*Larkin General Hospital, Ltd. v. America Telegraph & Telegraph Co.*,
93 F.R.D. 497 (E.D. Pa. 1982) ........ 5

*Preferred MSO of America-Austin LLC v. QuadraMed Corp.*,
85 F. Supp. 2d 974 (C.D. Cal. 1999) ........ 9

*Pressman v. America President Companies, Ltd.*,
No. C94 1449 CAL, 1995 WL 705148 (N.D. Cal. Nov. 20, 1995) ........ 9

*Sheinberg v. Fluor Corp.*,
91 F.R.D. 74 (S.D.N.Y. 1981) ........ 8

*Shelton v. Pargo, Inc.*,
582 F.2d 1298 (4th Cir. 1978) ........ 5

*Shinsato ex rel. Shinsato v. Abbott Laboratories*,
No. C-02-1015 MMC, 2003 WL 22114265 (N.D. Cal. Sep. 5, 2003) ........ 8

*Yaffe v. Detroit Steel Corp.*,
50 F.R.D. 481 (N.D. Ill. 1970) ........ 5

### RULES

Fed. R. Civ. P. 23(e)(1)(A) ........ 5

### OTHER AUTHORITIES

3 Conte & Newberg, Newberg on Class Actions § 8:18 (4th ed. 2002) ........ 5

4 Conte & Newberg, Newberg on Class Actions § 11.66 (4th ed. 2002) ........ 9

## I. INTRODUCTION

Pursuant to Federal Rules of Civil Procedure, rule 23(e), plaintiffs Arezou Mansourian and Lauren Mancuso hereby seek an Order approving the dismissal of their class claims in this action, by which they originally sought injunctive relief on behalf of persons similarly situated. Subject to such approval, plaintiffs Mansourian and Mancuso, along with plaintiff Christine Wing-Si Ng, intend to pursue this action in their individual capacities only.[1] Plaintiffs further seek an Order that notice to class members is not required as a condition of the dismissal of the class claims, based upon the fact that the proposed class has not yet been certified and based upon a finding that no class member will be bound by or prejudiced by the dismissal of the class claims.

Plaintiffs filed this proposed class action in December of 2003, seeking injunctive relief for the University of California, Davis' ("UC Davis") ongoing violations of federal and state civil rights laws. Specifically, plaintiffs have alleged violations of Title IX of the Education Amendments of 1972 (20 U.S.C. § 1621 *et seq*.), the Equal Protection Clause of the Fourteenth Amendment to the United States Constitution (as enforced through 42 U.S.C. § 1983), and various state statutes based upon defendants' failure to provide women students at UC Davis with an equal opportunity to participate in varsity athletics and to receive varsity athletic scholarships. In addition to classwide injunctive relief, plaintiffs seek damages on behalf of the individual named plaintiffs arising from defendants' termination of their participation in varsity wrestling at UC Davis.

This motion is prompted by a series of events leading to the conclusion that it is now in the best interest of the class and of plaintiffs that this action be prosecuted as an individual action for damages on behalf of the named plaintiffs only, rather than as a class action with plaintiffs Mansourian and Mancuso as class representatives. First, as the result of unavoidable delays in the prosecution of this action due to the serious illness of counsel and the eventual substitution of plaintiffs' counsel, more than three years have elapsed since the filing of this action. In the interim, plaintiffs Mansourian and Mancuso both

---

[1] Plaintiffs Nancy Nien-Li Chiang and Christine Wing-Si Ng filed this action in their individual capacities only. Plaintiff Chiang's claims were dismissed in their entirety by stipulation of the parties on March 29, 2007.

graduated from UC Davis and are no longer eligible to participate in varsity sports at UC Davis even if their sport, women's wrestling, were reinstated. Although plaintiffs sought classwide injunctive relief beyond the reinstatement of varsity women's wrestling, defendant Regents has challenged plaintiffs' standing to seek any injunctive relief, as well as their capacity to represent the proposed class, on the basis that they are no longer UC Davis students.

Second, in order to strengthen the class allegations, clarify the scope of the class claims and address defendants' arguments concerning the standing of plaintiffs Mansourian and Mancuso to seek injunctive relief on behalf of the proposed class, plaintiffs sought leave from this Court to file a First Amended Complaint. Among other things, the First Amended Complaint would have added three additional plaintiffs and proposed class representatives, Laura Ludwig, Jessica Bulala, and Kelsey Brust, each of whom are currently enrolled students at UC Davis. On March 20, 2007, this Court denied plaintiffs' motion for leave to file the proposed amended complaint.

Third, following the Court's denial of leave to amend the complaint to add proposed plaintiffs Ludwig, Bulala, and Brust, those individuals have decided to file their own action on behalf of currently enrolled women at UC Davis based upon the Regents continuing failure to provide equal athletic opportunities for women at UC Davis, in violation of Title IX.

The combination of these events justify the dismissal of the class claims in this case and the continued prosecution of the case by plaintiffs in their individual capacities for damages. Since voluntary dismissal of the class claims is sought prior to certification, no members of the proposed class will be bound by the dismissal of the class claims. Moreover, no proposed class member will be prejudiced by the dismissal of the action. The individuals who sought to enter this case in plaintiffs' motion to amend now intend to file their own action for relief against the Regents. Plaintiffs' class claims in this case never sought damages on behalf of the members of the class, limiting class relief on all claims to equitable relief in the form of an injunction and declaratory relief. Any members of the proposed class will either be in the position of the current plaintiffs, having graduated from UC Davis

and no longer having a personal stake in injunctive relief, or, if they are still students, will be represented as class members in the new action.[2]

For these same reasons, there is no reason to require notice to proposed class members of the dismissal of the class claims in this action. No proposed class member will have relied to her detriment on the existence of this action as a class action. Nor will any class member have any basis to object to the dismissal of the class claims in this action and the pursuit of those claims in a separate action involving current students as class representatives. Accordingly, plaintiffs request that this Court approve the dismissal of the class claims from this action without requiring notice to the class.

## II. FACTUAL BACKGROUND AND PROCEDURAL HISTORY

Plaintiffs filed their Complaint on December 18, 2003. (Docket # 1.) Defendants filed a motion to dismiss the case under Rule 12(b)(6) of the Federal Rules of Civil Procedure on March 5, 2004 (Docket # 13-15), which this Court denied on May 6, 2004 (Docket # 18-21, 25).

Plaintiffs filed their motion for class certification on December 7, 2005 to be heard on February 24, 2006. (Docket # 62-70.) The hearing was continued to April 21, 2006. (Docket # 82 & 93.) Defendants filed their opposition to plaintiffs' motion for class certification on April 4, 2006. (Docket # 103-107.) Thereafter, the hearing on class certification was set for April 27, 2007, with supplemental briefing to be filed prior to the hearing. (Docket # 156.) By stipulation of the parties, approved by the Court, the hearing was further continued to May 25, 2007, the date on which it is now set. (Docket # 179.)

On April 18, 2006, for good cause shown, the Court granted a motion by plaintiffs for a stay of all deadlines and scheduling matters due to the serious health problems of plaintiffs' counsel, Kristen Galles of Equity Legal. (Docket # 125.) In order to allow sufficient time for Ms. Galles to find substitute or additional counsel, the Court vacated all deadlines and stayed the action until a status

[2] Although plaintiffs Mansourian and Mancuso, as recent graduates, no longer have a personal stake in the reinstatement of a wrestling team at UC Davis or other injunctive relief, they contend that they continue to have standing to represent the class for such relief under the doctrine of inherently transitory claims. *County of Riverside v. McLaughlin*, 500 U.S. 44, 52 (1991). Defendants contend otherwise, however. Given the desire of other women at UC Davis to pursue an action for classwide injunctive relief on behalf of current students, there is no reason to litigate the issue in this case.

conference on June 16, 2006. (*Id.*) In response to a Stipulation by the parties, and a subsequent motion by plaintiffs, the Court extended the stay until a status conference on September 8, 2006. (Docket # 137.)

Attorneys at The Sturdevant Law Firm and Equal Rights Advocates entered a Notice of Appearance as new lead counsel for plaintiffs on August 18, 2006. (Docket # 140.) Monique Olivier of The Sturdevant Law Firm and Noreen Farrell of Equal Rights Advocates immediately conferred with Nancy Sheehan, counsel for defendants, about pending scheduling matters. On August 23, 2006, the Court granted the parties' stipulation to extend the stay and continue the status conference to November 3, 2006. (Docket # 143.) On October 20, 2006, the Court granted the parties' further stipulation to extend the stay and continue the status conference to January 26, 2007. (Docket # 149.)

The parties submitted their Joint Status Report on January 19, 2007. (Docket # 154.) In this report, plaintiffs advised the Court of their desire to seek leave to amend the Complaint to add an additional plaintiff and proposed class representative, and to add related allegations. (*Id*. at 2:4-7.) On January 22, 2007, the Court vacated the status conference set for January 26, 2007 and stated it would issue a written order. (Docket # 155.) On January 24, 2007, the Court issued the 2nd Amended Status (Pretrial Scheduling) Order (Docket # 156), which granted plaintiffs' request to move for leave to amend the Complaint (*id.* at 1:27-2:9). Thereafter, the motion for leave to amend was filed and fully briefed by the parties. (Docket # 158-161, 164-169.) On March 20, 2007, this Court denied plaintiffs' motion for leave to file the proposed amended complaint. (Docket # 175.)

## III. ARGUMENT

### A. Subject to Court Approval, a Class Action or Class Claims in an Action May Be Dismissed Prior to Certification Where There Is No Prejudice to Class Members.

Rule 23(e)(1)(A) requires court approval of "any settlement, voluntary dismissal, or compromise of the claims, issues, or defenses of a certified class." Fed. R. Civ. P. 23(e)(1)(A). Although the rule, by its terms, appears to apply only to the dismissal or settlement of a certified class, the majority of circuits considering the issue, including the Ninth Circuit, have held that it applies to the pre-certification dismissal or settlement of any action which includes class allegations. *Diaz v. Trust Territory of Pac. Islands*, 876 F.2d 1401, 1408 (9th Cir. 1989); *Baker v. America's Mortgage Servicing, Inc.*, 58 F.3d 321,

324 (7th Cir. 1995) (citing *Glidden v. Chromalloy Am. Corp*., 808 F.2d 621, 626 (7th Cir. 1986)); *Kahan v. Rosenstiel*, 424 F.2d 161, 169 (3d Cir. 1970). *But see Shelton v. Pargo, Inc*., 582 F.2d 1298, 1303 (4th Cir. 1978) (taking the approach that a case with class allegations should not be considered a true class action until the class has been certified).

The purpose of the requirement under Rule 23(e) that court approval be obtained for the dismissal of class claims is "to discourage the use of the class action device by the individual representative plaintiff to secure an unjust private settlement and to protect the absent class members against the prejudice of discontinuance." 3 Conte & Newberg, Newberg on Class Actions § 8:18, p. 219 (4th ed. 2002); *see, e.g., Yaffe v. Detroit Steel Corp*., 50 F.R.D. 481, 482-83 (N.D. Ill. 1970) (denying a Rule 15(a) amendment as a matter of course where the amendment dismissing the class claims would have clearly subverted the purpose of Rule 23(a)). The concern arises almost exclusively in the context of a negotiated settlement or understanding between the parties, where the named plaintiff agrees to dismiss or severely compromise the class claims and, as a result, receives a more advantageous settlement than she otherwise might have obtained.

Notwithstanding the fact that Rule 23(e) applies to pre-certifications dismissals as well as efforts to dismiss or compromise the claims of a certified class, a court's "duty to inquire into a settlement or dismissal differs before and after certification. Before certification, the dismissal is not *res judicata* against the absent class members and the court does not need to perform the kind of substantive oversight required when reviewing a settlement binding upon the class." *Diaz*, 876 F.2d at 1408 (citation omitted); *see Larkin Gen. Hosp., Ltd. v. Am. Tel. & Tel. Co.*, 93 F.R.D. 497, 501 (E.D. Pa. 1982) (when a dismissal is early in the action and prior to the certification period, "the judicial inquiry under [Rule 23(e)] can be much more modest than it typically is after certification").

"In no pre-certification dismissal would the court reject the dismissal and require anything more than notice to the class and an opportunity to intervene." *Diaz*, 876 F.2d at 1408. This is the case because "any order entered in the uncertified case binds solely the individual plaintiff and not absentee class members." *Id.* at 1407 (citing *Shelton v. Pargo, Inc.*, 582 F.2d at 1303). Moreover, where, as here,

the proposed dismissal of class claims is unconnected to any settlement favoring the named plaintiffs, no abuse of the class action mechanism has occurred and the underlying purposes of Rule 23 are satisfied.

### B. Court Approval of the Dismissal of the Class Claims in this Case Is Appropriate Because the Rights and Interests of the Putative Class Will Not Be Prejudiced in Any Way And, in Fact, Will Be More Effectively Advanced in a Separate Action.

The proposed dismissal of the claims of the putative class in this action is unrelated to any pending or suggested settlement or compromise of the claims asserted. Instead, it is the logical response to plaintiffs' unsuccessful effort to amend the complaint to add new class representatives who are current UC Davis students. Rather than engage in extensive litigation in this action over the issue of their standing to pursue injunctive relief on behalf of the class and their ability, as non-students, to represent the interests of the proposed class, the named plaintiffs propose that the class claims be dismissed from this action and pursued in a related action by current UC Davis students. Thus, there can be no suggestion of collusion on the part of plaintiffs and defendants and no possibility that the named plaintiffs will benefit in any manner, at the expense of the class, by the dismissal of the class claims. Instead, plaintiffs Mansourian, Mancuso, and Ng will simply continue to pursue their claims in this action in their individual capacities, seeking individual damages only, while the class claims for injunctive relief are litigated in the related action.

Nor will there be any other prejudice to members of the putative class resulting from the dismissal of the class claims in this action. First, as discussed above, since no class has yet been certified in this case, the proposed class members are not bound by any decision of this court, including a decision approving the dismissal of the class claims in their entirety. Second, the only relief this action seeks on behalf of the class is injunctive relief based upon the alleged continuing violations by UC Davis of Title IX and other applicable laws. No damages claims have ever been asserted on behalf of the class. Accordingly, no argument can be made that dropping the class claims will result in the loss of damages for individual class members. Further, since the entitlement to injunctive relief is based upon the facts at the time such relief is sought, any class member's ability to file an action for injunctive relief is unaffected by the dismissal of the class claims for injunctive relief in this action.

Finally, any doubt that the interests of the class are being protected in connection with the voluntary dismissal of the class claims in this case is extinguished by the proximate filing of a related action on behalf of current UC Davis women students seeking injunctive relief based upon the same type of claims as asserted in this action. In this new action, several current women athletes at UC Davis, including those who would have become named plaintiffs and proposed class representatives in this action had plaintiffs' motion for leave to amend the complaint been granted, will assert claims on behalf of similarly situated individuals. As in this action, those claims are based upon the Regents' failure to provide women students at UC Davis with an equal opportunity to participate in varsity athletics and to receive varsity athletic scholarships. Just as in this case, the claims alleged in that case include violations of Title IX, the Equal Protection Clause of the Fourteenth Amendment to the United States Constitution (as enforced through 42 U.S.C. § 1983), and violations of state statutes and public policy. Thus, there is no possibility that class members whose claims plaintiffs are proposing to have dismissed will go unrepresented on those claims. To the contrary, their claims will be fully litigated in the new action, unencumbered by the issues raised in this case regarding the named plaintiffs' standing to seek the relief sought or their adequacy as class representatives.

The dismissal of the class claims in this case is fair and reasonable because it is without any benefit to the named plaintiffs, is sought prior to any certification of the class, will not prejudice the rights of absent potential class members, and will occur in the context of a new action being filed on behalf of current UC Davis women students seeking the same relief. For each of these reasons, approval of the dismissal of the class claims in this action should be granted.

**C. Notice to the Class Is Not Required and Should Not Be Ordered as a Condition of Approving Dismissal of the Class Claims.**

Although Rule 23(e) requires notice in all certified class actions, notice to the class is not necessarily required or appropriate in the case of a pre-certification dismissal. *Diaz,* 876 F.2d at 1408; *see George W. v. U.S. Dept. of Educ.*, 149 F. Supp. 2d 1195, 1202 (E.D. Cal. 2000) ("Notice serves no purpose when judgment is entered against a plaintiff before a class has been properly certified and

notified, for it is binding only on the named Plaintiff." (citing *Besinga v. United States*, 923 F.2d 133, 136 (9th Cir. 1991))).

Under *Diaz*, notice of pre-certification dismissal has three purposes. First, it protects a defendant by preventing a plaintiff from appending class allegations to extract a more favorable settlement. Second, it protects the class from objectionable relief or depletion of limited funds available to pay class claims. Third, notice protects the class from prejudice it would otherwise suffer if class members have refrained from filing suit because of knowledge of the pending class action. *Diaz*, 876 F.2d at 1409-10. Where "no one's rights are being cut off and no potential abuses are present," the Rule 23 notice requirement should not be enforced. *Sheinberg v. Fluor Corp*., 91 F.R.D 74, 75 (S.D.N.Y. 1981) (citations omitted).

Based on all of these factors, notice is not required in this case. Plaintiffs are asking the Court to dismiss the class claims without prejudice to those claims and without settlement of their individual claims. Plaintiffs are obtaining no benefit at all from dismissal of the class claims. There is, therefore, no risk that plaintiffs used class allegations to obtain a more favorable settlement or that the class claims are being dismissed in connection with a settlement that includes objectionable relief or depletion of limited funds.

The only remaining inquiry for the Court is whether potential class members have refrained from filing suit because of knowledge of the pending class action and will be prejudiced by relying on the existence of this action. *Diaz*, 876 F.2d at 1409. Since no damages claims were ever asserted in this case on behalf of the proposed class members, no putative class members could have relied upon the pendency of this action for the potential recovery of any damages claims they might have had. With respect to class wide injunctive relief, any female students at UC Davis who continue to be affected by the defendants' alleged unlawful conduct will benefit as absent class members in the class litigation filed by other current students. *See, e.g., Shinsato ex rel. Shinsato v. Abbott Laboratories*, No. C-02-1015 MMC, 2003 WL 22114265, *1 (N.D. Cal. Sep. 5, 2003) (pendency of other class actions seeking the same relief is a factor justifying the voluntary dismissal without notice to class members). Moreover, even if new class litigation on the same claims were not being pursued, such individuals would remain

free to bring their own action for injunctive relief as long as the alleged unlawful conduct persists. Finally, to the extent that putative class members in this action are no longer directly affected by the defendants' ongoing violations of law (*e.g.*, because they have graduated from or no longer attend UC Davis), they would not benefit from classwide injunctive relief in this case and are, therefore, unaffected by the dismissal of the class claims seeking such relief. The potential for prejudicial reliance on plaintiff's action by any putative class members, therefore, is virtually non-existent.

The conclusion that notice is not required here is consistent with a number of cases that have held that no notice is required when a voluntary dismissal of an action is without prejudice to absent class members and, therefore, consistent with the purpose of Rule 23(e). *See Preferred MSO of America-Austin LLC v. QuadraMed Corp.*, 85 F. Supp. 2d 974, 979-80 (C.D. Cal. 1999); *Pressman v. Am. President Companies, Ltd.*, No. C94 1449 CAL, 1995 WL 705148, *1 (N.D. Cal. Nov. 20, 1995); *Austin v. Pa. Dep't of Corr*., 876 F. Supp. 1437, 1455 (E.D. Pa.1995); *see also* 4 Conte & Newberg, Newberg on Class Actions § 11.66, p. 257 (4th ed. 2002) (the language of Rule 23(e) "is sufficiently flexible to permit the court to approve a dismissal or a compromise by the named plaintiff individually, but to determine that no class notice at all is required, when the dismissal or compromise will not result in any prejudice to the class"). Accordingly, this Court should approve plaintiffs' request that the class claims in this action be dismissed without requiring notice to putative class members.

///

///

///

///

///

///

///

///

///

///

## IV. CONCLUSION

For all of the reasons stated herein, plaintiffs respectfully request that the Court grant their motion to dismiss their class claims from this action, permitting them to pursue the action in their individual capacities only, seeking damages arising from defendants conduct. Plaintiffs also request that the Court approve the requested dismissal of class claims without requiring notice to members of the putative class.

DATED: April 26, 2007

THE STURDEVANT LAW FIRM
A Professional Corporation

By: /s/ Mark T. Johnson
MARK T. JOHNSON
Attorneys for Plaintiffs