1

2

3

4

5

6

7

8                          IN THE UNITED STATES DISTRICT COURT

9                        FOR THE EASTERN DISTRICT OF CALIFORNIA

10   AREZOU MANSOURIAN, LAUREN
     MANCUSO, NANCY NIEN-LI CHIANG,
11   and CHRISTINE WING-SI NG; and all
     those similarly situated,
12
                    Plaintiffs,                    No. CIV S-03-2591 FCD EFB
13
            vs.
14
     BOARD OF REGENTS OF THE                       ORDER
15   UNIVERSITY OF CALIFORNIA AT
     DAVIS, et al.,
16
                    Defendants.
17   _____/

18          This case was before the undersigned on November 14, 2007, for hearing on defendants'

19   motion for a protective order.  George Acero appeared as defense counsel and Whitney Huston

20   and Monique Olivier appeared as plaintiffs' counsel.  Having considered all submitted papers

21   and oral argument, and for the reasons stated at the hearing and as set forth below, defendants'

22   motion is denied.

23          This action is proceeding on the complaint filed on December 18, 2003.  Plaintiffs'

24   claims have been limited by the recent ruling of Judge Frank C. Damrell, Jr. on defendants'

25   motion for judgment on the pleadings.  The remaining claims involve plaintiffs' claims under

26   Title IX for ineffective accommodation and emotional distress.  Plaintiffs are former female

                                               1

students at the University of California, Davis, who participated in, or planned to participate in, the University's intercollegiate wrestling program.  However, actions by the University and its staff later limited wrestling opportunities for women, which gave rise to the present action.

After initiating this action, the parties determined that it was closely related to another action then pending against the University, i.e., *Burch v. Board of Regents of the Univ. of Davis*, Case No. 2:04-cv-0038 WBS GGH ("*Burch*").  Because counsel believed the factual and legal issues in both cases were very similar, they agreed to conduct parallel discovery in both actions. Although the cases were never formally designated as related under the Local Rules for purposes of assignment to the same judge, the court-endorsed stipulations by the parties effectively merged discovery in the two cases.  More specifically, the parties agreed that they could use documents produced in one case to prosecute or defend either case.  This stipulation was approved and entered as an order both by Judge Damrell in this case on October 12, 2004, and by Magistrate Judge Gregory G. Hollows in the *Burch* case on June 15, 2004.[1]

That stipulated, court-endorsed order provides that the parties

> believe that the factual and legal issues in *Mansourian v. Regents of the University of California, et al.*, (E.D. Cal. Case No. Civ. S-03-2591 FCD/PAN) and *Burch v. Regents of the University of California, et al.*, (E.D. Cal. Case No. Civ. S-04-038 WBS/GGH) overlap.  The parties also believe that the discovery in the two cases will overlap.  Accordingly,  . . . the parties, through their counsel hereby stipulate and agree that . . . the *parties may use documents produced in one case to prosecute or defend either case*, subject to the Federal Rules of Evidence.

*See* Stipulation and Order, Doc. no. 32 in *Burch*, (as endorsed by Judge Damrell) (emphasis added).

During the *Burch* case, defendants were ordered by Judge William B. Shubb to produce several documents that they argued were privileged.  Judge Shubb then granted in part defendants' motion to reconsider that order, and agreed to conduct an *in camera* review of the

---

[1] The order endorsed by Judge Damrell in this case was filed in the *Burch* case, and appears in the docket as document no. 32.

1   purportedly privileged documents.  Upon conducting that review and after considering the

2   briefing by both parties, Judge Shubb ultimately determined that the defendants had waived any

3   privileges as to those documents, and again ordered their production.  In making this

4   determination, he relied on the Ninth Circuit's holding in *Burlington Northern & Santa Fe Rwy.*

5   *Co. v. U.S. Dist. Court*, 408 F.3d 1142, 1149 (9th Cir. 2005), *cert. denied*, 546 U.S. 939 (2005),[2]

6   and concluded that defendants had waived all privileges given their long, six-month delay in

7   producing a privilege log.  Defendants' petition to the Ninth Circuit for relief from the order was

8   denied.  The defendants subsequently produced the documents, but did so pursuant to a

9   stipulated protective order governing the terms of production and use of the documents.  That

10  order specifically provided that the documents "shall be used only for the purpose of the

11  prosecution, defense, or settlement of this ("*Burch*") action and the related action for which

12  discovery is merged, *Mansourian v. Regents*, 03-2591 FCD PAN."  The language could hardly

13  be clearer in its contemplation that the documents shall be used in this action.

14          This brings us to the present dispute, where defendants now attempt to re-assert the same

15  privileges as to those very documents ultimately produced in *Burch*, and to withhold them from

16  use in this action.  In essence, defendants ask this court to reverse or disregard Judge Shubb's

17  order regarding waiver of the asserted privileges, and to vacate the subsequent protective order

18  reaffirming the parties' agreement that discovery documents in the other case may be used in this

19  case.  Defendants cite to a number of cases to support their argument that they may reclaim the

20  privilege based on the involuntary nature of the production.  In particular, defendants rely on

21  *Transamerica Computer Co. v. IBM Corp.*, 573 F.2d 646 (9th Cir. 1978).  The cases they rely on

22  address the accidental or inadvertent disclosure or production of privileged documents.  They

23

24          [2] In *Burlington Northern*, the Ninth Circuit set forth guidelines for determining waiver
    where the party asserting a privilege fails to timely produce a privilege log pursuant to Fed. R.
25  Civ. P. 26(b)(5).  *Burlington Northern*, 408 F.3d at 1149.  In that case, the Court found waiver
    where the withholding party was a sophisticated corporation that did not provide a privilege log
26  until five months after its initial responses to discovery requests were due.  *Id.*, at 1149-50.

1    have no application here.

2            In *Transamerica Computer* the Ninth Circuit reviewed the district court's order requiring

3    accelerated production of over 17 million documents, which resulted in the advertent disclosure

4    of privileged documents.  The Court wrote that "under the specific circumstances of the

5    accelerated discovery proceedings. . . , [the producing party's] inadvertent document . . . of some

6    privileged documents does not constitute a waiver . . . , for that production was made without

7    adequate opportunity to claim the privilege."  *Id.,* at 651.  The court's conclusion regarding

8    waiver was contingent upon the producing party's lack of an adequate opportunity to claim it.

9    *Id*., at 652.

10           Here, the documents were not accidentally released.  They were produced pursuant to a

11   court order after the defendants litigated and lost a disputed discovery motion seeking the

12   production of the documents.  Moreover, unlike the party in *Transamerica Computer*, defendants

13   here, in the context of the *Burch* case proceedings, had numerous opportunities to assert

14   privilege as to the contested documents.  Specifically, defendants had previously identified the

15   purportedly privileged documents but withheld them for months without producing a privilege

16   log.  They were ordered to produce them, but obtained reconsideration of that order.  When,

17   upon further review, production was again ordered defendants had the opportunity to appeal to

18   the Ninth Circuit.  Moreover, the district judge in *Burch* allowed defendants to produce the

19   documents pursuant to a protective order defendants themselves helped fashion, and which

20   explicitly contemplated use of the documents in this case.

21           Defendants' attempt to liken these circumstances to the inadvertent disclosure that

22   occurred in *Transamerica* is unavailing.  Defendants shall be bound by the terms of the

23   previously entered protective orders in this action and in the *Burch*.

24   ////

25   ////

26   ////

4

1    Accordingly, defendants' motion for a protective order deeming the documents unusable

2  in this litigation is denied.

3    SO ORDERED.

4  DATED:  November 19, 2007.

EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE

5