James C. Sturdevant, State Bar No. 94551
(jsturdevant@sturdevantlaw.com)
Mark T. Johnson, State Bar No. 76904
(mjohnson@sturdevantlaw.com)
Monique Olivier, State Bar No. 190385
(molivier@sturdevantlaw.com)
THE STURDEVANT LAW FIRM
A Professional Corporation
354 Pine Street, Fourth Floor
San Francisco, CA  94104
Telephone: (415) 477-2410
Facsimile: (415) 477-2420

Debra Smith, State Bar No. 147863
(dsmith@equalrights.org)
Noreen Farrell, State Bar No. 191600
(nfarrell@equalrights.org)
EQUAL RIGHTS ADVOCATES
1663 Mission Street, Suite 250
San Francisco, CA  94103
Telephone: (415) 621-0672
Facsimile: (415) 621-6744

Kristen Galles, State Bar No. 148740
(kgalles@comcast.net)
EQUITY LEGAL
10 Rosecrest Avenue
Alexandria, VA  22301
Telephone: (703) 683-4491

Attorneys for Plaintiffs

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF CALIFORNIA**
**[Sacramento Division]**

| | |
|---|---|
| AREZOU MANSOURIAN; LAUREN MANCUSO; CHRISTINE WING-SI NG; and all those similarly situated,<br><br>Plaintiff,<br><br>vs.<br><br>REGENTS OF THE UNIVERSITY OF CALIFORNIA,<br><br>Defendant | CASE NO. S-03-2591 FCD EFB<br><br>**STIPULATED PROTECTIVE ORDER REGARDING FINANCIAL INFORMATION OF PLAINTIFFS**<br><br>Complaint filed:   December 18, 2003<br>Judgment Date:    April 23, 2008 |

Plaintiffs AREZOU MANSOURIAN, LAUREN MANCUSO, and CHRISTINE WING-SI NG ("Plaintiffs"), and Defendant REGENTS OF THE UNIVERSITY OF CALIFORNIA ("Defendant") acknowledge and agree that Plaintiffs intend to file declarations in response to Defendant's Bill of Costs that contain financial information that is protected under the right to privacy as provided by state and federal law, including Article I, section 1 of the California Constitution.

Subject to and without waiving any objections to the discoverability of any information, the parties stipulate that access to and use of such declarations and the information contained therein shall be governed by the provisions of this Stipulated Protective Order, and that the terms of the Stipulated Protective Order set forth herein may be entered by the Court. This Stipulated Protective Order shall apply to copies, extracts, and summaries of designated documents. Accordingly, Plaintiffs and Defendant, by and through their respective counsel of record, hereby stipulate to the entry of the following Stipulated Protective Order regarding the disclosure of the above stated documents and the information contained therein.

1   This Stipulated Protective Order covers documents containing information designated by the any of the Plaintiffs as "Private Financial Information of Plaintiff," including but not limited to the declarations of Plaintiffs filed in response to Defendant's Bill of Costs.

2.   Records containing Private Financial Information of Plaintiff shall be so designated by stamping copies of the document(s) produced to a party with the legend "CONFIDENTIAL."  Stamping the legend "CONFIDENTIAL" on the cover of any multi-page document shall designate all pages of the document as confidential, unless otherwise indicated by the producing party.

3.   Material designated as Private Financial Information of Plaintiff under this order, the non-public information contained therein, and any summaries, copies, extracts, or documents derived in whole or in part from materials designated as confidential (hereinafter "confidential material") shall be used only for the purpose of the prosecution, defense, or settlement of this

1 action and for no other purpose.  Defendant, its counsel and its agents not shall disclose, release, or otherwise publish any records containing Private Financial Information of Plaintiff or their content except as necessary in this litigation.

4. Throughout this matter, excluding the presentation of evidence at time of trial, confidential material produced pursuant to this Stipulated Protected Order may be disclosed or made available only to the Court, to a party to this action, to counsel for a party (including the paralegal, clerical, and secretarial staff employed by such counsel), and to the "qualified persons" designated below:

    a. Experts or consultants (together with their clerical staff) retained by such counsel to assist in the prosecution, defense, or settlement of this action;

    b. Court reporters employed in this action;

    c. A witness at any deposition or proceedings in this action; and

    d. Any other person as to whom the parties agree in writing.

5. The portion of any deposition in which confidential materials are discussed shall be taken only in the presence of qualified persons, as defined above.

6. Throughout this matter, excluding the presentation of evidence at time of trial, any motion, application, petition, or the like, filed with the Court which includes any confidential material shall be filed under seal.

7. The Parties agree that they will meet and confer, with the Court as necessary, about the handling of material designated by any of the Plaintiffs as confidential produced pursuant to this Stipulated Protected Order for trial purposes.  Nothing herein shall be construed as a concession by any Party that its presentation at trial of evidence relevant to its claims or defenses should be restricted in any manner, including the financial information designated by any of the Plaintiffs as Confidential.

8. Nothing herein shall impose any restrictions on the use or disclosure by a party of material obtained by such party independent of discovery in this action, whether or not such material is also obtained through discovery in this action, or from disclosing its own confidential material as it deems appropriate.  Receipt by any party of any confidential information, shall neither be an admission or claim that the information is confidential information, as asserted by the propounding party, nor an admission with respect to the authenticity, competency, relevance or materiality thereof.

9. Nothing herein shall impose any restrictions on the use by the Parties of confidential material produced pursuant to this Stipulated Protected Order to prosecute or defend against any claim in this litigation, but rather solely governs the dissemination of said information obtained in the context of this litigation.

10. This Stipulated Protective Order shall be without prejudice as to the rights of the parties to:  (1) bring before the Court at any time the question of whether any particular document or information is confidential or whether its use shall be restricted; or (2) present a motion to the Court for a separate protective order as to any particular document or information, including restrictions different from those specified herein.  This Order shall not be deemed to prejudice the parties in any way in any future application for modification of this Order.

11. Neither anything in this Stipulated Protective Order nor the production of any information or document under the terms of this Stipulated Protective Order nor any proceedings pursuant to this Stipulated Protective Order, shall be deemed to have the effect of an admission or waiver of objections or privileges by either party or of altering the confidentiality or non-confidentiality of any such document or information, or altering of any existing right or obligation of any party or the absence thereof.

12. This Stipulated Protective Order shall survive the final termination of this action and the Court shall retain jurisdiction to resolve any dispute concerning the use of the information disclosed hereunder.  Documents covered by this Stipulated Protective Order shall

remain subject to this Stipulated Protective Order even after the conclusion of this case and may be retained for as long as required by law and then destroyed.

13. This Stipulated Protective Order does not apply to any documents produced by any party in discovery thus far which are not otherwise subject to a protective order.

**IT IS SO STIPULATED.**

Respectfully Submitted,

DATED:   June 18, 2008    EQUAL RIGHTS ADVOCATES


By:   /s/  Noreen Farrell
         NOREEN FARRELL
         Attorneys for Plaintiffs

DATED:   June 18, 2008    THE STURDEVANT LAW FIRM
                          A Professional Corporation


By:   /s/ Monique Olivier
         MONIQUE OLIVIER
         Attorneys for Plaintiffs

DATED:   June 18, 2008    PORTER, SCOTT
                          A Professional Corporation


By:   /s/ David Burkett
         DAVID BURKETT
         Attorneys for Defendant

**IT IS SO ORDERED.**

Dated: June 18, 2008

FRANK C. DAMRELL, JR.
UNITED STATES DISTRICT JUDGE