UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

----oo0oo----

AREZOU MANSOURIAN; LAUREN MANCUSO; NANCY NIEN-LI CHIANG; CHRISTINE WING-SI NG; and all those similarly situated,

      Plaintiffs,

  v.

BOARD OF REGENTS OF THE UNIVERSITY OF CALIFORNIA AT DAVIS; LAWRENCE VANDERHOEF; GREG WARZECKA; PAM GILL-FISHER; ROBERT FRANKS; and LAWRENCE SWANSON,

      Defendants.

_____/

NO. CIV. S 03-2591 FCD EFB

MEMORANDUM AND ORDER

----oo0oo----

This matter is before the court on plaintiffs' objections to defendants' bill of costs and motion to deny defendants' bill of costs in its entirety, pursuant to Federal Rule of Civil

1

Procedure 54.  For the reasons set forth below,[1] plaintiffs' motion to deny defendants' bill of costs is GRANTED.

## BACKGROUND

This case arises out of the lack of opportunities for female students to participate in varsity wrestling at the University of California, Davis ("UCD") and, more generally, the effective accommodation of athletic opportunities for women at UCD. Plaintiffs Arezou Mansourian ("Mansourian"), Lauren Mancuso ("Mancuso"), and Christine Wing-Si Ng ("Ng") (collectively "plaintiffs")[2] are former female wrestlers at UCD.  Plaintiffs filed this action on behalf of themselves and a putative class on December 18, 2003.  Plaintiffs named as defendants in their individual and official capacities the following parties: the Regents of the University of California; the Chancellor of the University, Larry Vanderhoef; the Athletic Director at the University, Greg Warzecka; Associate Athletic Directors of the University, Pam Gill-Fisher and Lawrence Swanson; and former Associate Vice Chancellor, Student Affairs, Robert Franks.

On December 18, 2003, plaintiffs filed a complaint on behalf of themselves and a putative class, asserting six claims for relief: (1) violation of Title IX based on unequal opportunities; (2) violation of Title IX based on unequal financial assistance; (3) retaliation in violation of Title IX; (4) violation of 42

---

[1] Because oral argument will not be of material assistance, the court orders these matters submitted on the briefs.  E.D. Cal. L.R. 78-230(h).

[2] Plaintiff Nancy Nien-Li Chiang ("Chiang") voluntarily dismissed all claims in this action on June 12, 2007.  (Mem. & Order (Docket #195), filed July 12, 2007).

2

U.S.C. § 1983; (5) violation of the California Unruh Civil Rights Act; and (6) violation of public policy. Defendant filed a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) on March 5, 2004. (Defs.' Mot. to Dismiss (Docket #13-15), filed Mar. 5, 2004.) The court denied the motion on May 6, 2004. (Mem. & Order (Docket #25), filed May 6, 2004.)

On February 2, 2007,[3] plaintiffs' filed a motion to amend the complaint to add new plaintiffs and allegations. (Pls.' Mot. to Amend (Docket #158), filed Feb. 2, 2007.) The court denied the motion on March 20, 2007. (Mem. & Order (Docket #175), filed Mar. 20, 2007.) The parties thereafter stipulated to dismiss the class claims. (Mem. & Order (Docket #195), filed June 12, 2007.)

On June 5, 2007, defendants filed a motion for judgment on the pleadings pursuant to Federal Rule of Civil Procedure 12(c). (Defs.' Mot. for J. on Pleadings (Docket #188), filed June 5, 2007.) The court granted the motion for all claims, except plaintiffs' claim for ineffective accommodation. (Mem. & Order (Docket #226), filed Oct. 18, 2007.) Defendants filed a motion for summary judgment on the sole remaining claim on January 11, 2008. (Defs.' Mot. for Summ. J. (Docket #280), filed Jan. 11, 2008.) On April 23, 2008, the court granted defendants' motion on the grounds that plaintiffs had failed to give adequate notice of their more general claim of ineffective accommodation and

---

[3] Unfortunately, both defendants' and plaintiffs' counsel suffered illnesses throughout the course of the litigation. As a result, both parties stipulated to extend deadlines and to stay proceedings. In August 2006, plaintiffs obtained new counsel. (Notice of Appearance (Docket #134), filed Aug. 18, 2006.) The parties submitted a joint status report on January 19, 2007, and active litigation resumed. (Joint Status Report (Docket #154), filed Jan. 19, 2007.)

entered judgment.  (Mem. & Order (Docket #368), filed Apr. 23, 2008; Judgment (Docket #369), filed Apr. 23, 2008.)

Defendants submitted a bill of costs, requesting an award of $32,353.84.[4]  Plaintiffs object to defendants' bill of costs.

**ANALYSIS**

Pursuant to Rule 54(d) of the Federal Rules of Civil Procedure, a prevailing party should be awarded costs, unless "a court order provides otherwise."  Fed. R. Civ. P. 54 (2008).  As such, "the rule creates a presumption in favor of awarding costs to a prevailing party."  Ass'n of Mexican-American Educators ("AMAE") v. State of California, 231 F.3d 572, 592 (9th Cir. 2000) (en banc) (citing Nat'l Info. Servs., v. TRW, Inc., 51 F.3d 1470, 1471 (9th Cir. 1995)); Champion Produce, Inc. v. Ruby Robinson Co., Inc., 342 F.3d 1016, 1022 (9th Cir. 2003) ("[C]osts are to be awarded as a matter of course in the ordinary case.").  The losing party bears the burden of making a showing that the award of costs would be inequitable under the circumstances.  Nat'l Info. Servs., 51 F.3d at 1472.  While a district court has discretion to deny costs, it must "specify reasons," explaining "why a case is not 'ordinary' and why, in the circumstances, it would be inappropriate or inequitable to award costs."  Champion Produce, 342 F.3d at 1022.

The district may consider nonpunitive reasons for denying costs to a prevailing party.  AMAE, 231 F.3d at 592.

---

[4] This amount reflects the requested costs after defendants reduced the initially requested amount by $4,314.49 due to the erroneous inclusion of costs associated with plaintiff Chiang's claims as well as other items.  (Defs.' Response to Pls.' Preliminary Objections (Docket #390), filed July 3, 2008, at 20.)

4

1 Specifically, while costs may be denied to punish a prevailing
2 party's misconduct, the Ninth Circuit has also approved as
3 appropriate reasons for denying costs: (1) the losing party's
4 limited financial resources and the degree of economic disparity
5 between the parties; (2) "the chilling effect of imposing such
6 high costs on future civil rights litigants"; (3) the losing
7 party's litigation in good faith; and (4) the closeness and
8 difficulty of the issues raised in the case.  Id. at 592-93.

9      While there is no evidence that defendants engaged in any
10 misconduct in the course of litigation, a combination of several
11 other factors weighs against the award of costs to defendants in
12 this case.  First, although plaintiffs have not presented
13 evidence of actual indigence, they have sufficiently demonstrated
14 that they are graduate students and recent college graduates with
15 limited financial resources.[5]  Plaintiff Mansourian recently
16 graduated from graduate school and has accrued a substantial
17 amount of debt as a result of both student loans and other debts.
18 Her current salary barely covers her monthly expenses, and the
19 anticipated increase in interest rates will also increase her
20 monthly expenses.  Plaintiff Ng is a graduate student.  Her
21 current income is insufficient to meet her monthly expenses.
22 Similarly, plaintiff Mancuso is a recent college graduate whose
23 current income does not cover her monthly expenses.  She will
24 also begin graduate school in the fall.  Moreover, in contrast,
25 /////

26

27   [5]  The court has reviewed the evidence filed by plaintiffs
   under seal.  The court discusses the evidence in general terms in
28 order to protect the privacy of plaintiffs.

5

UCD has a substantial budget.  As such, there is a significant economic disparity between plaintiffs and defendants.[6]

Second, the imposition of the cost bill on plaintiffs would lead to a harsh result that could chill student litigants from vindicating important civil rights under Title IX.  See Stanley v. Univ. of Southern California, 178 F.3d 1069, 1080 (9th Cir. 1999).  This litigation raised important issues regarding discrimination against individual female athletes and the effective accommodation of varsity athletic opportunities for women generally.  Title IX litigation will frequently be brought by students, who, as defendants concede, must often finance education with a significant amount of student loans.  Risking the imposition of thousands of dollars in costs in addition to these loans in order to vindicate rights they are guaranteed as students would likely deter potential litigants from "test[ing] the boundaries of our laws" and making progress in the realm of Title IX civil rights.  See id.  Moreover, there was great public concern for the conduct that was the impetus of this litigation.  Thus, while this litigation may not affect the entire state of California or the public education system as a whole, plaintiffs sought to vindicate important public interests that had garnered

---

[6] Defendants argue that the court should disregard cases considering the disparity between the parties because UCD is not a private corporation, but a public entity paid with money belonging to the citizens of California.  However, in AMAE, the Ninth Circuit upheld the district court's reasons for denying recovery, which included the economic disparity between the plaintiffs and the State of California.  231 F.3d at 593; see also Washburn v. Fagan, No. 03-0869, 2008 WL 361048 (Feb. 11, 2008) (denying costs to the defendants because, inter alia, "there exists a significant economic disparity between [p]laintiff and the City and County of San Francisco").  As such, defendants' argument is without merit.

6

1  the attention of UCD students, the community, and the media.  See
2  Washburn, 2008 WL 361048 at *2 (holding that the great public
3  concern over defendants conduct helped demonstrate that, while
4  the issues were not of the magnitude of the civil rights relief
5  in AMAE, plaintiffs sought to vindicate important civil rights by
6  bringing suit).

7      Finally, plaintiffs pursued this litigation in good faith
8  and presented issues that were both difficult and close.  From
9  the outset of this litigation, the court has been presented with
10 legal issues of first impression in the Ninth Circuit, including
11 issues over which other Circuits are split.  Both plaintiffs and
12 defendants argued meritful positions.  In the end, the court
13 found defendants' positions to be persuasive on dispositive
14 issues.  However, at no time during this litigation, did
15 plaintiffs press frivolous claims or arguments.[7]

16     Considering the totality of the circumstances, plaintiffs
17 have overcome the presumption in favor of costs by sufficiently
18 demonstrating that this is an extraordinary circumstance in which
19 an award of costs would be inequitable.  Therefore, the court, in
20 its discretion, declines to award costs in this matter.
21 /////
22 /////
23 /////
24 /////

---

[7] Moreover, because the court found that plaintiffs' claims failed with respect to primarily legal issues, such as the statute of limitations, preemption, and the requirement of notice and the opportunity to cure, it never reached the gravamen of the factual basis for plaintiffs' claims.

7

**CONCLUSION**

For the foregoing reasons, plaintiffs' motion to deny defendants' bill of costs is GRANTED.

IT IS SO ORDERED.

DATED: July 15, 2008

FRANK C. DAMRELL, Jr.
UNITED STATES DISTRICT JUDGE