**PORTER | SCOTT**
A PROFESSIONAL CORPORATION
Nancy J. Sheehan, SBN 109419
David P.E. Burkett, SBN 241896
350 University Avenue, Suite 200
Sacramento, California 95825
(916) 929-1481
(916) 927-3706 (facsimile)
**Attorneys for Defendants:** REGENTS OF THE UNIVERSITY OF CALIFORNIA, LARRY VANDERHOEF (erroneously sued as LAWRENCE VANDERHOEF), GREG WARZECKA, PAM GILL-FISHER, ROBERT FRANKS and LAWRENCE SWANSON

Noreen Farrell, SBN 191600
nfarrrell@equalrights.org
Jora Trang, SBN 218059
jtrang@equalrights.org
**EQUAL RIGHTS ADVOCATES**
180 Howard Street, Suite 300
San Francisco, CA 94105
(415) 621-0672
(415) 621-6744 (facsimile)

**Attorneys for Plaintiffs:** AREZOU MANSOURIAN, LAUREN MANCUSO, and CHRISTINE WING-SI NG

Additional Plaintiffs' Counsel on Signature Page

# THE UNITED STATES DISTRICT COURT

# FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| AREZOU MANSOURIAN, LAUREN MANCUSO, NANCY NIEN-LI CHIANG, and CHRISTINE WING-SI NG; and all those similarly situated,<br><br>Plaintiffs,<br>vs.<br><br>REGENTS OF THE UNIVERSITY OF CALIFORNIA, et al.,<br><br>Defendants. | CASE NO. CIV. S-03-2591 FCD/EFB<br><br>**STIPULATION AND ORDER TO MODIFY THE STATUS (PRETRIAL SCHEDULING) ORDER**<br><br>Complaint Filed: December 18, 2003<br>Trial Date: April 26, 2011<br>The Honorable Frank C. Damrell, Jr. |

{00821515.DOC}                                       1
**STIPULATION AND ORDER TO MODIFY THE STATUS (PRETRIAL SCHEDULING) ORDER**

The parties by and through their counsel of record jointly request that the Court modify the Status (Pre-Trial Scheduling) Order entered on June 23, 2010 (Docket # 414) as follows:

    a.    Move the discovery deadline from September 25, 2010 to October 25, 2010, and the last day to hear dispositive motions from November 5, 2010 to December 6, 2010.

    b.    Suspend the discovery deadline for financial information from the individual defendants until after the Court rules on the Individual Defendants' anticipated motion for summary judgment.

These requested changes do not affect the trial date or any other deadlines.  The parties jointly make this request for the reasons set forth in this Stipulation.

## SUMMARY JUDGMENT DISCOVERY

1.    This action was filed in December 2003.  Plaintiffs allege that Defendants have violated Title IX of the Education Amendments of 1972 (20 U.S.C. § 1621 *et seq.*) and the Equal Protection Clause of the Fourteenth Amendment to the United States Constitution as enforced through 42 U.S.C. § 1983 by denying them equal opportunity to participate in varsity athletics and to receive varsity athletic scholarships at the University of California, Davis.  Defendants deny the allegations.

2.    Plaintiffs filed the § 1983 Equal Protection Clause claim against individual Defendants LARRY VANDERHOEF, GREG WARZECKA, PAM GILL-FISHER, ROBERT FRANKS, and LAWRENCE SWANSON.[1]  The Court previously dismissed the Section 1983 claim, finding that it was precluded by the Title IX claim.  As a result, the individual defendants were dismissed from the case entirely.

3.    The Supreme Court subsequently found that Title IX does not preclude claims brought under § 1983 to enforce rights under the Equal Protection Clause. (*Fitzgerald v. Barnstable School Committee* (2009) __ U.S. __, 129 S. Ct. 788.)  Therefore, the Ninth Circuit reversed the dismissal of the § 1983 claim.  (Docket # 405.)  This ruling reinstated VANDERHOEF, WARZECKA, GILL-FISHER, FRANKS, and SWANSON as individual defendants in the case.

//

---

[1] The § 1983 claim was also made against U.C. Davis for injunctive relief only.  The parties agree that claim is no longer pending.

{00821515.DOC}    2

**STIPULATION AND ORDER TO MODIFY THE STATUS (PRETRIAL SCHEDULING) ORDER**

4. The individual defendants are preparing Motions for Summary Judgment addressing the § 1983 claim. Because of the early dismissal of the individual defendants, the parties have not previously moved for summary judgment on the § 1983 claim and Plaintiffs believe it may be necessary to depose those Defendants on issues related to this claim. The parties have agreed that Defendants will serve and file their Motions for Summary Judgment after which time Plaintiffs will determine whether depositions on issues related to the § 1983 claim are necessary.

5. Because Defendants have not yet filed their Motions for Summary Judgment, Plaintiffs have not had an opportunity to take such depositions or to assess whether they will be necessary. Nor can this be done by the current September 25, 2010 discovery deadline. The current date for the close of discovery is September 25, 2010. The last date for dispositive motions to be heard is November 5, 2010. However, Defendants have contacted the Court and learned that the closest available hearing date is October 22, 2010.

6. Accordingly, the parties have agreed that Defendants will serve the Motions for Summary Judgment by September 15, 2010, and that Plaintiffs will then have until October 25, 2010, to depose the individual defendants. To facilitate this schedule, the parties ask the Court to extend the discovery deadline from September 25 to October 25, 2010.

**FINANCIAL DISCOVERY**

7. Plaintiffs' Section 1983 claim against the individual defendants includes a request for punitive damages. In order to establish those damages, Plaintiffs contend they must discover and present evidence regarding the net worth and financial status of each individual defendant. Plaintiffs served relevant discovery on the individual defendants. However, the individual defendants do not want to disclose such information if they eventually prevail on their motions for summary judgment. They also contend that they should not have to disclose the information because the REGENTS OF THE UNIVERSITY OF CALIFORNIA has pledged to indemnify them for any damages awarded against them.

8. In order to most efficiently handle this dispute, the parties jointly request that the Court suspend discovery on the net worth and financial status of the individual defendants until after the Court rules on their motions for summary judgment and motions for protective order.

9. The parties note that they previously agreed by Stipulation and the Court previously ordered that Plaintiffs would not engage in discovery relating to the net worth or financial status of the

individual defendants until and unless the Court found that a triable issue of material fact exists as to one or more of the claims raised against the individual defendants in ruling on defense motions for summary judgment. (Lodged June 8, 2004 in the instant case and filed October 13, 2004 in the companion case *Burch v. Regents of the University of California, et al.*, Case No. S-04-38-WBS-GGH.) The parties further agreed that if the Court found a triable issue, Plaintiffs could reopen discovery on the net worth and financial status of individual defendants VANDERHOEF, WARZECKA, GILL-FISHER, FRANKS, and SWANSON. Defendants contend financial status evidence is not needed in this case because the REGENTS OF THE UNIVERSITY OF CALIFORNIA has agreed to indemnify Defendants VANDERHOEF, WARZECKA, GILL-FISHER, FRANKS, and SWANSON for punitive damages. This joint request merely implements this previous stipulation and order now that the individual defendants have been reinstated in the case.

10. Defendants agree that should the Court deny Defendants' motion for summary judgment and any motions for protective order filed by Defendants, Plaintiffs shall be entitled to propound written discovery demands and to depose all of the individual Defendants on the issue of their financial status. Defendants will not object to the financial status deposition of the individual Defendants in their motion for a protective order on the grounds that these individual Defendants were deposed previously.

## CONCLUSION

11. The parties agree the schedule proposed below is consistent with the trial date of April 26, 2011 and the final pretrial conference of March 4, 2011.

12. In accordance with the foregoing joint request to allow the parties adequate time to complete discovery and have the Motions for Summary Judgment heard, and to implement the Stipulation and Order regarding financial status discovery, the parties jointly request the following modification to the Status (Pre-Trial Scheduling) Order:

(a) **Last day to hear dispositive motions to be December 3, 2010**.

(b) Discovery to be completed by October 25, 2010, aside from individual Defendant financial status discovery.

(c) Plaintiffs will not engage in discovery relating to the net worth or financial status of the individual defendants until and unless the Court finds that a triable issue of material fact exists as to one or more of the claims raised against the individual defendants in ruling on defense motions for summary judgment.

(d) If the Court finds that a triable issue of material fact exists, Defendants shall have until January 14, 2011 to have a Motion for Protective Order regarding financial status discovery heard by the Court.

(e) Plaintiffs shall complete all financial status discovery (if applicable), including depositions of Defendants VANDERHOEF, WARZECKA, GILL-FISHER, FRANKS, and SWANSON regarding their financial status, no later than February 25, 2011.

Dated:  September 10, 2010            PORTER SCOTT
                                                         A PROFESSIONAL CORPORATION

                                                         By:  /s/ David P.E. Burkett_____
                                                              Nancy J. Sheehan
                                                              David P.E. Burkett
                                                              Attorneys for Defendants

Dated:  September 10, 2010            EQUAL RIGHTS ADVOCATES

                                                         By:  /s/ Noreen Farrell (as authorized on 9/10/2010)
                                                              Noreen Farrell
                                                             Jora Trang
                                                            Attorneys for Plaintiffs

Dated: September 10, 2010             THE STURDEVANT LAW FIRM
                                                       A PROFESSIONAL CORPORATION

                                                      By:  /s/ Whitney Huston (as authorized on 9/10/2010)
                                                         James Sturdevant
                                                         Whitney Huston
                                                         Attorneys for Plaintiffs

Additional Plaintiffs' Counsel

James C. Sturdevant (SBN 94551)
(jsturdevant@sturdevantlaw.com)
Whitney Huston (SBN 234863)
(whuston@sturdevantlaw.com)
THE STURDEVANT LAW FIRM
A Professional Corporation
354 Pine Street, Fourth Floor
San Francisco, CA  94104
Telephone: (415) 477-2410
Facsimile: (415) 477-2420

Monique Olivier (SBN 190385)
(monique@dplolaw.com)
DUCKWORTH PETERS LEBOWITZ OLIVIER LLP
235 Montgomery St., Suite 1010
San Francisco, CA  94104
Telephone:  415-433-0333
Facsimile:   415-449-6556

Kristen Galles (SBN 148740)
(kgalles@comcast.net)
EQUITY LEGAL
10 Rosecrest Avenue
Alexandria, VA  22301
Telephone: (703) 683-4491

**IT IS SO ORDERED.**

Dated:  September 13, 2010

_____
FRANK C. DAMRELL, JR.
UNITED STATES DISTRICT JUDGE

{00821515.DOC}                                    6
**STIPULATION AND ORDER TO MODIFY THE STATUS (PRETRIAL SCHEDULING) ORDER**