IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| AREZOU MANSOURIAN; LAUREN MANCUSO; NANCY NIEN-LI CHIANG; and CHRISTINE WING-SI NG; and all those similarly situated, | |
| Plaintiffs, | No. CIV S-03-2591 FCD EFB |
| vs. | |
| REGENTS OF THE UNIVERSITY OF CALIFORNIA, et al., | |
| Defendants. / | ORDER |

On January 5, 2011, the court heard a motion for a protective order filed by defendants Larry Vanderhoef, Greg Warzecka, Robert Franks, and Pam-Gill Fisher (the "individual defendants"). Dckt. Nos. 513, 515. The motion seeks a protective order precluding or limiting plaintiffs' discovery of the net worth and financial status of the individual defendants. *Id.* Attorney Noreen Farrell appeared at the hearing on behalf of plaintiffs; attorney David Burkett appeared on behalf of defendants. After the hearing, plaintiffs submitted a proposed order on the motion, as directed by the court; the individual defendants submitted objections to that proposed order; and plaintiffs filed a response to those objections. Dckt. Nos. 517-519. The undersigned has considered all of those filings and issues the following order.

1

For the reasons stated herein and on the record at the January 5 hearing, the motion for a protective order, Dckt. No. 513, is denied in part and granted in part, as set forth below.

The court finds that the individual defendants did not waive their right to challenge the requested discovery in previous stipulations filed with the court. However, the court rejects defendants' argument that the discovery does not meet the relevancy standard of Federal Rule of Civil Procedure 26(b). The court finds that evidence of the financial status and worth of the individual defendants is relevant to plaintiffs' claim for punitive damages against these defendants, including the reasonableness of a punitive damage award. *City of Newport v. Fact Concerts, Inc.*, 453 U.S. 247, 269-71 (1981); *Bains, LLC v. ARCO Prods. Co.*, 405 F.3d 764, 777 (9th Cir. 2005); *Swinton v. Potomac Corp.*, 270 F.3d 794, 818-19 (9th Cir. 2001). The court also rejects defendants' argument that the existence of an agreement by defendant The Regents of the University of California to indemnify the individual defendants for punitive and other damages precludes the financial discovery sought by plaintiffs.

The court finds, however, that the requested discovery should be limited in time and scope. Specifically, the discovery demands shall be limited to the time period of January 1, 2007 to the present, except as provided below for information related to transfer of money and other assets since this case was filed. For the time period of January 1, 2007 to the present, the court orders each individual defendant to produce information responsive to the following demands (which were summarized and edited to remove duplication by plaintiffs as directed by the court, and which were thereafter modified by the court):

1. Net worth statements and loan/credit applications: Any and all copies of any business or personal financial statements, balance statements, balance sheets, and/or net worth statements, together with any credit applications and loan applications submitted by you or on your behalf to any bank, credit card company or lending institution. (Request for Production ("RFP") # 1.)

2. All income, pension and stock holdings: Documents stating income received or assets from any source including current or previous employment, including without limitation, wages,

salaries, bonuses, stock options, commissions, earnings, income employment contracts, pay raises, promotions, payroll deductions, other deductions of any kind, pension plans, pension funds, retirement plans, retirement funds, stock plans and stock funds and other benefits or deductions of any kind to which you are, were or may become entitled in the future.  (RFP # 2.)

      3. Bank, checking, savings, and credit/charge accounts:  The January and June statements for each year since January 1, 2007 of all checking accounts, savings accounts, money market accounts, credit union accounts, pension/retirement account(s), and debit card, credit card and/or charge accounts held, used or maintained by you individually and/or jointly with any other or others.  The individual defendants' responses to this RFP may be produced in a redacted form to remove individual transactions and include only balances and cumulative charge information. (RFP # 3, 4.)

      4. Information related to ownership/beneficial/leasehold or other interest in property and other assets:

        a. Any and all evidence of an interest in property of every kind and character (whether as owner, co-owner, fiduciary, trust beneficiary (vested or contingent), partner, limited partner, shareholder, joint venture, mortgagee, developer, manager or otherwise) whatsoever owned by you individually and/or jointly with any other or others, including any reversionary interests, and including, but not limited to, deeds and mortgages.  With regard to items of personal and household property, only evidence of items valued at $5000.00 or more must be produced.  (RFP # 4, 6.)

        b. Documents sufficient to identify all corporations, partnerships, associations and other business entities in which you hold ownership, beneficial, or other interests.  (RFP #4)

      5. Warranty/quitclaim and other deeds:  Any and all warranty deeds, quitclaim deeds and deeds to secure debt which name you as grantee or grantor, individually and/or jointly with any other or others, or in your name in trust or in your name as guardian for any other person, relating to any property in which you have or have had any interest or equity.  (RFP # 5.)

     6. Insurance policies with cash surrender terms:  All life or other insurance policies and certificates on your life which have a cash surrender term of which you are the owner and/or the insured person, and any documents reflecting the current value of the such policies.  (RFP # 7, 8.)

     7. Tax returns:  Complete copies of all state and federal income tax returns filed by you, individually and/or jointly with any others, including all accompanying schedules, any attachments to such returns and all worksheets used in preparing same, and all 1099, K-1 (IRS Form 1065) and W-2 forms received by you.  (RFP # 10.)

     8. Stocks and other assets:  Any and all stock certificates, bond certificates, mutual funds certificates, tax deferred annuities, profit sharing plan, deferred benefit plan, retirement plan, and any other evidence of ownership or of any interest in any securities, investments, mutual funds, liquid asset funds, or corporation, naming you individually and/or jointly with any other or others, as the owner of the same, and any documents/statements reflecting the current value of such assets.  (RFP # 11, 14.)

     9. Financial obligations due to you:  Any promissory notes or other instruments evidencing any financial obligation due to you as the creditor now or in the future.  (RFP # 12.)

     10. Financial obligations:  All promissory notes or other documents evidencing any financial obligation or indebtedness of you as debtor.  (RFP # 13.)

     The court also finds that plaintiffs may seek discovery of documents and information relevant to the transfer of any assets by the individual defendants since this suit was filed on December 18, 2003.  Specifically, in addition to the above RFPs to which defendants must produce responsive documents, the court directs each individual to produce any and all documents that evidence a payment or transfer of any money or other asset owned by each individual defendant, individually or jointly or otherwise, to any person or entity in excess of $10,000.00 for the period of December 18, 2003 to the present.

////

1   Finally, the court denies defendants' motion to the extent that it seeks to limit the right of
2 plaintiffs to take depositions relevant to the issue of financial condition and net worth, including
3 depositions of the individual defendants.  The court encourages the parties to meet and confer
4 further to address questions regarding the individual defendants' financial circumstances to
5 streamline the scope of any necessary depositions.
6   In accordance with the foregoing, it is hereby ORDERED that defendants' motion for a
7 protective order, Dckt. No. 513, is denied in part and granted in part as discussed above.
8 Defendants Vanderhoef, Warzecka, Roberts, and Gill-Fisher shall respond to the discovery
9 demands set forth herein within twenty-one (21) days of the entry of this order.  These
10 defendants shall also submit to depositions confined to the issue of their financial condition, if
11 deemed necessary by plaintiffs after the parties meet and confer, within the deadlines for such
12 discovery set by the Court.
13   It is further ORDERED that the Stipulation Regarding Financial Information of
14 Individual Defendants executed by the parties through their respective attorneys on June 18,
15 2008 and attached hereto as Exhibit A is hereby incorporated as part of this Order.
16   SO ORDERED.
17 Dated:  January 12, 2011.

EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE