1

2

3

4

5

6

7

8                          UNITED STATES DISTRICT COURT

9                          EASTERN DISTRICT OF CALIFORNIA

10

11   AREZOU MANSOURIAN; LARUEN
     MANCUSO; and CHRISTINE
12   WING-SI NG,

13          Plaintiffs,                      CIV. NO. S-03-2591 FCD/EFB

14      v.

15   REGENTS OF THE UNIVERSITY              PRETRIAL CONFERENCE ORDER
     OF CALIFORNIA, et al.,
16
            Defendants.
17   _____/

18

19          Pursuant to court order, a Pretrial Conference was held on April 21, 2011.  Noreen

20   Farrell and Whitney Huston appeared as counsel for plaintiffs.  Nancy Sheehan and David

21   Burkett appeared as counsel for defendants.  After the hearing, the court makes the following

22   findings and orders:

23                          **I. JURISDICTION/VENUE**

24          Jurisdiction is predicated upon 28 U.S.C. §§ 1331, 1343(3) and 1343(4) , and has

25   previously been found to be proper by order of this court, as has venue.  Those orders are

26   confirmed.

## II. JURY/NON-JURY

Trial shall be to a bench trial. Should a Damages phase commence it will be by jury trial.

## III. UNDISPUTED FACTS

Pursuant to the Court's request, and in the interests of judicial economy, the parties submit the following list of stipulated facts. This submission is made without prejudice to either side to argue that one or more stipulated facts is relevant to the claims or defenses asserted. While the parties stipulate to the establishment of these facts without the need of further proof via witness testimony, they may not agree on the impact of these facts on the claims at issue. Since many of these are foundational facts, this submission is made without prejudice to either side presenting additional evidence, including live testimony.

## FACTS SUBJECT TO JUDICIAL NOTICE (Fed. R. Evid. 201)[1/]

1. The Title IX statute (20 U.S.C. § 1681(a)) was enacted on June 23, 1972.

2. The Title IX implementing regulation (34 C.F.R. Part 106) became effective on July 21, 1975. Pursuant to subsection 106.41(d), recipients of federal funding that sponsor intercollegiate athletics at the post-secondary school level were required to fully comply with the regulation as expeditiously as possible but in no event later than three years from the effective date of the regulation.

3. On December 11, 1979, the U.S. Department of Heath, Education, and Welfare, Office for Civil Rights, issued its Intercollegiate Athletics Policy Interpretation. Subsection C of this Policy Interpretation established what is now commonly known as the Three-Part Test for effective accommodation of the interests of male and female student-athletes.

4. The Equity in Athletics Disclosure Act (EADA) was enacted on October 29,

---

[1] Pursuant to Fed. R. Evid. 201(d), the parties will submit a formal joint request for judicial notice to the Court pursuant to this stipulation for approval with copies of the referenced documents.

1   1994. It requires institutions with an intercollegiate athletics program to make an annual report

2   to the Department of Education (DOE) by October of each year on a variety of factors relating to

3   the prior school year's athletic program, including participation numbers (opportunities) in

4   athletics for male and female students.  U.C. Davis has submitted an EADA report each year

5   since 1995, which was the first year reporting was required.

6   5.   On January 16, 1996, the DOE Office for Civil Rights, issued a Policy

7   Clarification of the three-part test in the form of a "Dear Colleague" letter.  This document is

8   commonly known as the "1996 Clarification."

9   **FACTS PERTAINING TO THE PARTIES**

10   6.   Plaintiff Christine Wing-Si Ng (Ng) entered the University of California at Davis

11   ("U.C. Davis") in the fall of 1998 and graduated in September 2002.

12   7.   Plaintiff Arezou Mansourian (Mansourian) entered U.C. Davis in the fall of 2000

13   and graduated in June 2004.

14   8.   Plaintiff Lauren Mancuso (Mancuso) entered U.C. Davis in the fall of 2001, her

15   credits were completed in Spring of 2006 sufficient for her to graduate, and she received her

16   degree in September 2006.

17   9.   Under Article IX, section 9 of the California Constitution, the constitutional

18   corporation known as the Regents of the University of California is the proper party defendant

19   for the Title IX claim for relief.

20   10.   Defendant Larry Vanderhoef (Vanderhoef) was the Chancellor of U.C. Davis

21   from 1994 to August 2009.  In general, the Chancellor is the chief campus officer and is

22   responsible for the organization and operation of the campus.

23   11.   Defendant Robert Franks (Franks) was the Associate Vice Chancellor for Student

24   Affairs at U.C. Davis from 1994 to 2004 (with short stints as Acting Vice Chancellor at one

25   point and Interim Vice Chancellor at another).  A number of service units reported directly to

26

3

1  him, including Intercollegiate Athletics.  Defendant Warzecka, as the U.C. Davis Athletic
2  Director, reported directly to Franks.

3      12.    Defendant Greg Warzecka (Warzecka) has been U.C. Davis's Athletic Director
4  since 1995 and is responsible for the overall direction, leadership, and management of the
5  intercollegiate athletic program.

6      13.    Defendant Pam Gill-Fisher (Gill-Fisher) was a coach or administrator in the U.C.
7  Davis Athletic Department from 1973 to 2006.  From at least 1990 to 2003, she was an
8  Associate Athletic Director and Supervisor of Physical Education.  Gill-Fisher became a Senior
9  Associate Athletic Director in 2003.  She served as the Senior Woman Administrator, a position
10  required by the NCAA, from 1991 until December 31, 2006.

11  **FACTS PERTAINING TO THE INTERCOLLEGIATE ATHLETIC PROGRAM**
12  **AT U.C. DAVIS**

13      14.    Based on the best recollection of those involved in the campus athletic program,
14  when Title IX's regulations became effective, the U.C. Davis women's teams that existed at that
15  time were basketball, field hockey, swimming, softball, tennis, volleyball, and track & field.
16  The governing entity for women's varsity/intercollegiate sports at that time was the Association
17  of Intercollegiate Athletics for Women (AIAW).

18      15.    U.C. Davis had a women's varsity gymnastics team at least as early at 1974.

19      16.    Women's cross-country was added as a varsity sport in 1977 or 1978.

20      17.    In 1981, U.C. Davis became a member of the NCAA for purposes of women's
21  intercollegiate athletics.  The NCAA does not prohibit a member school from adding non-
22  NCAA sports so long as a school meets the requirements for sport sponsorship minimums for its
23  division.  For the period of 1995 to 2005, U.C. Davis met those NCAA requirements.

24      18.    U.C. Davis discontinued women's field hockey at the end of the 1982/1983
25  school year.  It added women's intercollegiate soccer in the fall of 1983.

26      19.    As of October 2001, there were intercollegiate sport teams for women at U.C.

4

1   Davis in basketball, cross-country, gymnastics, lacrosse, rowing, soccer, softball,

2   swimming/diving, tennis, "track and field," volleyball, and water polo.  As of that date, there

3   were intercollegiate sport teams for men at U.C. Davis in baseball, basketball, cross-country,

4   football, golf, soccer, swimming/diving, tennis, "track and field," water polo, and wrestling.

5   Whether U.C. Davis had separate indoor and outdoor track teams for men and women during

6   this period is disputed.

7        20.    As of December 2005, there were intercollegiate sport teams for women at U.C.

8   Davis in basketball, cross-country, golf, gymnastics, lacrosse, rowing, soccer, softball,

9   swimming/diving, tennis, "track and field," volleyball, and water polo.  As of that date, there

10   were intercollegiate sport teams for men at U.C. Davis in baseball, basketball, cross-country,

11   football, golf, soccer, swimming/diving, tennis, "track and field," water polo, and wrestling.

12   Whether U.C. Davis had separate indoor and outdoor track teams for men and women during

13   this period is disputed.

14        21.    Pursuant to the requirements of the Equity in Athletics Disclosure Act, U.C.

15   Davis has submitted a report to the Department of Education (Office for Civil Rights) each fall

16   since 1996 setting forth: (1) undergraduate enrollment numbers at U.C. Davis by gender; and (2)

17   its own position with respect to the number of male and female participants on intercollegiate

18   sport teams on campus.

19        22.    The table attached hereto as Appendix A sets forth enrollment and intercollegiate

20   athletic participation numbers and other information submitted by U.C. Davis for the stated

21   years in EADA reports filed with the Office for Civil Rights.  While the parties agree that this

22   chart reflects data submitted by U.C. Davis in its EADA report, Plaintiffs reserve their right to

23   challenge the accuracy of the reported numbers, and all Parties reserve their right to challenge

24   the relevance of some information set forth in the table.

25        23.    U.C. Davis solicited proposals for new women's varsity sports in 1995 and again

26   in 2003.

24.     In 1995, the following women's club teams submitted applications to be elevated to varsity status at U.C. Davis:  water polo, lacrosse, crew, badminton, and field hockey.  U.C. Davis elevated women's water polo, lacrosse, and crew to varsity status.

25.     In 2003, the following women's club teams submitted applications for varsity status at U.C. Davis:  field hockey, rugby, horse polo, and bowling.  A proposal to add golf as a varsity sport for women was submitted by Associate Athletic Director Bob Bullis.

26.     In June of 2004, U.C. Davis announced that it would add women's golf as a new varsity sport.  A head coach was appointed at that time and spent academic year 2004/2005 building the team.  The team commenced competition in the fall of 2005.

27.     In 2003, U.C. Davis announced that it would reclassify from NCAA Division II to NCAA Division I and the process took four years to complete.  In his role as Chancellor, Defendant Vanderhoef was involved in the process of moving U.C. Davis to NCAA Division I status.

## FACTS PERTAINING TO WOMEN'S WRESTLING

28.     In 1995, U.C. Davis hired Michael Burch as a wrestling coach.

29.     U.C. Davis sponsored a women's division in its annual Aggie Open wrestling tournament.

30.     "Open" wrestling tournaments are open to all persons who wish to participate in them as long as they satisfy the tournament qualifications, such as age.

31.     Afsoon (Roshanzamir) Johnston was on the U.C. Davis wrestling roster and participation lists in the 1992/1993 school year and the 1993/1994 school year.

32.     Stacey Massola was on the U.C. Davis wrestling roster and participation lists in the 1997/1998 school year.

33.     Former plaintiff Nancy Chiang (Chiang) was on the wrestling roster and participation lists in the 1998/1999, 1999/2000, and the 2000/2001 school year.  Chiang participated in two Aggie Open wrestling tournaments during the time she attended U.C. Davis.

1    34.    Abby Schwartzburg was on the wrestling roster and participation lists in the
2    1999/2000 school year.

3    35.    Alexis Bell was on wrestling rosters in the 2000/2001 school year.

4    36.    Samantha Reinis was on the wrestling roster and participation lists for the
5    1997/1998 and the 1998/1999 school years. Reinis suffered an injury and did not compete
6    during the 1999/2000 and the 2000/2001 school year, although she did continue to come to
7    practices during that time.

8    37.    Women were listed on the wrestling team squad, participation, or rosters lists for
9    the 1992/1993, 1993/1994, 1997/1998, 1998/1999, 1999/2000, and 2000/2001 school years.

10    38.    Women wrestlers were counted on the EADA reports as intercollegiate/varsity
11    wrestling athletes for the following academic years: 1997/1998, 1998/1999, and 1999/2000.

12    39.    Plaintiff Ng was on the roster for the intercollegiate wrestling program in
13    academic years 1998/1999 and 1999/2000. She was removed from the roster and cut from the
14    program in October 2000. She was placed back on the roster in May of 2001. In the fall of
15    2001 Ng came to wrestling practices until she and others were cut in October 2001. During the
16    periods of time that Ng was on the roster, and during the time she attended practices in the fall
17    of 2001, she was entitled to all of the benefits of varsity status, including lockers, training,
18    academic support, laundry, and coaching.

19    40.    Plaintiff Mansourian practiced with the intercollegiate wrestling program during
20    the fall of 2000. She was removed from the roster and cut from the program in October 2000.
21    She was placed back on the roster in May of 2001. Mansourian attended practices in fall of 2001
22    until October 2001. During the periods of time that Mansourian practiced and was on the roster
23    (before she was cut and/or left), she was entitled to all of the benefits of varsity status, including
24    lockers, training, academic support, laundry, and coaching.

25    41.    Plaintiff Mancuso practiced with the intercollegiate wrestling program during

26

7

1  the fall of 2001 until she and others were cut from the varsity wrestling roster in October 2001.
2  Mancuso was entitled to all of the benefits of varsity status, including lockers, training,
3  academic support, laundry, and coaching until October 31, 2001.

4      42.    While the parties disagree about the issue of competition, during the time
5  Michael Burch coached the wrestling team, women generally wrestled against other women
6  using freestyle rules different from the collegiate rules used by men at the collegiate level.
7  While at U.C. Davis, Plaintiffs Ng and Mansourian wrestled only against women and used
8  freestyle rules.

9      43.    In April 2001, Mansourian and Ng submitted a complaint of sex discrimination
10  with the Department of Education's Office for Civil Rights.

11      44.    After October 2001, Plaintiffs Ng, Mansourian, and Mancuso did not wrestle
12  with intercollegiate wrestling program again.

## IV. DISPUTED FACTS

14      1.    Whether Defendant Regents failed to bring U.C.Davis's athletic program into
15  compliance with Title IX by the July 1978 deadline for athletic programs required by 34 C.F.R.
16  § 106.41(d).

17      2.    Whether throughout the history of the U.C. Davis athletic program, Defendants
18  have failed to regularly assess the athletic interests and abilities of U.C. Davis's female students.

19      3.    Whether Defendant Regents can establish that U.C. Davis had both a history and
20  continuing practice of expanding intercollegiate athletic opportunities for female students
21  responsive to their developing interest. This disputed fact is dependent, in part, on:

22      i.    Whether U.C. Davis eliminated a women's team in 1983,
23  notwithstanding the fact that there was an existing female varsity team with ability and ample
24  competition.

25      ii.    Whether U.C. Davis failed to expand intercollegiate athletic opportunities
26  for women whatsoever between 1972 and 1996.

iii.     Whether after adding some women's varsity athletic participation opportunities  in 1996, U.C. Davis thereafter failed to add any additional women's opportunities despite longstanding, existing demand for more women's sports.

iv.     Whether U.C. Davis failed to expand female participation opportunities between  the 1996/1997 and the 2005/2006 academic school years, either continuously or periodically.

v.     Whether U.C. Davis substantially cut women's varsity participation opportunities after 1997.  U.C. Davis took no steps to add new women's sports or to otherwise replace these eliminated opportunities until after the filing of this action.

vi.     Whether the number of female intercollegiate athletic participation opportunities suffered a drastic fall between 1997 and 2005, rather than a continuous expansion.

vii.     Whether U.C. Davis had 63 fewer intercollegiate athletic participation opportunities for women in varsity sports in 2001/2002 than it did in 1999/2000 and whether U.C. Davis failed to take any steps to replace the eliminated female intercollegiate athletic participation opportunities.

viii.     Whether U.C. Davis eliminated women's varsity wrestling opportunities in 2000. and whether U.C. Davis took no steps to add new women's sports or to otherwise replace these eliminated opportunities until after the filing of this action.

4.     Whether, during the relevant time period, U.C. Davis failed or succeeded in timely adding new female intercollegiate athletic participation opportunities to meet the existing or developing athletic interests and abilities of its female students.

5.     Whether U.C. Davis failed to adopt, implement, follow and/or provide notice to U.C. Davis's female students of a consistent and fair process or system for adding intercollegiate athletic participation opportunities for women.

6.     Whether women's indoor track was added as a "new" team or sport (separate from outdoor track) in 1999.

9

1    7.    Whether U.C. Davis offered separate women's varsity wrestling participation
2    opportunities for women since at least 1994.

3    8.    Whether Plaintiffs Ng, Mansourian, and Mancuso, and other women were
4    varsity/intercollegiate wrestling participants.

5    9.    Whether there was ever a women's varsity wrestling team or program at U.C.
6    Davis.

7    10.    Whether U.C. Davis conducted "try-outs" in October 2001, with the condition
8    that women compete against men using men's rules, even though women previously had their
9    own women's opportunities.

10    11.    Whether U.C. Davis offer separate teams for men and women in other sports
11    such as basketball, track, swimming, water polo, tennis, and cross country.

12    12.    Whether Plaintiffs wanted to participate in women's varsity wrestling
13    throughout their years at U.C. Davis, wanted U.C. Davis to reinstate or add women's wrestling
14    as a varsity sport throughout their enrollment at U.C. Davis, and would have wrestled if U.C.
15    Davis had provided varsity wrestling opportunities for women.

16    13.    Whether individual Defendants Larry Vanderhoef, Robert Franks, Greg
17    Warzecka, and Pam Gill-Fisher were state actors for purposes of 42 U.S.C. § 1983.

18    14.    Whether as Chancellor of U.C. Davis, Defendant Larry Vanderhoef was
19    ultimately responsible for U.C. Davis's athletics program, its compliance with gender equity
20    laws, and its obligations not to discriminate on the basis of sex.

21    15.    Whether as Assistant Vice Chancellor with oversight responsibilities for
22    intercollegiate athletics, Defendant Robert Franks was responsible for U.C. Davis's Athletics
23    program, its compliance with gender equality laws, and its obligations not to discriminate on the
24    basis of sex.

25    16.    Whether, as the athletic director at U.C. Davis, Defendant Greg Warzecka is/was
26

10

1  responsible for U.C. Davis's athletic program, its compliance with gender equity laws, and its
2  obligations not to discriminate on the basis of sex.

3      17.    Whether, as the associate athletic director and senior woman administrator at
4  U.C. Davis, Defendant Pam Gill-Fisher was responsible for U.C. Davis's athletic program, its
5  compliance with gender equity laws, and its obligations not to discriminate on the basis of sex.

6      18.    Whether all of the Defendants failed to meet their responsibilities to ensure that
7  U.C. Davis complies with gender equity laws and that U.C. Davis does not discriminate on the
8  basis of sex.

9      19.    Whether internal U.C. Davis documents, including memorandum, letter to
10 coaches, and e-mails, sent between 1973 and 2002, demonstrate knowledge of all Defendants
11 that U.C. Davis was not ensuring gender equity for it female intercollegiate athletics and Title
12 IX compliance shortfalls.

13     20.    Whether U.C. Davis administrators eliminated varsity wrestling opportunities for
14 women in October 2000, and in so doing, removed Plaintiffs Ng and Mansourian from the
15 program on the basis is sex.

16     21.    Whether Plaintiffs were deprived of an equal opportunity to play sports until their
17 graduation.

18     22.    Whether each Individual Defendant participated in and/or ratified the decision to
19 eliminate/refuse addition of women's varsity wrestling opportunities, including the specific
20 decision to remove plaintiffs from the roster.

21     23.    Whether each of the Individual Defendants treated men and women (including
22 Plaintiffs) differently in the provision of intercollegiate athletic participation opportunities
23 program-wide and by eliminating female participation opportunities, including in wrestling.

24     24.    Whether each Individual Defendant created gender-based classification for
25 Plaintiffs and other women athletes at U.C. Davis without justification.

26     25.    Whether any of the individual Defendants intentionally discriminate against any

11

1  of the Plaintiffs, or whether any of the individual Defendants were deliberately indifferent to the

2  rights of female students to have an opportunity to participate in intercollegiate athletics at U.C.

3  Davis equal to the opportunity provided to male students.

4        26.    Whether Plaintiffs were harmed by Defendants' actions.

## V. EVIDENTIARY ISSUES/MOTIONS IN LIMINE

**A.    Plaintiff Anticipates The Following Evidentiary Issues Will Be The Subject of Motions In Limine**

Plaintiffs anticipate filing motions *in limine* related to the following subject areas:

1.    To exclude of any data, testimony, or information not timely disclosed pursuant to Rule 26/use of documents requested, but not produced;

2.    To exclude and/or limit evidence contrary to stipulations reached by parties;

3.    To exclude evidence outside the relevant time period of the case;

4.    To exclude irrelevant evidence related to Michael Burch;

5.    To exclude irrelevant evidence related to Plaintiffs;

6.    To exclude the NCAA and emerging sports evidence for purpose of demonstrating Title IX compliance;

7.    To exclude information related to Office for Civil Rights investigation and resolution for purpose of demonstrating Title IX compliance;

8.    To exclude other evidence irrelevant to legal issues of the case;

9.    To exclude evidence contrary to law of the case;

10.    To exclude evidence contrary to Defendants' judicial admissions or evidence otherwise deemed admitted;

11.    To exclude evidence challenging status of Plaintiffs as participants or members of the varsity wrestling program or any evidence to suggest that they did not have a "true varsity experience";

12. To exclude of evidence of interest, ability, competition in wrestling as irrelevant, including for purpose of establishing standing;

13. To exclude non-party, non-expert witnesses from the courtroom prior to testimony.

**B. Defendant Anticipates The Following Evidentiary Issues Will Be The Subject of Motions In Limine**

Defendants anticipate filing motions *in limine* related to the following subject areas:

1. To exclude evidence relating to the proportionality between undergraduate enrollment gender numbers and athletic participation gender numbers is irrelevant.

2. To exclude evidence of the UNIVERSITY settlement in the *Brust, et al. v. Regents of the University of California, et al.,* Case # 2:07-CV-01488-FCD-EFB case, as irrelevant to the claims raised in this case.

3. To exclude evidence relating to the reasons for non-renewal of former wrestling coach, Burch's contract as irrelevant, as the Court has dismissed Plaintiffs' claim for retaliation in violation of Title IX, including their allegation that the UNIVERSITY failed to renew Burch's contract in an effort to retaliate against them.

4. To exclude evidence relating to the fact that Burch filed a lawsuit against the UNIVERSITY and the individual Defendants.

5. To exclude any evidence that runs contrary to the order of the District Court for the Northern District of California, based on a stipulation, stating that the documents issued by the OCR speak for themselves and none of the parties will seek to introduce evidence regarding the OCR's investigation via a FOIA request.

6. To exclude evidence relating to any litigation filed by Terry Patraw against Cary Groth.

13

1    In limine motions shall be filed **by Thursday, May 5, 2011 at 5:00 p.m..**

2    Opposition, if any, must be filed **by Wednesday, May 11, 2011 at 5:00 p.m.. Reply, if any,**

3    **must be filed by Friday, May 13, 2011 at 5:00 p.m..** In limine motions will be heard on

4    **Friday, May 20, 2011 at 1:30 p.m.**

5                                    **VI. RELIEF SOUGHT**

6    Plaintiffs seek actual damages (including lost educational opportunities), compensatory

7    damages (including for humiliation, mental anguish, and emotional distress), declaratory relief,

8    and award of attorneys' fees and cost of suit, plus interest at the prevailing rate.

9                              **VII. POINTS OF LAW/TRIAL BRIEFS**

10   A.      The parties cite the following points of law:

11   **Plaintiffs' Points of Law**

12   **Claim One:**

13   Defendant Regents has violated Title IX of the Education Amendments of 1972, which

14   prohibits discrimination on the basis of sex in intercollegiate athletic programs, by failing to

15   effectively accommodate the interest and abilities of both sexes in intercollegiate sports at U.C.

16   Davis. The Regents discriminated against Plaintiffs by eliminating women's wrestling[2] and

17   depriving them of an equal opportunity to play intercollegiate sports as required by Title IX, a

18   conclusion compelled by the following points of law:

19   1.      Defendant Regents stipulates and agrees that it is an educational institution that

20           accepts federal funds and is subject to Title IX. It also agrees that women were

21           the underrepresented sex during the period relevant to this case, as that term is

22           used in Title IX.

23   2.      As applied to intercollegiate athletics, the Department of Education's Title IX

24           regulations interpret the statute as requiring funding recipients to "provide equal

25   _____

26   [2]   The Court has previously ruled upon the viability of this claim. Plaintiffs have advised the
         Court that they will be filing a motion for reconsideration.

                                          14

1    athletic opportunity for members of both sexes." The regulations establish two

2    components of Title IX's equal athletic opportunity requirement: "effective

3    accommodation" and "equal treatment." "Effective accommodation" Title IX

4    requirements derive from the Title IX regulations which base Title IX

5    compliance in part on whether "the selection of sports and levels of competition

6    effectively accommodate the interests and abilities of members of both sexes."

7    Plaintiffs pursue only an effective accommodation theory for their Title IX claim

8    here.

9    3.   One method by which to determine whether a funding recipient has met its

10   "effective accommodation" obligation is a "Three-Part Test" drawn from the

11   1979 Policy Interpretation issued by the Department of Education's Office for

12   Civil Rights (OCR) and further elaborated in the OCR's 1996 Clarification, and

13   adopted by this Circuit. The Three-Part Test gives universities three options for

14   demonstrating compliance with Title IX: (1) showing substantial proportionality

15   (the number of women in intercollegiate athletics is proportionate to their

16   enrollment); (2) proving that the institution has a "history and continuing practice

17   of program expansion" for the underrepresented sex (in this case, women); or (3)

18   where the university cannot satisfy either of the first two options, establishing

19   that it nonetheless "fully and effectively accommodate[s]" the interests of

20   women. Analysis of the Three-Part Test is guided by interpreting guidelines,

21   clarifications, and case law.

22   4.   The parties disagree with respect to the burdens of proof for each prong, but

23   based on the stipulation set forth in section 14, item 2 below, they agree that

24   Plaintiffs will have no burden of proof at trial with respect to Prongs One

25   and Three. They agree that whether Plaintiffs prevail on their Title IX claim will

26   thus turn on The Regents' ability to meet its burden with respect to Prong Two.

15

Assessment of Prong Two will rely on the Title IX regulations, OCR guidelines and clarifications, and applicable case law.

5. The parties disagree about the "relevant time period" for this case, including what is the relevant time period for the "history" analysis of Prong Two. Defendant Regents contends (for the first time in this Joint Pretrial Statement) that U.C. Davis' athletics history from 1975 to 1995 is not relevant to the Prong Two analysis in this case. Defendants' proposed time limitation excluding a significant portion of its "history" finds no support in the Title IX statute, regulations, OCR guidance, or applicable case law.

6. The Regents violated Title IX and harmed Plaintiffs Ng, Mansourian, and Mancuso by failing to comply with Prong Two: U.C. Davis has neither a history nor a continuing practice of program expansion which was demonstrably responsive to the developing interest and abilities of female students during the relevant period.

7. The Regents violated Title IX and harmed Plaintiffs by eliminating existing varsity wrestling opportunities for Plaintiffs and other women, refusing to provide these female wrestling opportunities through the graduation date of each Plaintiff (when it was otherwise sponsoring a men's team in this contact sport), and by refusing to provide Plaintiffs and other women an equal opportunity to play intercollegiate sports, program-wide, for each day until each Plaintiff graduated.

8. As intercollegiate athletes harmed by the Regents' unlawful conduct, Plaintiffs indisputably have standing to bring suit. Their standing is not dependent upon an interest/ability/competition analysis.

16

1   9.   Plaintiffs may advance additional Title IX liability theories in their trial brief

2       depending upon stipulations reached between the parties and rulings by the Court

3       on evidentiary issues.

4   **Claim Two:**

5   Defendants Larry Vanderhoef, Greg Warzecka, Robert Franks, and Pam Gill-Fisher

6   (Individual Defendants) have violated the Equal Protection Clause of the Fourteenth

7   Amendment to the U.S. Constitution, as is enforced through 42 U.S.C. § 1983 ("Section 1983"),

8   as follows:

9   1.   Individual Defendants Vanderhoef, Warzecka, Franks, and Gill Fisher, acting

10      under color of state law, discriminated against Plaintiffs and women at U.C.

11      Davis in the provision of intercollegiate athletic opportunities.

12   2.   The discrimination was carried out intentionally or with deliberate indifference.

13   3.   Individual Defendants cannot meet their burden of showing an exceedingly

14      persuasive justification for that discrimination.

15   4.   Individual Defendants' conduct was willful, malicious, and oppressive.

16   5.   None of the Individual Defendants enjoy qualified immunity with respect to this

17      claim.

18   **Defendants' Points of Law**

19   **Title IX Claim**

20   1.   As a predicate matter, the Court must determine what the relevant time period is for

21   resolution of this claim. This issue relates to both the claim in general and the issue of standing.

22   2.   The Court must then determine whether, as a matter of law, the U.C. Davis

23   campus was in compliance with the effective accommodation of athletic interest aspect of Title

24   IX by using the three-part test established by the Office for Civil Rights. An educational

25   institution is permitted to choose among the prongs. Defendant REGENTS contends that it

26

17

1 | was in compliance under the second prong of the three-part test by demonstrating a history and
2 | practice of program expansion for the underrepresented sex (female).

3 | 3. Case law has established a shifting burden of proof for a Title IX effective
4 | accommodation claim. For purposes of this case only, Defendant REGENTS stipulates that
5 | during the time period it believes is relevant to this claim (fall of 1995 through December of
6 | 2005), the ratio of male and female participants in intercollegiate athletics was not always
7 | substantially proportionate to the ratio of male and female undergraduate enrollment at U.C.
8 | Davis. Defendant REGENTS also stipulates that during that time period, there was at least
9 | one sport for women that was not offered at the intercollegiate level for which there was (1) an
10 | expressed interest in competing at the intercollegiate level; (2) sufficient ability among
11 | interested students to compete at the intercollegiate level; and (3) arguably sufficient
12 | intercollegiate competition for that sport in the geographic area in which U.C. Davis usually
13 | competes. With this stipulation in place, the burden of proof shifts to the REGENTS to prove
14 | that during the relevant time period, it had a history and continuing practice of program
15 | expansion for the underrepresented sex (female). By entering into this stipulation, Defendant
16 | REGENTS does not agree to limit its ability to present evidence on why U.C. Davis selected
17 | certain sports (rowing, water polo, lacrosse and golf) for varsity status and not others.

18 | 4. The Court must also make a determination on the issue of standing.
19 | Defendants contend that since this is not a class action, Plaintiffs only have standing to assert a
20 | violation during the time they were enrolled as undergraduate students at U.C. Davis and were
21 | eligible for participation in intercollegiate athletics.

22 | **Equal Protection Claim under 42 U.S.C. § 1983**

23 | 1. In order to prevail on a § 1983 claim, a plaintiff must prove that an individual
24 | defendant acted under color of state law, and that his/her acts deprived the plaintiff of a right
25 | guaranteed under the laws of the United States. For § 1983 claims based on a theory of
26 | violation of the Equal Protection clause, Plaintiffs must prove that the individual Defendants

1   acted with the intent or purpose to discriminate against them because of their gender, or with
2   deliberate indifference to a known and established violation of the right to equal treatment
3   based on gender.

4       2.      To the extent Plaintiffs' Equal Protection claim is based on (1) the alleged
5   purposeful removal of them from the wrestling team based on gender; and (2) the alleged
6   imposition of permanent barriers to their participation in wrestling in the form of requiring
7   them to compete against males for a spot on the wrestling team roster, this Court has ruled the
8   claim is barred by the expiration of the statute of limitations. [Memorandum and Order on
9   Defendants' motion for summary judgment, Docket item 509, p. 22]. Thus, the only aspect of
10   this claim remaining for trial is an allegation that the individual Defendants engaged in
11   intentional discrimination on the basis of gender because of an alleged systemic failure by the
12   campus to effectively accommodate the athletic interests of its female students during the time
13   period in issue.

14       3.      The relevant time period for Plaintiffs' § 1983 claim is defined at the earliest by
15   the date each Plaintiff entered U.C. Davis, and at the latest by the date each left U.C. Davis,
16   subject to the Court's ruling that Plaintiffs' "discrete act" claims are time-barred. (see
17   subsection 2, above)

18       4.      In the context of the summary judgment motions filed on behalf of the
19   individual Defendants, the Court held there are triable issues of material fact that precluded it
20   from making a determination on the issue of qualified immunity. [Docket item 509]
21   Defendants will revisit that issue via a motion under F.R.C.P. 52 at the close of Plaintiffs' case
22   in chief.

23       B.      The parties are free to brief any additional points of law necessary for resolution
24   at trial.

25       C.      Counsel are directed to Local Rule 16-285 regarding the contents of trial briefs.

26

19

Trial briefs should be filed **by Thursday, May 5, 2011 at 5:00 p.m.. The parties may file responsive briefs by Wednesday, May 11, 2011 at 5:00 p.m..**

## VIII.  ABANDONED ISSUES

Plaintiffs do not have any abandoned issues.

In light of the Court's ruling on Defendants' motion for judgment on the pleadings (Dkt. 226) in regard to the claims asserted by Plaintiffs under state law, and their failure to challenge that ruling on appeal, Defendants will dismiss the third affirmative defense asserted in their answer, based on the immunities provided by the California Government Code.  In light of Plaintiffs' stipulated dismissal of the section 1983 claim against Defendant Regents of the University of California (Dkt. 25 at 3) Defendants will dismiss the fourth affirmative defense asserted it their answer based on sovereign immunity.  Defendants will also dismiss the fifth affirmative defense asserted in their answer, and, based on the ruling by the Ninth Circuit Court of Appeals on the issue of notice, will dismiss their seventh affirmative defense.  If Plaintiffs are not seeking recovery of punitive damages, Defendants will dismiss the eighth and ninth affirmative defenses.  All other affirmative defenses are preserved for trial.

## IV.  WITNESSES

Plaintiff anticipates calling the witnesses listed on **Attachment "A"**.

Defendant anticipates calling the witnesses listed on **Attachment "B"**.

Each party may call a witness designated by the other.

A.      No other witnesses will be permitted to testify unless:

(1)      The party offering the witness demonstrates that the witness is for the purpose of rebutting evidence which could not be reasonably anticipated at the Pretrial Conference, or

(2)      The witness was discovered after the Pretrial Conference and the proffering party makes the showing required in "B" below.

1       B.     Upon the post-Pretrial discovery of witnesses, the attorney shall promptly

2 inform the court and opposing parties of the existence of the unlisted witnesses so that the court

3 may consider at trial whether the witnesses shall be permitted to testify.  The evidence will not

4 be permitted unless:

5               (1)     The witnesses could not reasonably have been discovered prior to

6 Pretrial;

7               (2)     The court and opposing counsel were promptly notified upon discovery

8 of the witnesses;

9               (3)     If time permitted, counsel proffered the witnesses for deposition;

10               (4)     If time did not permit, a reasonable summary of the witnesses' testimony

11 was provided opposing counsel.

12       C.     The parties shall electronically file a  final copy of  their witness list no later

13 than **seven (7) days** prior to the start of trial.

14                       **V.  EXHIBITS, SCHEDULES AND SUMMARIES**

15       At present, the parties contemplate by way of a joint exhibits listed on **Attachment "C"**

16       At present, plaintiff contemplates by way of exhibits those listed on **Attachment "D"**.

17       At present, defendant contemplates by way of exhibits those listed on **Attachment "E"**.

18 Plaintiff's exhibits shall be listed numerically.  Defendant's exhibits shall be listed

19 alphabetically.  Joint exhibits shall be listed  numerically preceded the letter "J".  The parties

20 shall use the standard exhibit stickers provided by the court: pink for plaintiff,  blue for

21 defendant and yellow for joint..  All multi page exhibits shall be stapled or otherwise fastened

22 together and each page within the exhibit shall be numbered.  The list of exhibits shall not

23 include excerpts of depositions, which may be used to impeach witnesses.

24       Each party may use an exhibit designated by the other. **In the event that plaintiff(s)**

25 **and defendant(s) offer the same exhibit during trial, that exhibit shall be referred to by the**

26 **designation the exhibit is <u>first identified</u>.  The court cautions the parties to pay attention to**

1 | **this detail so that all concerned will not be confused by one exhibit being identified with**
2 | **both a number and a letter.**

3 A. No other exhibits will be permitted to be introduced unless:

4 (1) The party proffering the exhibit demonstrates that the exhibit is for the
5 purpose of rebutting evidence which could not be reasonably anticipated at the Pretrial
6 Conference; or

7 (2) The exhibit was discovered after the Pretrial Conference and the
8 proffering party makes the showing required in paragraph "B," below.

9 B. Upon the post-Pretrial discovery of exhibits, the attorneys shall promptly inform
10 the court and opposing counsel of the existence of such exhibits so that the court may consider
11 at trial their admissibility. The exhibits will not be received unless the proffering party
12 demonstrates:

13 (1) The exhibits could not reasonably have been discovered prior to Pretrial;

14 (2) The court and counsel were promptly informed of their existence;

15 (3) Counsel forwarded a copy of the exhibit(s) (if physically possible) to
16 opposing counsel. If the exhibit(s) may not be copied, the proffering counsel must show that he
17 has made the exhibit(s) reasonably available for inspection by opposing counsel.

18 C. As to each exhibit, each party is ordered to exchange copies of the exhibit
19 **no later than May 5, 2011, at 5:00 p.m..** Objections may be raised and will be heard during
20 the course of trial. In making the objection, the party is to set forth the grounds for the
21 objection. Each party is directed to present to Michele Krueger, Deputy Courtroom Clerk, the
22 original exhibits and one (1) copy for the court, **no later than 3:00 p.m. on the Thursday**
23 **before trial,** or at such earlier time as may be agreed upon. As to each exhibit which is not
24 objected to, it shall be marked and may be received into evidence on motion and will require no
25 further foundation. Each exhibit which is objected to will be marked for identification only.

26 D. The Court's copy shall be presented in a 3-ring binder(s) with a side tab

22

1    identifying each exhibit by number or letter.  Each binder shall be no larger than two and one

2    half (2 ½) inches in width and have an identification label on the front and side panel.  If this

3    requirement is not practicable, please contact the courtroom deputy seven (7) days prior to trial

4    to make other arrangements.

5      E.      The second copy provided by the parties  shall be in  a 3-ring binder(s), identical

6    to the Court's; containing the original exhibits, for use on the witness stand.

7                          **VI.  DISCOVERY DOCUMENTS**

8      A.      Filing Depositions.  It is the duty of counsel to ensure that any deposition which

9    is to be used at trial has been lodged  with the Clerk of the Court.  Counsel are cautioned that a

10    failure to discharge this duty may result in the court precluding use of the deposition or

11    imposition of such other sanctions as the court deems appropriate.  The Court does not require

12    courtesy copies sent to chambers.

13      B.      Use of Depositions.  The parties are ordered to file with the court and exchange

14    between themselves **not later than seven (7) calendar days before the trial** a statement

15    designating portions of depositions intended to be offered or read into evidence (except for

16    portions to be used only for impeachment or rebuttal).[3/]

17      C.      Interrogatories.  The parties are ordered to file with the court and exchange

18    between themselves **not later than seven (7) calendar days before trial** the portions of

19    Answers to Interrogatories which the respective parties intend to offer or read into evidence at

20    the trial (except portions to be used only for impeachment or rebuttal).

21                   **VII.  FURTHER DISCOVERY OR MOTIONS**

22         Pursuant to the court's Status Conference Order, all discovery and law and motion was to

23    have been conducted so as to be completed as of the date of the Pretrial Conference.  That order

24    is confirmed.  The parties are free to do anything they desire pursuant to informal agreement.

25    However, any such agreement will not be enforceable in this court.

26    [3/]      Note the stipulation on pages 25-26.

# VIII.  AUDIO/VISUAL EQUIPMENT

The parties are required to make a joint request, in writing to the Courtroom Deputy, Michele Krueger, **fourteen (14) calendar days prior to the commencement of trial** if they wish to reserve and arrange for orientation with all parties on the court's mobile audio/visual equipment for presentation of evidence.  The request shall be sent via email to: mkrueger@caed.uscourts.gov. There will be only one date and time set for such orientation, if necessary.  Because each courtroom is not individually equipped with the mobile audio/visual equipment, the equipment may already be reserved for another courtroom.  In such, case, the parties will need to consult with Ms. Krueger if they wish to furnish their own equipment and operator with the permanent equipment in the courtroom.

# IX.  STIPULATIONS[4]

The parties stipulate to the following:

1.      The University of California at Davis ("U.C. Davis") receives federal funds and is subject to Title IX.  For the purpose of the claims asserted in this lawsuit and during the relevant time period as determined by the Court, Defendant REGENTS does not contest that women were the underrepresented sex as that term is used in Title IX.

2.      For the purposes of this litigation only, Defendant REGENTS stipulates that during the time period it believes is relevant to the Title IX claim, the ratio of male and female participants in intercollegiate athletics was not always substantially proportionate to the ratio of male and female undergraduate enrollment at U.C. Davis.  Defendant REGENTS further stipulates that during that time period, there was at least one sport for women that was not offered at the intercollegiate level for which there was (1) an expressed interest in competing at the intercollegiate level; (2) sufficient ability among interested students to compete at the intercollegiate level; and (3) arguably sufficient intercollegiate competition for that sport in the

---

[4] At the final pretrial conference the parties indicated they may provide amended stipulations regarding the Title IX, which may replace the following.

1  geographic area in which U.C. Davis usually competes. Based on this stipulation by Defendant
2  REGENTS, the parties stipulate that Plaintiffs are relieved of their burden of proof with respect
3  to Prong One and Prong Three of Title IX's Three-Prong Test to establish a violation of Title
4  IX. Defendant REGENTS shall bear the burden of proving that it was in compliance under
5  Prong Two during the period of time it considers to be relevant to the Title IX claim. By
6  entering into this stipulation, Defendant REGENTS does not agree to limit its ability to offer
7  evidence on why U.C. Davis selected certain sports (rowing, water polo, lacrosse and golf) for
8  varsity status and not others. By entering into this stipulation, Plaintiffs does not agree to limit
9  their ability to offer evidence related to sports other than wrestling as necessary.

10      3.      The parties agree that where necessary due to scheduling issues, witnesses may
11  be called out of order.

12      4.      To expedite the trial in this matter, the parties agree that deposition testimony
13  from the following witnesses may be used in lieu of live testimony, subject to any and all
14  objections to such testimony:

15      •      Allen, Lee Dale

16      •      Bailo, Kent

17      •      Butler, Gillian

18      •      Cardone, Jennifer

19      •      Catlett, Emily (formerly Plesser)

20      •      Chiang, Nancy

21      •      Collier, Michael

22      •      Dunham, David

23      •      Garcia, Adrian

24      •      Ong, Janet

25      •      Hong, Charlie

26      •      Johnston, Afsoon Roshan

25

1      •     Miller, Scott

2      •     Miranda, Patricia

3      •     Radzinski, Jill

4      •     Redman, Robert

5      •     Robinson, Mary Claire

6      •     Robles, Mike

7      •     Roppeau, Michelle

8      •     Sakaki, Judy

9      •     Scott, Summer

10     •     Shaffrath, James

11     •     Vochatzer, Jon

12     •     Walters, Wendy

13     5.    Defendants stipulate to the authenticity and admissibility of the following

14 documents for the purpose of setting forth Defendants' position with respect to some budget

15 items of the UCD athletic department:  Deposition Exhs. 960, 962, and 2087, Document bates

16 number DEF 1905.

17 The parties intend to file stipulations on the following additional issues before trial:

18      •     Stipulation regarding the handling of confidential documents at trial; and

19      •     Stipulation regarding the authenticity and admissibility of exhibits.

20                         **X.  AMENDMENTS/DISMISSALS**

21     The parties do not anticipate any amendments to pleadings, dismissal, additions or

22 substitution of parties.

23                         **XI.  SEPARATE TRIAL OF ISSUES**

24     Trial on issues solely related to the punitive damage claim will immediately follow trial

25 of the other issues if the jury finds such damages are recoverable.

26

## XII.  IMPARTIAL EXPERTS/LIMITATION OF EXPERTS

Parties do not believe an appointment by the Court is advisable.

## XIII.  ATTORNEYS' FEES

The matter of the award of attorneys' fees to prevailing parties pursuant to statute will be handled by motion in accordance with Local Rule 54-293.

## XIX.  ESTIMATE OF TRIAL TIME/TRIAL DATE

A court trial is scheduled for **May 23, 2011**.  The estimated length of trial is 13 days.

Counsel are to call Michele Krueger, Courtroom Deputy, at (916) 930-4163, **twenty-one (21) calendar days prior to trial** to ascertain the status of the trial date.

## XVII.  OBJECTIONS TO PRETRIAL ORDER

Each party is granted **seven (7)** *calendar* **days from the date of this Pretrial Order** to object to it or augment it.

IT IS SO ORDERED.

DATED: *April 26, 2011*

FRANK C. DAMRELL, JR.
United States District Judge.

27

*Mansourian et al. v. Regents of the University of California*
Case No. S-03-2591 FCD-EFB

## Schedule A

### PLAINTIFFS' TRIAL WITNESS LIST

### 1.  **Percipient Witnesses Expected to be Called at Trial**

| Witness | Address | Scope of Testimony |
|---|---|---|
| Burch, Michael | c/o Plaintiffs' Counsel THE STURDEVANT LAW FIRM 354 Pine Street, Fourth Flr. San Francisco, CA 94104 Telephone: 415-477-2410 Facsimile: 415-477-2420 | Michael Burch is the former varsity wrestling coach at the University of California Davis Campus ("UC Davis"). He will testify regarding the history of varsity women's wrestling at UC Davis, the varsity wrestling experience of Plaintiffs at UC Davis, and the elimination of women from the varsity wrestling team. |
| Catlett, Emily (formerly Emily Plesser) | c/o Plaintiffs' Counsel THE STURDEVANT LAW FIRM 354 Pine Street, Fourth Flr. San Francisco, CA 94104 Telephone: 415-477-2410 Facsimile: 415-477-2420 | Emily Catlett is the former coach of the U.C. Davis varsity women's rowing team. She will testify regarding the history of the women's rowing team, the varsity experience of the team members, and team roster size and management. |
| Chiang, Nancy | c/o Plaintiffs' Counsel THE STURDEVANT LAW FIRM 354 Pine Street, Fourth Flr. San Francisco, CA 94104 Telephone: 415-477-2410 Facsimile: 415-477-2420 | Nancy Chiang is a former member of the UC Davis wrestling team. She will testify regarding the varsity wrestling experience at UC Davis. |
| Franks, Robert | c/o Defense Counsel PORTER │ SCOTT PO Box 255428 Sacramento, CA 95865 Telephone: 916-929-1481 Facsimile: 916-927-3706 | Robert Franks is a Defendant and the former Associate Vice Chancellor for Student Affairs at UC Davis. He will testify regarding the history of sports and female opportunities at UC Davis, UC Davis' policies and practices regarding Title IX, varsity wrestling at UC Davis, and the elimination of women and from the varsity wrestling team. |

# SCHEDULE A
## PLAINTIFFS' WITNESS LIST

| Witness | Address | Scope of Testimony |
|---------|---------|--------------------|
| Gill-Fisher, Pam | c/o Defense Counsel<br>PORTER │ SCOTT<br>PO Box 255428<br>Sacramento, CA 95865<br>Telephone: 916-929-1481<br>Facsimile: 916-927-3706 | Pam Gill-Fisher is a Defendant and is the former Senior Associate Athletic Director and Senior Woman Administrator at UC Davis. She will testify regarding the history of the athletic program and Title IX compliance at UC Davis, UC Davis' policies and practices regarding Title IX, varsity wrestling at UC Davis, and the elimination of women from the varsity wrestling team. |
| Johnston, Afsoon | c/o Plaintiffs' Counsel<br>THE STURDEVANT LAW FIRM<br>354 Pine Street, Fourth Flr.<br>San Francisco, CA 94104<br>Telephone: 415-477-2410<br>Facsimile: 415-477-2420 | Afsoon Johnston is a former member of the UC Davis wrestling team. She will testify regarding the varsity wrestling experience at UC Davis, and the history of women's wrestling at UC Davis. |
| Maben, Michael | c/o Plaintiffs' Counsel<br>THE STURDEVANT LAW FIRM<br>354 Pine Street, Fourth Flr.<br>San Francisco, CA 94104<br>Telephone: 415-477-2410<br>Facsimile: 415-477-2420 | Michael Maben is a former Team Captain of the UC Davis wrestling team. He will testify regarding the varsity wrestling experience at UC Davis, the history of women wrestling at UC Davis, and the elimination of women from the varsity wrestling team. |
| Mancuso, Lauren | c/o Plaintiffs' Counsel<br>THE STURDEVANT LAW FIRM<br>354 Pine Street, Fourth Flr.<br>San Francisco, CA 94104<br>Telephone: 415-477-2410<br>Facsimile: 415-477-2420 | Lauren Mancuso is a Plaintiff. She will testify regarding her plans and intention to wrestle at UC Davis, her varsity wrestling experience at UC Davis and the elimination of women from the varsity wrestling team. |
| Mansourian, Arezou | c/o Plaintiffs' Counsel<br>THE STURDEVANT LAW FIRM<br>354 Pine Street, Fourth Flr.<br>San Francisco, CA 94104<br>Telephone: 415-477-2410<br>Facsimile: 415-477-2420 | Arezou Mansourian is a Plaintiff. She will testify regarding her varsity wrestling experience at UC Davis and the elimination of women from the varsity wrestling team. |

# SCHEDULE A
## PLAINTIFFS' WITNESS LIST

| Witness | Address | Scope of Testimony |
|---------|---------|--------------------|
| Ng, Christine Wing-Si | c/o Plaintiffs' Counsel<br>THE STURDEVANT LAW FIRM<br>354 Pine Street, Fourth Flr.<br>San Francisco, CA  94104<br>Telephone: 415-477-2410<br>Facsimile:  415-477-2420 | Christine Wing-Si Ng is a Plaintiff.  She will testify regarding her varsity wrestling experience at UC Davis and the elimination of women from the varsity wrestling team. |
| Shimek, Dennis | c/o Defense Counsel<br>PORTER │ SCOTT<br>PO Box 255428<br>Sacramento, CA 95865<br>Telephone: 916-929-1481<br>Facsimile:  916-927-3706 | Dennis Shimek is the former Senior Associate Vice Chancellor and Special Advisor to the Chancellor for Human at UC Davis.  He was also UC Davis' Title IX Compliance Officer.  He will testify regarding the history of the athletic program and Title IX compliance at UC Davis, UC Davis' policies and practices regarding Title IX, varsity wrestling at UC Davis, and the elimination of women from the varsity wrestling team. |
| Swanson, Larry | c/o Defense Counsel<br>PORTER │ SCOTT<br>PO Box 255428<br>Sacramento, CA 95865<br>Telephone: 916-929-1481<br>Facsimile:  916-927-3706 | Larry Swanson is the former Associate Director of Athletics at UC Davis.  He will testify regarding the history of the athletic program and Title IX compliance at UC Davis, UC Davis' policies and practices regarding Title IX, varsity wrestling at UC Davis, and the elimination of women from the varsity wrestling team. |
| Vanderhoef, Larry | c/o Defense Counsel<br>PORTER │ SCOTT<br>PO Box 255428<br>Sacramento, CA 95865<br>Telephone: 916-929-1481<br>Facsimile:  916-927-3706 | Larry Vanderhoef is a Defendant and the former Chancellor at UC Davis.  He will testify regarding the history of the athletic program and Title IX compliance at UC Davis, UC Davis' policies and practices regarding Title IX, varsity wrestling at UC Davis, and the elimination of women from the varsity wrestling team. |
| Warzecka, Gregory | c/o Defense Counsel<br>PORTER │ SCOTT<br>PO Box 255428<br>Sacramento, CA 95865<br>Telephone: 916-929-1481<br>Facsimile:  916-927-3706 | Gregory Warzecka is a Defendant and the Athletic Director at UC Davis.  He will testify regarding the history of the athletic program and Title IX compliance at UC Davis, UC Davis' policies and practices regarding Title IX, varsity wrestling at UC Davis, and the elimination of women from the varsity wrestling team. |

# SCHEDULE A
## PLAINTIFFS' WITNESS LIST

| Witness | Address | Scope of Testimony |
|---|---|---|
| Williams, Keith | c/o Plaintiffs' Counsel THE STURDEVANT LAW FIRM 354 Pine Street, Fourth Flr. San Francisco, CA 94104 Telephone: 415-477-2410 Facsimile: 415-477-2420 | Keith Williams is a former Athletic Director at UC Davis. He will testify regarding the history of the athletic program and Title IX compliance at UC Davis. |

**2.    Expert Witnesses Expected to be Called at Trial**

| Witness | Address | Scope of Testimony |
|---|---|---|
| Lopiano, Ph.D., Donna A. | Sports Management Resources 60 Harvest Moon Road Easton, CT 06612 Telephone: 203-371-8577 | Plaintiffs' expert witness. |

**3.    Witness Expected to be Presented Through Deposition Designation**

| Witness |
|---|
| Allen, Lee Dale |
| Bailo, Kent |
| Catlett, Emily (formerly Emily Plesser) |
| Collier, Michael |
| Dunham, David |
| Garcia, Adrian |
| Gong, Janet C. |
| Hong, Charlie |
| Johnston, Afsoon |
| Miller, Scott |
| Miranda, Patricia |
| Radzinski, Jill |

# SCHEDULE A
## PLAINTIFFS' WITNESS LIST

| Witness |
|---|
| Redman, Robert A. |
| Robles, Mike |
| Sakaki, Judy |
| Scott, Summer |
| Shaffrath, M.D., James |
| Vorchatzer, Jon |

Additional rebuttal or cross-examination witnesses may be added by either being called to testify at trial or through deposition designation in response to exhibits, facts, or witnesses proposed by Defendants. Plaintiffs also reserve their right to call witnesses being designated by deposition designation or declaration in person.

*Mansourian et al. v. Regents of the University of California*
Case No. S-03-2591 FCD-EFB

### Schedule B

### DEFENDANTS' TRIAL WITNESS LIST

## 1. Percipient Witnesses (live testimony[1])

**a. Carissa Adams:** Adams was the head coach for women's rowing from 2007 until that sport was discontinued in the spring of 2010. Prior to serving as head coach, she was the assistant coach. Adams will testify about the nature of rowing, why the squad sizes were large, why there were fluctuations in the size of the U.C. Davis rowing squads, and related topics pertaining to rowing at U.C. Davis.

**b. Cris Brines:** Brines was a member of the U.C. Davis wrestling team from 2000 to 2004. He will testify about events pertaining to the wrestling team during the 2000/2001 school year.

**c. Kathy DeYoung:** DeYoung is the former long term head coach of women's softball at U.C. Davis. She was the head coach of the women's golf team from its inception in 2004 until her retirement in 2008. She will testify about U.C. Davis women's intercollegiate athletics, including the golf team.

**d. Bob Franks:** Franks is the former Associate Vice Chancellor for Student Affairs and a Defendant. He will testify about the continuing history and practice of expansion of women's athletics at U.C. Davis, compliance with Title IX, his interaction with the Plaintiffs in 2000/2001 and all other topics related to his defense against the allegation that he discriminated against Plaintiffs on the basis of their gender.

**e. Pam Gill-Fisher:** Gill-Fisher is the former Senior Associate Athletic Director for U.C. Davis and a Defendant. She will testify about the continuing history and

---

[1] As of the time of submission of this list, counsel for Defendants has a good faith belief that the time allotted for the presentation of the defense case will be sufficient to call these witnesses in person. Should that change for reasons outside the reasonable control of defense counsel, the Court and opposing counsel will be notified so that each side can designate portions of deposition testimony in lieu of live testimony.

practice of expansion of women's athletics at U.C. Davis, compliance with Title IX, her efforts to enhance women's athletics, women wrestlers, former coach Burch's approach to women wrestlers, development of sports from the club level to varsity level, her interaction with women wrestlers including Plaintiffs, and all other topics related to her defense against the allegation that she discriminated against Plaintiffs on the basis of their gender.

f.  **Mary Claire Robinson:**  Robinson is the head coach for women's soccer at U.C. Davis. She will testify about women's athletics at U.C. Davis and her experience with Plaintiff MANCUSO, including her sponsored admission.

g.  **Dennis Shimek:**  Shimek is the former Senior Associate Vice Chancellor for Human Resources at U.C. Davis, and served as the campus Title IX compliance officer for many years. He will testify about the campus' commitment to Title IX compliance and its efforts in that regard, his actions as the compliance officer, his involvement with the issues pertaining to the women wrestlers, and his involvement with the Office for Civil Rights regarding the complaint filed by MANSOURIAN and NG, as well as related subject.

h.  **Larry Swanson:**  Swanson is a former Associate Athletic Director for U.C. Davis. During the time that Plaintiffs were enrolled at U.C. Davis, he was the A.A.D. who supervised the sport of wrestling. Swanson will testify about issues and events that took place in the 2000/2001 school year relating to Plaintiffs, and related issues.

i.  **Helen Thomson:**  Thomspon was a member of the California Assembly who involved herself in the women's wrestling issue in 2000/2001. She will testify about that involvement and related issues.

j.  **Larry Vanderhoef:**  Vanderhoef is the former Chancellor of U. C. Davis and a Defendant. He will testify about issues related to his defense against the allegation that he discriminated against Plaintiffs on the basis of their gender.

k.  **Deanne Vochatzer:**  Vochatzer was the head coach for women's track at U.C. Davis until she retired in 2010. She will testify about the history and practice of expansion

of women's athletics on campus, women's intercollegiate athletics at U.C. Davis, the addition of indoor track as a sport, and the separate nature of indoor track and outdoor track.

**l.  Greg Warzecka:**  Warzecka has been the Athletic Director at U.C. Davis since 1995 and a Defendant.  He will testify about compliance with Title IX, the continuing history and practice of expanding the women's athletic program, issues pertaining to the women wrestlers, and  issues related to his defense against the allegation that he discriminated against Plaintiffs on the basis of their gender

**m.  Sue Williams:**  Williams is the former head coach for cross country track at U.C. Davis.  She will testify about the continuing history and practice of expanding the women's athletic program, women's intercollegiate athletics at U.C. Davis, and her involvement in issues pertaining to women's wrestling in 2000/2001.

**n.  Keith Williams:**  Williams is a former Athletic Director for U.C. Davis.  He will testify about the continuing history and practice of expanding the women's athletic program.

**o.  Jamey Wright:**  Wright is the head coach of women's water polo at U.C. Davis. He will testify about that sport and the reasons for fluctuation in the number of participants in water polo.

**p.  Lennie Zalesky:**  Zalesky was the head coach of wrestling at U.C. Davis from the fall of 2001 until that sport was discontinued in the spring of 2010.  He will testify about intercollegiate wrestling, selection of team members, issues pertaining to Plaintiffs' involvement with wrestling while he was the coach, and other related issues.

Defendants reserve the right to offer testimony of one or more of these witnesses via deposition or previous declarations, in the event there is not sufficient time to present live testimony during the time allotted for the defense side of the case.

## 2. **Expert Witnesses**

   **a. Christine Grant:** Grant is one of Defendants' expert witnesses. She will testify on the issues identified in her expert report.

   **b. Cary Groth:** Groth is one of Defendants' expert witnesses. She will testify on the issues identified in her expert report.

## 3. **Witnesses offered through deposition testimony or declarations**

   **a. Bob Bullis:** Bullis was an Associate Athletic Director at U.C. Davis during the time in issue. He will testify about submission of the proposal for golf being added as an intercollegiate sport for women. [via declaration]

   **b. Gillian Butler:** Butler is the U.C. Davis Director of Student Affairs Research Information (SARI). She will testify about the results of surveys done on student interest in athletics. [via declaration]

   **c. Jennifer Cardone:** Cardone is the Assistant Athletic Director at U.C. Davis responsible for compliance issues. She will testify about eligibility issues, compliance with NCAA regulations, her involvement in attempting to secure compliance by certain female wrestlers with paperwork requirements and actions taken to do so, the lack of any schedule of competition for women wrestlers, and issues pertaining to former coach Burch's treatment of women wrestlers and lack of complaints from them regarding such. [via declaration and deposition excerpts]

   **d. Nancy Chiang:** Chiang is a former Plaintiff. She will testify about her experience in wrestling. [via deposition excerpts]

   **e. Michelle Roppeau:** Roppeau is the Director of Athletic Academic Advising at U.C. Davis. She will testify about athletic eligibility issues. [via declaration and deposition excerpts]

   **f. Joe Singleton:** Singleton was the Athletic Director at U.C. Davis from 1972 to the mid 1980's. Prior to serving in that role, he was a coach at U.C. Davis. Mr. Singleton will testify about the history and practice of expansion of the women's

athletic program on campus. [via declaration]

Defendants reserve the right to call these witnesses in person, amend this list in response to testimony or evidence provided by Plaintiffs, or amend this list in rebuttal to Plaintiffs' case in chief.

*Mansourian et al. v. Regents of the University of California*
Case No. S-03-2591 FCD-EFB

## Schedule C

### JOINT TRIAL EXHIBIT LIST

| Joint Ex. No. | Trial Description |
|---|---|
| 1 | 1995-1996 U.C. Davis Equity in Athletics Report (B080-87) (Depo. Ex. 15) |
| 2 | 1996-1997 U.C. Davis Equity in Athletics Report (B072-79) (Depo. Ex. 16) |
| 3 | 1997-1998 U.C. Davis Equity in Athletics Report (RPD1.2076-84) (Depo. Ex. 17) |
| 4 | 1998-1999 U.C. Davis Equity in Athletics Report (B050-61) (Depo. Ex. 18) |
| 5 | 1999-2000 U.C. Davis Equity in Athletics Report (B038-049) (Depo. Ex. 19) |
| 6 | 2000-2001 U.C. Davis Equity in Athletics Report (B012-37) (Depo. Ex. 20) |
| 7 | 2001-2002 U.C. Davis Equity in Athletics Report (B001-11) (Depo. Ex. 21) |
| 8 | 2002-2003 U.C. Davis Equity in Athletics Report (UC 03965-3989) (Depo. Ex. 21A) |
| 9 | 2003-2004 U.C. Davis Equity in Athletics Report (MAN 0645-686) (Depo. Ex. 543) |
| 10 | 2004-2005 U.C. Davis Equity in Athletics Report (RPD3.1084-1135) |
| 11 | 2005-2006 U.C. Davis Equity in Athletics Report (RPD3.1151-201) |
| 12 | Article on Women's Sports Foundation website entitled: "Co-Ed Participation - Issues Related to Girls and Boys Competing with and Against Each Other in Sports and Physical Activity Settings: The Foundation Position" (8 pages) (Depo. Ex. 815) |
| 13 | Undated Document showing history of sports at U.C. Davis (RPD1.2883) (Depo. Ex. 204) |
| 14 | 5/27/1970 The Davis View: Intercollegiate Athletics at Davis (FP 00744-753) |
| 15 | 1/19/1972 U.C. Davis Report for the Intercollegiate Athletic Advisory Board Submitted by the Women's Intercollegiate Athletic Committee (FP 00773-783) |
| 16 | 7/17/1978 Memorandum to Robert S. Downie from Joe Singleton re Title IX Review (FP 00768-772) |
| 17 | 1991 Report of the Title IX Review Committee (UC 03724-3803) (Depo. Ex. 324) |
| 18 | 6/27/1991 Memorandum from Pam Gill-Fisher to Jim Sochor re: Title IX Review (DEF07373-7376) (Depo. Ex. 2100) |
| 19 | 12/20/1991 Memorandum from Pam Gill-Fisher to Dennis Shimek, Keith Williams, and Larry Swanson re: Title IX Report (DEF07371-7372) (Depo. Ex. 2103) |
| 20 | 1992 Women's Sports Foundation brochure entitled "Playing Fair: A Women's Sports Foundation Guide to Title IX in High School & College Sports" by Kathryn M. Reith (4th Ed.) (26 pages) (Depo. Ex. 812) |

# SCHEDULE C
## JOINT TRIAL EXHIBIT LIST

| Joint Ex. No. | Trial Description |
|---|---|
| 21 | 6/5/1992 Memorandum from Pam Gill-Fisher to Keith Williams re: Title IX Update (DEF07377-7379) (Depo. Ex. 2105) |
| 22 | 11/9/1992 Letter to Keith Williams from Pam Gill-Fisher regarding Title IX Compliance (RPD1.2434-35) (Depo. Ex. 924) |
| 23 | 12/7/1992 U.C. Davis Department of Physical Education memorandum from Pam Gill-Fisher to Bob Chason re: Title IX and Participant Numbers (DEF07328-7329) (Depo. Ex. 2107) |
| 24 | 4/26/1993 Memorandum to Dennis Shimek from Keith R. Williams re Responses to Title IX questions (RPD1.2436-2439) (Depo. Ex. 925 & 990) |
| 25 | 5/18/1993 Memorandum from Keith Williams re Developing a Plan for Title IX Compliance (DEF07342-7343) (Depo. Ex. 2116) |
| 26 | 9/1/1994 Memorandum to Dennis Shimek and Keith Williams from Pam Gill-Fisher regarding Title IX Review (RPD1.2945-2946) (Depo. Exs. 318 & 991) |
| 27 | October 1994 Draft of "Current Status, Pending Issues, and Long Range Plan for Intercollegiate Athletics" (DEF07289-7298) (Depo. Ex. 2119) |
| 28 | 1995 Women's Crew Club Sport Proposal for Varsity Status (FP 00895-00953) |
| 29 | 1995 Women's Lacrosse Club Sport Proposal for Varsity Status (FP 00855-00894) |
| 30 | 1995 Women's Water Polo Club Sport Proposal for Varsity Status (21 pages) (Depo. Ex. 491) |
| 31 | 1/31/1995 Memorandum from Keith Williams to "prospective new women's sports advisory committee members" re committee membership (RPD1.2186-2206) (Depo. Ex. 323) |
| 32 | 4/10/1995 Keith Williams memo to Prospective New Women's Sports Advisory Committee members re "Membership on committee to advise on the selection of new women's ICA sports" (RPD1.2204-2206) (Depo. Ex. 475) |
| 33 | May 1995 Memoranda regarding new women's sports (RPD1.2207-2214) (Depo. Ex. 322) |
| 34 | 6/30/1995 U.C. Davis Intercollegiate Athletics Memorandum from Keith Williams to Robert Franks re: Recommendations Regarding the Addition of New Women's Sports (DEF07182-7187) |
| 35 | 12/10/1996 Pam Gill-Fisher Memorandum to Greg Warzecka re Equity in Athletics Disclosure (RPD1.2183-2184) (Depo. Ex. 213) |
| 36 | 6/23/1997 The Women's Sports Foundation Gender Equity Report Card: A Survey of Athletic Opportunity in American Higher Education (21 pages) (Depo. Ex. 813) |

# SCHEDULE C
## JOINT TRIAL EXHIBIT LIST

| Joint Ex. No. | Trial Description |
|---|---|
| 37 | 12/12/1997 Letter to Robert Franks from Dave Wampler of U.C. Davis's Administrative Athletic Advisory Committee regarding the review of the 1996-97 NCAA Gender Equity Survey (with Robert Franks' January 13, 1998 response attached) (RPD1.2985-2987) (Depo. Ex. 320) |
| 38 | 1998-1999 Women's Track & Field Participation List (Indoor) (RPD2.39468, 39473, 39474, 39475) [CONFIDENTIAL] |
| 39 | 1998-1999 Wrestling Participation List (UC 01141-1165) (Depo. Ex. 95) [CONFIDENTIAL] |
| 40 | 1998-1999 Wrestling Roster (UC 00277) (Depo. Ex. 92) [CONFIDENTIAL] |
| 41 | 12/2/1998 Cal-NOW letter to Greg Warzecka signed by Linda Joplin with Greg Warzecka's 12/18/1998 response letter (RPD1.2999-3004) (Depo. Ex. 459) |
| 42 | 12/18/1998 Letter to Bob Grey from Dennis Shimek re reconstituting Title IX Work Group (LV2154-2158) (Depo. Ex. 926) |
| 43 | 5/30/1999 Draft Three-Year Plan that Assures Equity in Athletics for the Intercollegiate Athletics Program by the U.C. Davis Title IX Work Group (Shimek 1230-35) (Depo. Ex. 993) |
| 44 | 10/9/2000 Letter from Greg Warzecka to Michael Burch re roster management (UC 02239-2240) (Depo. Ex. 88) |
| 45 | 10/10/2000 Michael Burch email to Larry Swanson re roster management/history (UC 04747) (Depo. Ex. 89 & marked as part of Depo. Ex. 810) |
| 46 | 10/30/2000 Memorandum to Larry Swanson from Michael Burch enclosing roster (UC 00275-276) (Depo. Exs. 29 & 90) |
| 47 | January 2001 Brochure for Fifteenth Annual Aggie Open at U.C. Davis (MAN 0889-914) (Depo. Ex. 669) |
| 48 | 2001-2002 Equity in Athletics Plan (RPD1.1357-79) (Depo. Ex. 992) |
| 49 | U.C. Davis Equity in Athletics Plan (UC 04021-4030) (Depo. Ex. 195) with 2001-2002 cover memorandum from Title IX Work Group (UC 04133) (Depo. Ex. 199) |
| 50 | 2001-2003 Roster Change Designation forms for wrestling (RPD2.01285, 1289, 1290) (marked as part of Depo. Ex. 338) [CONFIDENTIAL] |
| 51 | 1/22/2001 Greg Warzecka email to Michael Burch re January 22, 2001 meeting with women wrestlers (B332) (Depo. Ex. 37 & marked as part of Depo. Ex. 810) |
| 52 | Title IX Work Group Report re: A Three Year Plan that Assures Equity in Athletics (GONG 016-26) (Depo. Ex. 564) |
| 53 | 4/30/2001 Letter to Greg Warzecka, Pam Gill-Fisher and Larry Swanson from Christine Ng, Sam Reinis, and Arezou Mansourian re filing OCR complaint (UC 02183) (Depo. Ex. 32) |

# SCHEDULE C
## JOINT TRIAL EXHIBIT LIST

| Joint Ex. No. | Trial Description |
|---|---|
| 54 | 5/3/2001 Letter to Larry Vanderhoef from Helen Thomson re women wrestlers (B213-214) (Depo. Ex. 26) |
| 55 | 5/9/2001 Greg Warzecka letter to Michael Burch re women wrestlers (UC 02801) (Depo. Ex. 27 & 34; marked as part of Depo. Ex. 810) |
| 56 | 5/10/2001 Robert Franks email to women wrestlers re reinstatement (UC 00339) (Depo. Ex. 33 & 42) |
| 57 | 5/11/2001 Robert Franks email to women wrestlers re follow up to yesterday's meeting (UC 00332) (Depo. Ex. 35) |
| 58 | 5/17/2001 Email to Arezou Mansourian, Christine Ng, and Samantha Reinis from Robert Franks regarding roster caps (UC 00323) (Depo. Ex. 36) |
| 59 | 5/22/2001 Letter to Tony Cardenas from Helen Thomson re U.C. Davis complaint (UC 01098 & RPD1.1261) (Depo. Ex. 117 (UC 01098 only)) |
| 60 | 5/30/2001 Letter from Robert Grey to Helen Thomson (UC 01070-1071) (Depo. Ex. 118) |
| 61 | 5/31/2001 Letter to Larry Vanderhoef from Robert E. Scott of the OCR regarding the first complaint of the women wrestlers (UC 02292-2293) (Depo. Ex. 115) |
| 62 | 2000-2001 Wrestling Roster (UC 01128-1129) (Depo. Ex. 91) [CONFIDENTIAL] |
| 63 | 6/7/2001 Email from Jennifer Alley to distribution including Judy Sweet, Donna Lopiano, Christine Grant re Pam Gill-Fisher's re A Call for HELP! (3 pages) (Depo. Ex. 802 & 816) |
| 64 | 6/8/2001 Email to Pam Gill-Fisher from Donna Lopiano re women's wrestling in response to Pam Gill-Fisher's email re A Call for HELP! (JS 0040-0041) (Depo. Ex. 803, 804 & 817) |
| 65 | 6/10/2001 Larry Vanderhoef handwritten note to Helen Thompson (RPD1.1273 ) (Depo. Ex. 120) |
| 66 | 6/13/2001 Larry Vanderhoef response to 5/3/2001 Helen Thomson letter (B215-217) (Depo. Ex. 28) |
| 67 | 6/13/2001 Larry Vanderhoef handwritten note to Helen Thomson (RPD1.1275) (Depo. Ex. 121) |
| 68 | 6/14/01 Email from Michael Burch to Jennifer Cardone re GIA for women wrestlers (UC 00625) (Depo. Ex. 170) |
| 69 | 6/26/2001 Email from Michael Burch to Greg Warzecka re roster cap question (B211) (Depo. Ex. 151) |
| 70 | 8/16/2001 Letter from Helen Thomson to Larry Vanderhoef (RPD1.1283-1284) (Depo. Ex. 122) |
| 71 | 1/28/2002 Lennie Zalesky email to Lauren Mancuso re Aggie Open (MAN 0167-168) (Depo. Ex. 775) |

# SCHEDULE C
## JOINT TRIAL EXHIBIT LIST

| Joint Ex. No. | Trial Description |
|---|---|
| 72 | 2/3/2002 Email to Larry Swanson, Lennie Zalesky, and Larry Vanderhoef from Lauren Mancuso re Aggie Open (W035-37) (Depo. Ex. 774) |
| 73 | 11/15/2002 Email to Pam Gill-Fisher from Dennis Shimek regarding Title IX (Shimek 1578) (Depo. Ex. 994) |
| 74 | 3/14/2003 Packet sent to U.C. Davis sports clubs to apply for varsity status (GONG 070-75) (Depo. Ex. 498) |
| 75 | 2003 Women's Golf Club Sport Proposal for Varsity Status (MAN 0571-584) (Depo. Ex. 503) |
| 76 | 2003 Women's Bowling Club Sport Proposal for Varsity Status (MAN 0585-605) (Depo. Ex. 732) |
| 77 | 2003 Women's Horse Polo Club Sport Proposal for Varsity Status (MAN 0354-496) (MAN 0354-398 were marked as Depo. Ex. 501) |
| 78 | 2003 Women's Rugby Club Sport Proposal for Varsity Status dated 5/16/2003 (MAN 0606-637) (Depo. Ex. 500) |
| 79 | 2003 Women's Field Hockey Club Sport Proposal for Varsity Status dated 5/16/03 (MAN 0497-0570) (Depo. Ex. 502-A) (MAN 0497-518 were marked as Depo. Ex. 502) |
| 80 | 7/21/2003 Review of Women's Sports Proposals for Consideration of Sponsorship within the Intercollegiate Athletic Dept. (MAN 0336-0343) |
| 81 | 1/17/2004 Greg Warzecka memorandum to Judy Sakaki re new women's sports (UC 03864-3865) (Depo. Ex. 512) |
| 82 | Christine Grant Expert Witness Report (43 pages) (Marked as part of Depo. Ex. 855) |
| 83 | Christine Grant Resume |
| 84 | Donna Lopiano, Ph.D. Expert Report (24 pages) (Marked as part of Depo. Ex. 809) |
| 85 | Donna Lopiano Resume |
| 86 | 6/5/2007 Women's Sports Foundation Research Series brochure entitled "Who's Playing College Sports: Trends in Participation" - Executive Summary (4 pages) (Depo. Ex. 814A) |
| 87 | 6/5/2007 Women's Sports Foundation Research Series brochure entitled "Who's Playing College Sports: Trends in Participation Supplement" - "How are Colleges and Universities Doing?  Grading Participation, Documenting Expansion" (17 pages) (Depo. Ex. 814C) |
| 89 | 6/5/2007 Women's Sports Foundation Research Series brochure entitled "Who's Playing College Sports: Trends in Participation" - Main Report (17 pages) (Depo. Ex. 814B) |

*Mansourian et al. v. Regents of the University of California*
Case No. S-03-2591 FCD-EFB

## Schedule D

### PLAINTIFFS' TRIAL EXHIBIT LIST

| Plaintiffs' Ex. No. | Trial Description |
|---|---|
| 1 | Report on Women's Athletic Association for Intercollegiate Athletic Advisory Board by Barbara Heller, WAA Advisor; Judy Meyers, WAA Coordinator; Margaret Thomson, Past-President of WAA (FP 00758-762) |
| 2 | 1972-1973 through 2004-2005 Undergraduate enrollment numbers by gender (MAN 0949) |
| 3 | 1985-86 through 1988-89 Charts entitled: Bob Holly's List (DEF00636-643) |
| 4 | 1987 Memorandum to Thomas Dutton from Gale Mikles re Intercollegiate Athletics Planning Document 1987  (DEF01242-1258) |
| 5 | 1987 Document entitled "The Davis View- Athletics at the UCD" (DEF08131-8141) (Depo. Ex. 2098) |
| 6 | 12/14/1988 Memorandum to Vice Chancellor Tom Dutton from Herb Schmalenberger re A Preliminary Review of ICA Compliance with Title IX (DEF06852-6856) |
| 7 | 4/7/1989 Memorandum to U.C. Davis Title IX Committee from Gary Colberg re Sport Club Information (DEF01098-1100) |
| 8 | 6/23/1989 Memorandum to Dennis Shimek from Pam Gill-Fisher re Title IX Progress Report (DEF06850-6851) |
| 9 | 7/18/1990 Proposed U.C. Davis Athletics Plan for 1990-1995 (DEF01271-1272) |
| 10 | 8/13/1990 Memorandum to Carol Cartwright from Gary Colberg re Title IX Report (DEF01319) |
| 11 | 10/12/1990 Document entitled "Title IX" (RPD3.1344) |
| 12 | 11/29/1990 Meeting Minutes of Cabinet Meeting (DEF01302) |
| 13 | 1/10/1991 Memorandum to Eleanor Evans of Student Affairs from Larry Swanson, Bob Bullis (DEF01263-1266) |
| 14 | Feb 1991 Athletic Director Update (DEF01279-1281) |
| 15 | 1990-1991 NCAA Division II Gender Equity Study Response by U.C. Davis (RPD1.2923-2932) (Depo. Ex. 326) |
| 16 | 10/5/1991 Memorandum to Keith Williams, Larry Swanson from Pam Gill-Fisher re: Salary of Women's Assistant Basketball Coach, Title IX Issues (DEF08119-8120) (Depo. Ex. 2102) |
| 17 | 1992 U.C. Davis response to NCAA Gender Equity Survey (RPD1.2424-2429) (Depo. Ex. 325) |

# SCHEDULE D
## PLAINTIFFS' TRIAL EXHIBIT LIST

| Plaintiffs' Ex. No. | Trial Description |
|---|---|
| 18 | 6/18/1992 Memorandum from Pam Gill-Fisher to Keith Williams re: Title IX Review of 6/5/92 (DEF07369-7370) (Depo. Ex. 2106) |
| 19 | 8/17/1992 Keith Williams memorandum to Bob Chason re Title IX position statement related to financial committee (RPD1.2444-2448) (Depo. Ex. 2109) |
| 20 | Sept. 1992 "Statement on Title IX Issues for Athletic Planning Committee" (RPD1.2403-2406) (Depo. Ex. 478) |
| 21 | Chart entitled: 1993-1994 Participation Numbers (Actives & Redshirts) (DEF07304-7305) (Depo. Ex. 2121) |
| 22 | 2/19/1993 Letter from Theodor Hullar to U.C. Davis Community re: Recommendations of the U.C. Davis Task Force on the Future of Intercollegiate Athletics at U.C. Davis (DEF07125-7128) |
| 23 | 4/2/1993 Davis Department of Physical Education Letter from Keith Williams to Dennis Shimek re: Title IX (DEF07846) |
| 24 | 5/18/1993 Developing a Plan for Title IX Compliance by Keith Williams (DEF07844-7845) |
| 25 | 5/27/1993 U.C. Davis Department of Physical Education memorandum from Pam Gill-Fisher to Keith Williams re: Title IX End of the Year Report (DEF07837-7839) |
| 26 | 6/3/1993 letter to Jim Jorgensen (NCAA Commissioner) from Jerald Henderson (UCD Faculty Athletic Representative) re Title IX (RPD1.2459) |
| 27 | 6/4/1993 Memorandum from Kathy DeYoung to Keith Williams re: Title IX Violation (DEF07836) |
| 28 | 6/22/93 NCAA memorandum to NCAA schools re Preliminary Report of the NCAA Gender Equity Task Force (RPD1.2933-2944) (Depo. Ex. 321) |
| 29 | 7/26/1993 NCAA Gender Equity Task Force report (MAN 6841-6858) |
| 30 | 9/28/1993 Memorandum from Keith Williams to Dennis Shimek re: Title IX Questions (DEF07847-7848) |
| 31 | October 1993 Chart: Title IX Lawsuits (DEF07441-7445) |
| 32 | 11/15/1993 Draft letter from Keith Williams re UCD potentially dropping sports (RPD2.10899-903) |
| 33 | February 1994 File of ICA Athletic Administration Advisory Committee (DEF07299-7303) (Depo. Ex. 2118) |
| 34 | 2/10/1994 Memorandum to Coaches from Keith Williams re Friday Coaches Meeting (RPD2.10832-10833) |
| 35 | 3/8/1994 Memorandum to Frank Rincon from Keith R. Williams re: Referendum for campus athletics and recreation programs (DEF08249-8252) |
| 36 | April 1994 Questions and Answers about the Student Activities and Services Initiative ("SASI") (RPD2.10848-10855) |

# SCHEDULE D
## PLAINTIFFS' TRIAL EXHIBIT LIST

| Plaintiffs' Ex. No. | Trial Description |
|---|---|
| 37 | April 1994 Document entitled "Intercollegiate Athletics Fact Sheet" (RPD2.10844-10847) |
| 38 | 9/16/1994 Memorandum from Keith Williams to Physical Education Dept. and ICA Faculty/Staff re: Title IX Review (DEF07246-7248) (Depo. Ex. 2117) |
| 39 | 2/15/1995 Memorandum to Title IX Workgroup from Keith Williams re benchmarks to assess gender equity (RPD1.2957) (Depo. Ex. 2124) |
| 40 | 2/15/1995 Memorandum to Title IX Workgroup from Keith Williams re Guarantees related to Intercollegiate Competition (RPD1.2955-2956) |
| 41 | 2/17/1995 Keith Williams memorandum to Dennis Shimek re Title IX items for February meeting (RPD1.2950-2952) (Depo. Ex. 319) |
| 42 | Spring 1995 Report entitled: "An Analysis of Title IX Legislation and Case Law in Reference to Equal Gender Opportunity in Athletics in Higher Education" by Janet C. Gong (DEF08491-8514) (Depo. Ex. 2093) |
| 43 | 5/5/1995 Davis Intramural Sports / Sports Clubs Memorandum to Keith Williams from Suzanne J. Heer re: Prospective Women's Sports (DEF07194-7196) |
| 44 | 5/5/1995 Davis Intramural Sports / Sports Club Memorandum to Keith Williams from Gary Colberg re: Commentary/Facts on Proposals for New Women's Sports (DEF07192-7193) |
| 45 | January 1996 U.C. Davis Aggie Open wrestling tournament materials including program and brackets (MAN 0793-0808) |
| 46 | 11/14/1997 U.C. Davis Eligibility Procedures (FP 00236-00237) |
| 47 | January 1998 U.C. Davis Aggie Open wrestling tournament materials including program and brackets (MAN 0825-0839) |
| 48 | 1998-1999 through 2004-2005 U.C. Davis Squad Sizes |
| 49 | 1998-1999 through 1999-2000 Chart of U.C. Davis Squad Sizes (RPD1.3016) (marked as part of Depo. Ex. 810) |
| 50 | 1998-1999 UCD Grant in Aid Information for 1998-1999 through 2004-2005 (RPD2.10974-980) |
| 51 | April 1998 U.C. Davis Athletics Evaluation (FP 06644-06659) |
| 52 | 8/25/1998 Christine Ng email to Michael Burch expressing desire to participate in wrestling at U.C. Davis (W018) (Depo. Ex. 409) |
| 53 | Document entitled: Benefits received by U.C. Davis Athletes - 9/1/98 - 10/1/06 (GW 194) (Depo. Ex. 942) |
| 54 | 11/13/1998 Meeting Minutes of the Athletic Administrative Advisory Committee (DEF04662-4664) |
| 55 | 12/2/1998 Minutes from Athletic Administrative Advisory Committee meeting re Title IX (UC 03947-3950) (Depo. Ex. 191 & marked as part of Depo. Ex. 810) |

## SCHEDULE D
### PLAINTIFFS' TRIAL EXHIBIT LIST

| Plaintiffs' Ex. No. | Trial Description |
|---|---|
| 56 | 12/2/1998 Letter to Greg Warzecka from Linda Joplin re U.C. Davis athletics' program (with attached email to Larry Vanderhoef from Carol Wall) (LV1886-1889) (Depo. Ex. 927) |
| 57 | 12/3/1998 Email to Pam Gill-Fisher from Greg Warzecka regarding roster limits email (RPD2.10930-10931) |
| 58 | Nov-Dec 1998 letters to Sue Williams, Bob Biggs, Phil Swimley, Mike Burch, Jon Vochatzer (coaches of men's teams) from Greg Warzecka re Roster Limits with attached memorandum to "All Head Coaches of Men's Sports" notifying coaches of Roster Management Program (RPD1.2988-2998) (portions marked as Depo. Ex. 87 & 477) |
| 59 | Group of Title IX Work Group documents starting with 12/23/98 Robert Grey (U.C. Davis provost) memorandum appointing Title IX Work Group (RPD1.3008-3013) (Depo. Ex. 192) |
| 60 | January 1999 Brochure for Thirteenth Annual Aggie Open at U.C. Davis (MAN 0840-0865) |
| 61 | 1/11/1999 Email to Athletic Administrative Advisory Committee from Lynette Temple attaching the minutes of the 12/2/98 meeting and the agenda for the 1/13/1999 meeting (DEF04654-4657) |
| 62 | 4/13/1999 Letter to Michael Burch from Make Duroe of USA Wrestling re women's wrestling (Shimek 1282-1287) (Depo. Ex. 1019) |
| 63 | 12/5/1999 Email to Michael Burch from Jessica Wada re wrestling (B138) |
| 64 | 2000-2001 U.C. Davis Compliance Manual (UC 04747-4858) (Depo. Ex. 278) |
| 65 | January 2000 Aggie Open brackets and press release (MAN 0866-0888) |
| 66 | January 2000 Brochure for Fourteenth Annual Aggie Open at U.C. Davis (MR0270-273) (Depo. Ex. 902) |
| 67 | 1/27/2000 Email to Michael Burch from Jeff Schoenwald re Meeting you last week (B139) |
| 68 | 2/20/2000 The Davis Enterprise article entitled: "Grapplers with Grace" (MR0520-21) |
| 69 | 2/26/2000 Sacramento Bee article entitled: "It's time for big-time wrestling" (MR0511-512) |
| 70 | 4/3/2000 Christine Ng email to Michael Burch listing possible women wrestlers (B140) |
| 71 | 7/5/2000 Women's wrestling rankings (W166-167) (Depo. Ex. 648) |
| 72 | 10/24/2000 Greg Warzecka email to Michael Burch congratulating him on wrestling team's national ranking (B142) |
| 73 | 11/1/2000 Christine Ng email to Michael Burch re wrestling shoes and conversion to club sport (W026) (Depo. Ex. 410) |

# SCHEDULE D
## PLAINTIFFS' TRIAL EXHIBIT LIST

| Plaintiffs' Ex. No. | Trial Description |
|---|---|
| 74 | 2001 PowerPoint Presentation: We've Come A Long Way … 60 years of women's athletics at U.C. Davis 1947-2007 (selected slides) (DEF00001) |
| 75 | 2001-2002 U.C. Davis Equity in Athletics Plan: "A Financial Plan that Assures Equity in Athletics" (UC 04069-4091) (Depo. Ex. 195-B & 864) |
| 76 | Undated draft of Equity in Athletics Plan (UC 04031-4038) (Depo. Ex. 196) |
| 77 | January 2001 Email from Greg Warzecka to Michael Burch re Misc (UC 02776) (Depo. Ex. 179) |
| 78 | 1/20/2001 Webpage re Napa Valley Girls' Classic Tournament with results (W268-270) (Depo. Ex. 638) |
| 79 | 1/25/2001 Larry Swanson email to Michael Burch (B334) |
| 80 | 3/26/2001 Carol Struewing (NCAA) email to Christine Ng re "mixed teams" (W375-377) (Depo. Ex. 412 & marked as part of Depo. Ex. 810) |
| 81 | 3/27/2001 email to Michael Burch from Larry Swanson re Congratulations on a very successful year (UC 02191) (Depo. Ex. 174) |
| 82 | Spring 2001 Compilation of Robert Franks handwritten notes (UC 00320-322; 324-329; 241; 202) (Depo. Ex. 61) |
| 83 | 4/24/2001 OCR Complaint filed by Christine Ng (First OCR Complaint) (W041-048; UC 0387) (Depo. Ex. 302) |
| 84 | 4/26/2001 ASUCD president Matt Huerta letter to Greg Warzecka re concerns about wrestling program (UC 01242-1243) (Depo. Ex. 68) |
| 85 | Undated handwritten notes beginning "Call Janet Justus" (UC 00993) |
| 86 | May 2001 Student petition (B088-127) (Depo. Ex. 14) |
| 87 | Undated handwritten notes re Helen Thomson (UC 00994) |
| 88 | Undated handwritten notes beginning "Call Barbara" (UC 00995) |
| 89 | Protest flyers passed out at Aggie Auction by wrestlers (RPD1.2398, UC 0193 & UC 0197) |
| 90 | 5/7/2001 Email to Larry Vanderhoef and Carol Wall from Robert Franks re "Heads Up" (LV0774) (Depo. Ex. 917) |
| 91 | 5/9/2001 Email to Larry Vanderhoef from Dennis Shimek re: wrestling team update (LV0773) |
| 92 | 5/10/2001 Minutes of ASUCD Student Senate (UC 04419-4447) (Depo. Ex. 70A) |
| 93 | May-June 2001 Compilation of articles re U.C. Davis women's wrestling program and the termination of wrestling coach (44 pages [UC2845, B179, W227-29, B173-75, B163-65, 1 page (Depo. Ex. 273), B176, B394-95, B185-86, UC0190-92, W768-70, W230-31, UC2551-53, B193, UC0454, UC1022-24, B194, UC0072-73]) (portions marked as Depo. Exs. 125-27, 273-74, 460, 462-63, 465) |

# SCHEDULE D
## PLAINTIFFS' TRIAL EXHIBIT LIST

| Plaintiffs' Ex. No. | Trial Description |
|---|---|
| 94 | 5/10/2001 Email to Greg Warzecka and Robert Franks from Michael Burch re U.C. Davis Women Wrestlers (Shimek 1358) |
| 95 | 5/10/2001 Michael Burch email to Greg Warzecka & Robert Franks re U.C. Davis Women Wrestlers (UC 02802) (Depo. Ex. 40 & marked as part of Depo. Ex. 810) |
| 96 | 5/10/2001 Email to Robert Franks from Arezou Mansourian re Please Read Me (UC 04181) |
| 97 | 5/14/2001 OCR Complaint filed by Christine Ng (Second OCR Complaint) (W415-416; UC 0387) (Depo. Ex. 303) |
| 98 | 5/15/2001 Chad Keoni Sniffen email to Christine Ng re ASUCD meeting (W513-514) (Depo. Ex. 413) |
| 99 | Email from Pam Gill-Fisher to Mike Maben re women wrestlers (UC 02877) (Depo. Ex. 312) |
| 100 | 5/16/2001 Hand notes re "wrestling issues" (UC 01259-1261) (Depo. Ex. 3003) |
| 101 | 5/16/2001 Handwritten notes starting with the names "Janet Justus" and "Janet Judge" (UC 01216) (Depo. Ex. 3001) |
| 102 | 5/17/2001 Mike Maben email to wrestlers re protests (W517-518) (Depo. Ex. 259) |
| 103 | 5/18/2001 Doug Reese (University of Minnesota-Morris) email to Arezou Mansourian (W455-456) (Depo. Ex. 398) |
| 104 | 5/18/2001 Email chain including email to Arezou Mansourian, Christine Ng & Reinis from Robert Franks re following up on their meeting from yesterday (5/15/01) (Shimek 1374-1375) |
| 105 | 5/18/2001 Chad Keoni Sniffen email to Christine Ng re help from Cal-NOW (W519-521) (Depo. Ex. 414) |
| 106 | 5/18/2001 Robert Franks email to Greg Warzecka attaching Robert Franks letter to the women wrestlers (UC 02849-2850 [3rd page not Bates stamped]) (Depo. Ex. 41) |
| 107 | 5/22/2001 Email from Christine Ng to Davis Honors House dorm re wrestling protest (W522-524) (Depo. Ex. 260 & 415) |
| 108 | 5/23/2001 Michael Burch email to Greg Warzecka and multiple recipients re future meeting/women's wresting (UC 02520-2521) (Depo. Ex. 51 & marked as part of Depo. Ex. 810) |
| 109 | 5/24/2001 Minutes of ASUCD Student Senate  (UC 04448-4471) (Depo. Ex. 70B) |
| 110 | 5/31/2001 Letter to Assembly member Helen Thomson from Robert D. Grey attaching 5/31/2001 letter from OCR to Larry Vanderhoef (RPD1.1269-1271) |
| 111 | 5/31/2001 Minutes of ASUCD Student Senate (UC 04472-4498) (Depo. Ex. 71A) |

## SCHEDULE D
### PLAINTIFFS' TRIAL EXHIBIT LIST

| Plaintiffs' Ex. No. | Trial Description | |
|---|---|---|
| 112 | May-June 2001 Compilation of emails sent to U.C. Davis Administrators (including Dennis Shimek, Larry Vanderhoef, Greg Warzecka) in response to Coach Michael Burch's termination (30 pages [B133, B220, B223, B246, B249, B263, B269, B271-73, B335, B403, B405-07, W296-97, W299, W308-09, W313, W317, W322, W326-27, W329, W333]) (portions marked as Depo. Exs. 48, 129 & 1020) | |
| 113 | June 2001 Compilation of emails sent to U.C. Davis Administrator (including Dennis Shimek, Larry Vanderhoef, Greg Warzecka) in support of the women's wrestling program at U.C. Davis (68 pages [B222, B224-26, B229, B233-45, B250-52, B255-57, B259-60, B262, B264-68, B270, B274, B399-402, B711, UC 4262, UC 4278-79, UC 4280-81, UC 4299-300, W301-06, W311, W314-16, W318-19, W323, W328, W330, W334-37, W340, W340-A]) (portions marked as Depo. Exs. 129 & 1020) | |
| 114 | 6/4/2001 California Aggie article entitled: Wrestling's Michael Burch Garners Men's Teams Coach Honor (B396) | |
| 115 | 6/4/2001 Email from Mike Maben to wrestlers re protests (W531-534) (Depo. Ex. 261) | |
| 116 | 6/5/2001 California Aggie online editorial from Emmy Rhine to Robert Franks (B190) | |
| 117 | 6/6/2001 Memorandum of Understanding (UC 00981) (Depo. Ex. 916) | |
| 118 | Undated Memorandum of Understanding between U.C. Davis and Helen Thomson (not signed) (UC 00169) | |
| 119 | 6/7/2001 ASUCD senate meeting minutes (UC 02722-2741) (Depo. Ex. 72) | |
| 120 | 6/7/2001 Series of emails beginning with an email to Manuel Gomez from Larry Vanderhoef re Helen Thomson meeting (LV0823-0833) (Depo. Ex. 919) | |
| 121 | 6/8/2001 handwritten notes regarding a conversation with Gary Abbott (UC 00164 & UC 00153) (Depo. Ex. 107) | |
| 122 | 6/8/2001 Draft letter to Helen Thomson from Larry Vanderhoef (UC 00998-1004) (Depo. Ex. 920) | |
| 123 | 6/9/2001 Email to Marjorie Dickenson, Robert Franks, Greg Warzecka, Pam Gill-Fisher, Dennis Shimek, Maril Stratton and Matthew Hargrove from Larry Vanderhoef re Wrestling Draft to Thomson (LV0825-0826) | |
| 124 | 6/11/2001 Michelle Timenovich email to Michael Burch re women's wrestling in the Ukraine (B131) | |
| 125 | 6/11/2001 Michael Burch request for GIA for Lauren Mancuso (MAN 0085) (Depo. Ex. 762) | |
| 126 | 6/12/2001 Email to Larry Vanderhoef, Pam Gill-Fisher, Robert Franks, Greg Warzecka, Dennis Shimek, Maril Stratton, Matthew Hargrove from Marjorie Dickinson re IGNORE PREVIOUS DRAFT AND REVIEW THIS ONE: Final Draft on Wrestling (RPD1.0665-672) | |
| 127 | 6/12/2001 Larry Vanderhoef email to Carol Wall & Robert Franks re Current Controversy (UC 04268-4271) | |

# SCHEDULE D
## PLAINTIFFS' TRIAL EXHIBIT LIST

| Plaintiffs' Ex. No. | Trial Description |
|---|---|
| 128 | 6/18/2001 Email to Robert Franks, Greg Warzecka, Pam Gill-Fisher, Dennis Shimek, Maril Straton, Matthew Hargrove from Marjorie Dickinson re Final Wrestling Response to Assemblywoman Helen Thomson (RPD1.0622-625) |
| 129 | 6/20/2001 Christine Ng email to Larry Swanson asking to participate in interview process for new wrestling coach (W542) (Depo. Ex. 417) |
| 130 | 6/20/2001 Email to Larry Vanderhoef from Marjorie Dickinson re Wrestling Update (UC 00964-966) (Depo. Ex. 1012) |
| 131 | 6/22/2001 OCR letter to Larry Vanderhoef re Michael Burch complaint for retaliation (UC 01273-1278) (Depo. Ex. 25) |
| 132 | 6/23/2001 Email to Marjorie Dickinson from Larry Vanderhoef re Wrestling Update (UC 02631-33) (Depo. Ex. 921) |
| 133 | 6/24/2001 Michael Burch editorial/article to Davis Enterprise re "In Defense of Women's Wrestling" (UC 01285-1286) (Depo. Ex. 464 & marked as part of Depo. Ex. 810) |
| 134 | 6/26/2001 OCR Complaint filed by Christine Ng (Third OCR Complaint) (W419-422) (Depo. Ex. 399) |
| 135 | 6/29/2001 letter to Larry Vanderhoef from Robert E. Scott of the OCR regarding the second and third complaints of the women wrestlers (UC 00872-873) (Depo. Ex. 116) |
| 136 | 7/2/2001 Handwritten notes re "OCR investigation/wrestling issue" (UC 01373-1375) (Depo. Ex. 3004) |
| 137 | 8/03/2001 Arezou Mansourian email to Michael Burch re women wrestlers contacted Greg Warzecka in October 2000 (W374) |
| 138 | 8/13/2001 OCR Complaint filed by Arezou Mansourian (Fourth OCR Complaint) (W417-418) (Depo. Ex. 402) |
| 139 | 8/15/2001 Confidential letter to Pam Gill-Fisher and Greg Warzecka from Dennis Shimek requesting wrestling squad information (UC 02797) (Depo. Ex. 999) |
| 140 | 9/5/2001 Lennie Zalesky email to "Gentlemen" re weight certification (W034) (Depo. Ex. 767) |
| 141 | 9/6/2001 Lennie Zalesky email to "Tough Guys" re physicals (W033) |
| 142 | 9/17/2001 Lennie Zalesky email to "Guys" re practice (W568-569) |
| 143 | 9/26/2001 Letter to Janet Justice from Dennis Shimek re Important Points for our call (UC 02095-2096) (Depo. Ex. 1010) |
| 144 | 9/28/2001 Email from Greg Warzecka to Dennis Shimek re Response to Draft Voluntary Resolution Plan (UC 01717-1719) (Depo. Ex. 951) |
| 145 | 10/4/2001 Confidential letter to Vice Chancellor Wall and multiple recipients from Dennis Shimek re Retaliation Complaint with attached Voluntary Resolution Plan (UC 02369, UC 2375-77) (Depo. Ex. 1004) |

# SCHEDULE D
## PLAINTIFFS' TRIAL EXHIBIT LIST

| Plaintiffs' Ex. No. | Trial Description |
|---|---|
| 146 | 10/15/2001 Arezou Mansourian email to Michael Burch re Practice (W467) |
| 147 | 10/20/2001 Email exchange between Christine Ng and Michael Burch re wrestling cuts will be made on "Tuesday" (W468) (Depo. Ex. 419 & 769) |
| 148 | 10/26/2001 Christine Ng email to Michael Burch re fax and new male recruits at 125 pounds (W469) (Depo. Ex. 420) |
| 149 | January 2002 Aggie Open brackets (MAN 0915-930) (Depo. Ex. 670) |
| 150 | 1/12/2002 Flyer for Aggie Open (1 page) (Depo. Ex. 375) |
| 151 | 1/24/2002 Email exchange between Lauren Mancuso and Michael Burch re Aggie Open (W019-21) (Depo. Ex. 773) |
| 152 | 2/07/2002 Laruen Mancuso email to Larry Swanson re Wrestling (MAN 6923-6924) |
| 153 | 10/7/2002 Document entitled: Consideration of Reclassification from NCAA Division II to Division I-AA (RPD2.02142-2150) |
| 154 | Nov. 20-21, 2002 Statement of Pam Gill-Fisher at the Title IX Commission Hearings in San Diego, California (RPD1.2272-2273) |
| 155 | 12/11/2002 Equity in Athletics Plan entitled: "A Plan that Assures Equity in Athletics" by the Title IX Work Group (Shimek 1619-1628) |
| 156 | December 12, 2002 and May 21, 2003 charts entitled: UCD Davis Squad Sizes (UC 04019-4020) (Depo. Ex. 194 & marked as part of Depo. Ex. 810) |
| 157 | 2003-2004 through 2007-2008 Transition to Division I Timeline (MG 2468) |
| 158 | 2002-2003 Off-Campus Recruiting Record for Women's Golf by Kathy DeYoung (RPD2.20934) |
| 159 | 3/14/2003 Dateline Article entitled: "The Chancellor Outlines his Rationale for D-I Athletics" (DEF00160-00163) |
| 160 | 4/3/2003 Procedures for Considering Sponsorship of Varsity Sports, New Sports Questionnaire, Request & Criteria documents (DEF01519-1523) |
| 161 | 5/1/2003 Agenda for Sports Status Review Meeting with attached Procedures for Considering Sponsorship of Varsity Sports (NUNES 040-58) (Depo. Ex. 738) |
| 162 | 6/18/2003 Letter to Steve Mallonee of NCAA Membership Services from Larry Vanderhoef re U.C. Davis officially declaring intent for reclassification from NCAA Division II to NCAA Division I (RPD2.02138) |
| 163 | 6/25/2003 Letter to Larry Vanderhoef from Stephen Mallonee (of NCAA) acknowledging receipt of 6/18/03 letter (RPD2.02140-41) |
| 164 | Kathy DeYoung Recruiting Records for Women's Golf Program (KDey 032-38) (Depo. Ex. 538) |
| 165 | Kathy DeYoung list of prospective women's golf recruits (KDey 039-45) (Depo. Ex. 623) |

# SCHEDULE D
## PLAINTIFFS' TRIAL EXHIBIT LIST

| Plaintiffs' Ex. No. | Trial Description |
|---|---|
| 166 | 2004-2006 Undergraduate Enrollment and male and female athletic statistics (RPD3.01031-01039) (Depo. Ex. 966) |
| 167 | 1/22/2004 Title IX Work Group agenda (UC 04094) (Depo. Ex. 315) |
| 168 | 3/8/2004 Title IX Work Group notes re "annual campus survey" (UC 03813-3814) (Depo. Ex. 314) |
| 169 | 2003-2004 Budget for Capital Improvements and 2003-2006 Capital Improvement Program and 4/11/2006 draft letter to Larry Vanderhoef from John A. Meyer re Request for Administrative Approval of an Amendment to the Capital Improvement Program (GW 166-0175) (Depo. Ex. 962) |
| 170 | 6/3/2004 California Aggie and 6/12/2004 Davis Enterprise articles regarding Kathy DeYoung being named as U.C. Davis golf coach (4 pages) (Depo. Ex. 628) |
| 171 | 10/8/2004 email to Dave Dunham from Laura Ludwig regarding women's wrestling (RPD2.01757) |
| 172 | 10/13/2004 email exchange between Larry Swanson and Dave Dunham regarding Laura Ludwig's email regarding women's wrestling (RPD2.01758-1759) |
| 173 | 10/28/2004 Email exchange between Alicia Titus and Lennie Zalesky regarding women's wrestling at U.C. Davis (1 page) (Depo. Ex. 374) |
| 174 | 2005-2006 Division I Athletics Certification Self-Study Instrument (NCAA-2195-2327) (Depo. Ex. 936) |
| 175 | 5/31/2005 Chart entitled U.C. Davis Athletics Roster Management and Actual Squad Sizes for 1998-2005 (DEF04574) |
| 176 | June 2005 Empirical Effects of Division II Intercollegiate Athletics: 50 pg Report regarding the empirical effects of intercollegiate athletics in Division II. Author: Jonathan M. Orszag; Peter R. Orszag (NCAA-0565-0614) |
| 177 | Report on Intercollegiate Athletics Division I Transition Needs (DEF08537-8547) (Depo. Ex. 2087) |
| 178 | 8/5/2005 U.C. Davis NCAA-Pre Certification Report by Robin Green Harris, Mark Jones, Carrie McCaw (DEF06530-6563) (Depo. Ex. 2079) |
| 179 | 2006 U.C. Davis Women's Soccer Media Guide (MG 3312-3343) |
| 180 | 5/30/2006 UCD Reclassifying Annual Report for Strategic Plan - Division I Philosophy Statement (DEF04338-4350) |
| 181 | 9/26/2006 Email exchange between Dennis Shimek and Pam Gill-Fisher re Title IX page (Shimek 0967-969) |
| 182 | 12/8/2006 PowerPoint slides entitled: "Survey of Interest in Intercollegiate Sports" by Pam Gill-Fisher (Shimek 1054-1061) |

# SCHEDULE D
## PLAINTIFFS' TRIAL EXHIBIT LIST

| Plaintiffs' Ex. No. | Trial Description |
|---|---|
| 183 | 12/27/2006 Memorandum to Janet Gong, Leon Washington, Giselda Castro from Bill Kidder re Bill's Exit Memo and Some Issues re Reassignment in 2007 (DEF04828-4835) (Depo. Ex. 2089) |
| 184 | 4/9/2007 Letter to Larry Vanderhoef from NCAA Leo Lambert re U.C. Davis has successfully completed the self-study process (Attachment 2 to 2007 FAR Report) (DEF06474) |
| 185 | 4/26/2007 Letter to Kent Bailo from Mark Uyl of the Michigan High School Assn. re Women's Wrestling (GWA 000066-78) (Depo. Ex. 787) |
| 186 | 5/28/2007 U.C. Davis Reclassifying Annual Report for Strategic Plan (GW 150-0165) (Depo. Ex. 960) |
| 187 | Consideration of Reclassifying from NCAA Division II to Division I-AA (RPD.2-02412-02153) (Depo. Ex. 959) |
| 188 | USGWA Rankings posted by Kent Bailo and Robert Redman (2 pages) (Depo. Ex. 882) |
| 189 | 8/24/2007 Selected pages from Gender Discrimination and the Status of Title IX Implementation at the University of California (29 pages) (Depo. Ex. 915) |
| 190 | 11/30/2007 letter from George Acero, Esq. to Whitney Huston, Esq. (re missing varsity applications for badminton and field hockey 1995) (7 pages) |
| 191 | Collegiate Women's Wrestling Association website page listing collegiate-level women's wrestling programs (3 pages) |
| 192 | 4/23/2008 Chart entitled U.C. Davis Athletics Roster Management and Actual Squad Sizes for 2000-2009 (DEF01637-1639) (Depo. Ex. 2072 & 3000) |
| 193 | 7/2/2008 Email exchange between Tracy Cumming (Compliance Coordinator of Intercollegiate Athletics at U.C. Davis), Danielle Rae Hagen (intern at the Athletic Dep't at Univ of N. Colo.), and Nona Richardson (Sr. Woman Administrator at U.C. Davis) re Gender Equity (DEF04602-4606) |
| 194 | Undated Document entitled: Title IX In-House Review (MAN 5345-5348) |
| 195 | Undated U.C. Davis Wrestling Roster and Gender Equity Reports (B728-733) (Depo. Ex. 299 & marked as part of Depo. Ex. 810) |
| 196 | Compilation of U.C. Davis athletic participation charts (UC 03954, 0627; RPD1.3014-3015, 2463, & 2449) (Depo. Ex. 298) |
| 197 | Undated document entitled:  Athletic Conferences - Schools, States, and Teams (4 pages) (Depo. Ex. 941) |
| 198 | Athletic participation opportunities portion of NCAA Achieving Gender Equity book (UC 04043-4048) (Depo. Ex. 202 & marked as part of Depo. Ex. 810) |
| 199 | File folder re New Women's Sports File (DEF07085-7128) (Depo. Ex. 2130) |

# SCHEDULE D
## PLAINTIFFS' TRIAL EXHIBIT LIST

| Plaintiffs' Ex. No. | Trial Description |
|---|---|
| 200 | Undated document entitled:  Athletic Conferences of each Varsity Sport (RPD3.01030) (Depo. Ex. 940) |
| 201 | Selected pages from PowerPoint Presentation slides entitled: "Building a Gender Equity Plan - Division II" by Pam Gill-Fisher re Criteria for Consideration of Intercollegiate Sport Status (RPD3.1464 & 1467) |
| 202 | Undated Report of U.C. Davis Sports with history by Huston Enterprises of Davis, California by Jim Doan (RPD1.2886-2903) |
| 203 | Undated File of Participation Ratios (DEF07256-7272) (Depo. Ex. 2108) |
| 204 | Undated document entitled: Intercollegiate Athletics New Women's Sports (DEF07211-7212) (Depo. Ex. 2129) |
| 205 | Undated Davis Enterprise article entitled:  "The Right Direction - Buoyed by a new coach, U.C. Davis wrestling is on the upswing" by Kim Orendor (B198) |
| 206 | Undated Article by Doug Reese entitled: "How to Start a Women's Wrestling Program" (W597-614) (Depo. Ex. 640) |
| 207 | Donna Lopiano resume (7 pages) (Depo. Ex. 807) |
| 208 | Donna Lopiano, Ph.D. Report in *Michael Burch v. Regents* dated 12/23/04 (82 pages) (Lopiano Depo. Ex. 3 & Ex. 529) |
| 209 | Women's Sports Foundation Position Paper Addressing the Issues of Girls Playing on Boys' Teams (W478-479) (Depo. Ex. 308) |
| 210 | Chapter from book entitled "Gender and Sport" written by Donna Lopiano (32 pages) (Lopiano Depo. Ex. 2) |
| 211 | Undated Report entitled: "An Educational Resource Kit - Title IX" by Women's Sports Foundation (104 pages) (Lopiano Depo. Ex. 7) |
| 212 | 8/27/2002 Report entitled: "Title IX Athletics Policies: Issues and Data for Education Decision Makers" by the National Coalition for Women and Girls in Education (8 pages) (Lopiano Depo. Ex. 8) |
| 213 | Feb 2003 Report entitled:  Minority Views on the Report of the Commissions on Opportunity in Athletics by Donna de Varona and Julie Foudy (DL 17-37) (marked as part of Depo. Ex. 810) |
| 214 | March 2003 American Bar Association Fact Sheet re Title IX with attached ABA Comments (28 pages) (marked as part of Depo. Ex. 810) |
| 215 | 6/25/2007 List of Written or Oral Testimony/Deposition of Donna Lopiano as an Expert in Title IX and Other Court Cases (2 pages) (Depo. Ex. 808) |
| 216 | Undated handwritten notes prepared by counsel for Defendants to reflect the portions of documents reviewed by Dr. Christine Grant (110 pages) (Depo. Ex. 868) |
| 217 | Undated Document entitled: My Records for Davis Suit (3 pages) (Depo. Ex. 856) |

# SCHEDULE D
## PLAINTIFFS' TRIAL EXHIBIT LIST

| Plaintiffs' Ex. No. | Trial Description |
|---|---|
| 218 | Selected pages from the documents reviewed by Christine Grant (CG 0471, 0496, 0497) (Depo. Ex. 853) |
| 219 | Women's Sports Foundation - Web Site Article (3 pages) (Depo. Ex. 869) |
| 220 | Undated Document entitled: "Gender Equity" (3 pages) (Depo. Ex. 871) |
| 221 | Undated Binder of Christine Grant's handwritten notes (000001-000090) (Depo. Ex. 854) |
| 222 | 1990 Report entitled: Title IX Athletics Investigator's Manual 1990 by V. Bonnette & L. Daniel of the OCR (9 pages) (Depo. Ex. 861) |
| 223 | 9/27/1995 Memorandum to All NACWAA Members from Christine Grant (Chair of NACWAA Title IX Comm.) regarding The New Clarifications on the Three-Pronged Test in Title IX (5 pages) (Depo. Ex. 867) |
| 224 | 4/19/1996 Rachel Bryant Lecture entitled: "A Sport for Every Girl and Every Girl in a Sport" - Revisited (13 pages) (Depo. Ex. 875) |
| 225 | 2/25/1999 University of Iowa Gender Equity Plan (IA00084-88) (Depo. Ex. 872) |
| 226 | 10/19/2000 text of Christine Grant's presentation to the University of Michigan Law School entitled: Title IX and Gender Equity: Purpose, Definition and Requirements (35 pages) (Depo. Ex. 866) |
| 227 | 9/3/2003 Christine Grant's Export Report in *Barrett, et al. v. West Chester University, et al.*, No. 03-4987 (E.D. Pa.) (22 pages) (Depo. Ex. 874) |
| 228 | 8/5/2004 Letter to Christine Grant from Janet Justus re confirming retention of her for expert services. (CG000027-0029) (Depo. Ex. 827) |
| 229 | 11/1/2004 Christine Grant's Export Report in Baylor University Case (17 pages) (Depo. Ex. 873) |
| 230 | 2/3/2005 Email to Janet Justus from Christine Grant enclosing email exchange between Kristen Galles and Christine Grant (CG000008-0011) (Depo. Ex. 834) |
| 231 | 6/1/2005 Curriculum Vitae of Christine Grant (13 pages) (Depo. Ex. 821) |
| 232 | June 2005 Report entitled: Limitations of the Department of Education's Online Survey Method for Measuring Athletic Interest and Ability on US Campuses (7 pages) (Depo. Ex. 865) |
| 233 | 2007 NCAA report entitled: 2007 Gender Equity and Issues Forum New Orleans, Louisiana - How to Develop and Implement a Gender-Equity Plan (8 pages) (Depo. Ex. 870) |
| 234 | 8/27/2002 Written testimony of Judith Sweet as Vice President for the Championships/Senior Woman Administrator of the NCAA before the Secretary of Education's Commission on Opportunity in Athletics (JS 0009-0019) (Depo. Ex. 799) |
| 235 | 1/12/2005 Email to Judith Sweet from Janet Justus re questions from Sweet re U.C. Davis's wrestling team roster & roster cap (JS 0034) (Depo. Ex. 806) |

# SCHEDULE D
## PLAINTIFFS' TRIAL EXHIBIT LIST

| Plaintiffs' Ex. No. | Trial Description |
|---|---|
| 236 | 2/1/2006 Statement of Judith Sweet as Senior Vice President for Championships and Education Services of the NCAA before the Senate Committee on Commerce, Science and Transportation (JS 0020-0024) (Depo. Ex. 800) |
| 237 | 5/11/2007 Statement of Judith Sweet NCAA Contractor Consultant & Former Senior Vice President for Championships and Education Services of the NCAA before the Civil Rights Commission (JS 0025-0033) (Depo. Ex. 801) |
| 238 | 6/8/2001 email exchange between Craig Reynolds and Judith Sweet re NCAA rules (Judy Sakaki 05740576) (marked as Depo. Ex. 805) |
| 239 | 2000-2001 ICA Budget Appropriations & Expenditures Pie Charts (UC 01096-1097) |
| 240 | 1989-1990 Intercollegiate Athletic Operating Budget Projection (DEF01178-1179) |
| 241 | July 1993 Intercollegiate Athletics Budget Review (2 versions) (RPD2.10906-913, 10920-26) |
| 242 | 1994-1995 Intercollegiate Athletics Working Budget (RPD2.03237-3247) |
| 243 | 1995-1996 Intercollegiate Athletics Working Budget (RPD2.03226-3236) |
| 244 | 1996-1997 Intercollegiate Athletics Working Budget (RPD2.03215-3225) |
| 245 | 1998-1999 Intercollegiate Athletics Working Budget (RPD2.03197-3213) |
| 246 | 1999-2000 Intercollegiate Athletics Working Budget (RPD2.03178-3196) |
| 247 | 2000-2001 Intercollegiate Athletics Working Budget (RPD2.03157-3177) |
| 248 | 2001-2002 Intercollegiate Athletics Working Budget (RPD2.03137-3156) |
| 249 | 2002-2003 Intercollegiate Athletics Working Budget (RPD2.03115-3136) |
| 250 | 2003-2004 Intercollegiate Athletics Working Budget (RPD2.03096-3114) |
| 251 | 2004-2005 Intercollegiate Athletics Working Budget (RPD2.0307995) |
| 252 | Deloitte & Touche Audit of the Intercollegiate Athletics Dep't for Year ended June 30, 1998 (RPD2.03249-03254) |
| 253 | Price Waterhouse Coopers Audit of the Intercollegiate Athletics Dep't for Year ended June 30, 2001 (RPD2.02857-2862) |
| 254 | Bob Bullis' Sports Budgets for Cross Country (RPD2.02277-2305) |
| 255 | Chart re Sport Budgets 1997-98 through 2007-08 (DEF01905) |
| 256 | June 1998 Year-To-Date Final U.C. Davis General Ledger Reports - Sports Budgets (RPD2.03072-3073) |
| 257 | June 1999 Year-To-Date Final U.C. Davis General Ledger Reports - Sports Budgets (RPD2.03066-3067) |
| 258 | June 2000 U.C. Davis General Ledger Balance Summary for Sports Budgets (2 pages) (Depo. Ex. 130) |

# SCHEDULE D
## PLAINTIFFS' TRIAL EXHIBIT LIST

| Plaintiffs' Ex. No. | Trial Description |
|---|---|
| 259 | June 2001 U.C. Davis General Ledger Balance Summary for Sports Budgets (2 pages) (Depo. Ex. 131) |
| 260 | June 2002 U.C. Davis General Ledger Balance Summary for Sports Budgets (2 pages) (Depo. Ex. 132) |
| 261 | June 2003 Year-To-Date Final U.C. Davis General Ledger Reports - Sports Budgets (RPD2.03039-3041) |
| 262 | 2004/2005 and 2005/2006 U.C. Davis Sports Budgets (GW 148-0149) (Depo. Ex. 958) |
| 263 | June 2004 Year-To-Date Final U.C. Davis General Ledger Reports - Sports Budgets (RPD2.03030-3032) |
| 264 | 2004-2005 to 2006-2007 U.C. Davis Revenue and Expense Projections (DEF06169) |
| 265 | 2005-2008 U.C. Davis Intercollegiate Athletics Budget Projections Revised (DEF06195) |
| 266 | Undated Notice re NCAA adoption of women's bowling as varsity sport (NUNES 059-61) (Depo. Ex. 737) |
| 267 | UCD bowling schedules (NUNES 157-192) (Depo. Ex. 746) |
| 268 | 1/1/1981 University of the Pacific Field Hockey Schedule for 1981 (P00155) |
| 269 | 12/6/1982 Northern Pacific Athletic Conference Field Hockey Sport Committee Minutes of meeting at University of the Pacific (P00156-157) |
| 270 | 1/1/1983 Northern Pacific Athletic Conference Field Hockey Schedule for 1983 (P00158) |
| 271 | 1/1/1985 Northern Pacific Athletic Conference Field Hockey Schedule for 1985 (P00159) |
| 272 | U.C. Davis sports club contacts (W625-627) (Depo. Ex. 484) |
| 273 | Documents re attempt to start U.C. Davis golf club (MAN 1328-1345) (Depo. Ex. 617) |
| 274 | 2002-2003 U.C. Davis sports club photos (W623-624) (Depo. Ex. 483) |
| 275 | Women's wrestling information packet that Michael Burch gave to Pam Gill-Fisher (RPD1.1287-1328) (Depo. Ex. 641) |
| 276 | High school girls' wrestling information (W095-104; 107; 157-165) (Depo. Ex. 639) |
| 277 | 1998-1999 NCAA Student-Athlete Affirmation of Eligibility - Division I - Wrestling (RPD2.39245-248) [CONFIDENTIAL] |
| 278 | 5/15/2001 Pam Gill-Fisher email to Greg Warzecka re Women Wresters Weight Certification (UC 02840) |
| 279 | 6/20/2001 Pam Gill-Fisher email to Marge Dickinson re Wrestling Update (UC 01271-1272) |

# SCHEDULE D
## PLAINTIFFS' TRIAL EXHIBIT LIST

| Plaintiffs' Ex. No. | Trial Description |
|---|---|
| 280 | 1998-1999 through 1999-2000 Compilation of Varsity Athlete Status Documents for Nancy Chiang (22 pages [1989-1999: MAN0002, MAN0087, MAN0095-96, MAN0109, MAN0114, MAN0117, W635; 1999-2000: MAN0089, MAN0094, MAN0102-0103, MAN0107, MAN0112-0113, MR0420-0421, W634, W357-358]) (portions marked as Depo. Exs. 359, 362, 687-89, 690, 694-95) [CONFIDENTIAL] |
| 281 | 2001 Compilation of Varsity Athlete Status Documents for Lauren Mancuso (2 pages [W731, MAN0982]) (portions marked as Depo. Ex. 765) [CONFIDENTIAL] |
| 282· | 2000-2001 through 2001-2002 Compilation of Varsity Athlete Status Documents for Arezou Mansourian (25pages [2000-2001: MAN0118, MAN 0121, MAN0124-126, MR0777-778, W385-386, W389, W391, W592, W593-W596; 2001-2002: MAN0032-0034, MAN950, W393, MR0957-0958]) (portions marked as Depo. Exs. 354, 363, 390, 358, 386-87, 383-84, 389, 395, 974-75) [CONFIDENTIAL] |
| 283 | 1998-1999 through 2001-2002 Compilation of Varsity Athlete Status Documents for Christine Ng (51 pages [1989-1999: MAN0004, MAN0038, MAN0127-132, MAN0954, MR0096-97; 1999-2000: MAN0037, MAN0039, MAN0100-101, MAN0107, MAN0133-135. MAN0953, MAN0957, MR0418-419, W359-360; 2000-2001: MAN0036, MAN0136-141, MAN0952, MAN0958, MR0779-0780; 2001-2002: MAN0030-031, MAN0034-0035, MAN0106, MAN0142-0143, MAN0951, MR0959-0960]) (portions marked as Depo. Exs. 359-61, 364) [CONFIDENTIAL] |
| 284 | 1999 Compilation of Varsity Athlete Status Documents for Sam Reinis (7 pages [MAN0107, MR0094-0095, MR0416-0417, W361-362]) (portions marked as Depo. Exs. 359, 361, 696) [CONFIDENTIAL] |
| 285 | 1999 Compilation of Varsity Athlete Status Documents for Abielle Schwarzberg (3 pages [MAN0107, W363-364]) (portions marked as Depo. Exs. 359, 361, 696) [CONFIDENTIAL] |
| 286 | 6/5/2001 USAWrestling webpage with women's wrestling rankings; Handwritten notes re women's wrestling weight divisions (UC 00837) (Depo. Ex. 365) |
| 287 | 1992-1993 Wrestling Participation List (UC 01166) [CONFIDENTIAL] |
| 288 | 1993-1994 Wrestling Participation List (UC 01167-1168) [CONFIDENTIAL] |
| 289 | 1993-1994 Wrestling Eligibility Lists (RPD2.22058-069) [CONFIDENTIAL] |
| 290 | 1997-1998 Wrestling Participation Lists (UC 00705-744) [CONFIDENTIAL] |
| 291 | 1997-1998 Wrestling Participation List (UC 01135) [CONFIDENTIAL] |
| 292 | 1997-1998 Wrestling Eligibility List (UC 02277-2278) [CONFIDENTIAL] |
| 293 | 1998-1999 Wrestling schedule (UC 00746-747) [CONFIDENTIAL] |
| 294 | 1998-1999 Wrestling Eligibility List (UC 02279-2280) [CONFIDENTIAL] |
| 295 | 1998-1999 Wrestling Participation List (RPD1.1929) [CONFIDENTIAL] |
| 296 | 1998-1999 Wrestling Participation List (UC 01174) [CONFIDENTIAL] |

# SCHEDULE D
## PLAINTIFFS' TRIAL EXHIBIT LIST

| Plaintiffs' Ex. No. | Trial Description |
|---|---|
| 297 | 1998-1999 Wrestling Participation Lists (UC 00748-771) [CONFIDENTIAL] |
| 298 | 11/5/1998 Memorandum to Robert Hiegert, CCAA Commissioner, from Pam Gill-Fisher regarding Wrestling Roster (RPD2.10453) [CONFIDENTIAL] |
| 299 | 1999-2000 Wrestling Roster (UC 00280) [CONFIDENTIAL] |
| 300 | 1999-2000 Wrestling Eligibility List (UC 02281-2282) [CONFIDENTIAL] |
| 301 | 1999-2000 Wrestling Eligibility List (RPD2.10476-78) (Depo. Ex. 673) [CONFIDENTIAL] |
| 302 | 1999-2000 Wrestling Eligibility Lists (RPD2.21942-951) [CONFIDENTIAL] |
| 303 | 1999-2000 Wrestling Roster (RPD1.1930 & 1934) [CONFIDENTIAL] |
| 304 | 1999-2000 Wrestling Eligibility List (RPD2.21963-968) [CONFIDENTIAL] |
| 305 | 1999-2000 Wrestling Participation List (UC 01175) (Depo. Exs. 93 & 341) [CONFIDENTIAL] |
| 306 | 1999-2000 Wrestling Participation Lists (RPD1.1824-1861) [CONFIDENTIAL] |
| 307 | 1999-2000 Wrestling Eligibility List (RPD2.10474) [CONFIDENTIAL] |
| 308 | 1999-2000 Wrestling Eligibility Lists (RPD2.10479-508) [CONFIDENTIAL] |
| 309 | 1999-2000 Wrestling Roster (UC 00682-683) [CONFIDENTIAL] |
| 310 | 2000-2001 Wrestling Eligibility List (UC 01176) [CONFIDENTIAL] |
| 311 | 2000-2001 Wrestling Roster (UC 01132-1133) (Depo. Ex. 522) [CONFIDENTIAL] |
| 312 | 2000-2001 Wrestling Roster (UC 00337-338)  [CONFIDENTIAL] |
| 313 | 2000-2001 Wrestling Eligibility List (RPD2.21952-953) [CONFIDENTIAL] |
| 314 | 2000-2001 Wrestling Participation List (UC 01177-1178) [CONFIDENTIAL] |
| 315 | 2000-2001 Wrestling Roster and contact information sheets (MAN 5247-5248) [CONFIDENTIAL] |
| 316 | 3/13/2000 Memorandum to Head Coaches from Michelle Roppeau regarding Preliminary Eligibility Report with copy of wrestling eligibility report for 2000-2001 (RPD2.01652-01658) [CONFIDENTIAL] |
| 317 | 7/11/2000 memorandum to Head Coaches from Michelle Roppeau regarding Updated Eligibility Report with copy of wrestling eligibility report for 2000-2001 (RPD2.01645-01651) [CONFIDENTIAL] |
| 318 | 2000-2001 Wrestling Roster (UC 00680-681) [CONFIDENTIAL] |
| 319 | 2001-2002 Wrestling Eligibility/Participation Lists (MAN 0006-0017) [CONFIDENTIAL] |

# SCHEDULE D
## PLAINTIFFS' TRIAL EXHIBIT LIST

| Plaintiffs' Ex. No. | Trial Description | |
|---|---|---|
| 320 | 2001 U.C. Davis Track & Field Media Guide (selected pages) (MG 0383, 385, and 399) | |
| 321 | 2002 U.C. Davis Track & Field Media Guide (selected pages) (MG 0797, 799, and 813) | |
| 322 | 2003 U.C. Davis Track & Field Media Guide (selected pages) (MG 1351, 1353, and 1367) | |
| 323 | 2004 U.C. Davis Track & Field Media Guide (selected pages) (MG 1797, 1815, and 1839) | |
| 324 | 2005 U.C. Davis Track & Field Media Guide (selected pages) (MG 2427, 2434, and 2470) | |
| 325 | 2006 U.C. Davis Track & Field Media Guide (selected pages) (MG 3099, 3102, and 3154) | |
| 326 | 1998-1999 Women's Track & Field Participation List (Outdoor) (RPD2.39406-407) [CONFIDENTIAL] | |
| 327 | 1999-2000 Women's Track & Field Squad List (Indoor) (RPD2.23070-072) [CONFIDENTIAL] | |
| 328 | 1999-2000 Women's Track & Field Squad List (Outdoor) (RPD2.23095-101) [CONFIDENTIAL] | |
| 329 | 2000-2001 Women's Track & Field Squad List (Outdoor) (RPD2.22370-376) [CONFIDENTIAL] | |
| 330 | 2000-2001 Women's Track & Field Squad List (Indoor) (RPD2.22398-400) [CONFIDENTIAL] | |
| 331 | 2001-2002 Women's Track & Field Squad List (Indoor) (RPD2.22774-777) [CONFIDENTIAL] | |
| 332 | 2001-2002 Women's Track & Field Squad List (Outdoor) (RPD2.22750-757) [CONFIDENTIAL] | |
| 333 | 2002-2003 Women's Track & Field Squad List (Outdoor) (RPD2.23373-378) [CONFIDENTIAL] | |
| 334 | 2002-2003 Women's Track & Field Squad List (Indoor) (RPD2.23357-359) [CONFIDENTIAL] | |
| 335 | 2003-2004 Women's Track & Field Roster List (Outdoor) (RPD2.35975-980) [CONFIDENTIAL] | |
| 336 | 2003-2004 Women's Track & Field Roster List (Indoor) (RPD2.35972-974) [CONFIDENTIAL] | |
| 337 | 2004-2005 Women's Track & Field Roster List (RPD3.0042-44) (Outdoor) [CONFIDENTIAL] | |

# SCHEDULE D
## PLAINTIFFS' TRIAL EXHIBIT LIST

| Plaintiffs' Ex. No. | Trial Description | |
|---|---|---|
| 338 | 2004-2005 Women's Track & Field Roster List (Indoor) (RPD3.0037-38) [CONFIDENTIAL] | |
| 339 | 2005-2006 Women's Track & Field Participation List (Outdoor) (RPD3.0341-43) [CONFIDENTIAL] | |
| 340 | 2005-2006 Women's Track & Field Participation List (Indoor) (RPD3.0336-38) [CONFIDENTIAL] | |
| 341 | 1999 Schedule - Men's and Women's Track & Field (RPD2.39397) | |
| 342 | 2005-2006 Schedule - Women's Track & Field (RPD3.0942) | |
| 343 | Undated Women's Track & Field Prospect Questionnaire (4 pages) | |
| 344 | Compilation of newspaper articles mentioning Lauren Mancuso (W663-665) | |
| 345 | Lauren Mancuso's high school wrestling medal (W661) | |
| 346 | Video of Lauren Mancuso wrestling (W685) | |
| 347 | 1/29/2000 Del Oro wrestling invitational brackets (W680) | |
| 348 | 2/9/2001 Lauren Mancuso Sacramento Metro League Championships certificate (W662) | |
| 349 | March 2001 St. Francis High School newspaper article re Lauren Mancuso entitled "Pin Him" (W675) | |
| 350 | 3/22/2001 Sacramento Bee article re Lauren Mancuso entitled: "Wrestling Against Convention Air Force hopeful Lauren Mancuso triumphs in boy's world" (W676-679) | |
| 351 | 2001 United States National Wrestling Championships program held April 11-14, 2001 in Las Vegas, NV (W681-682) (Depo. Ex. 761) | |
| 352 | Undated email to Arezou Mansourian from Michael Burch regarding admission to U.C. Davis (W038) (Depo. Ex. 382) | |
| 353 | Arezou Mansourian high school wrestling articles (W746-749) | |
| 354 | Arezou Mansourian high school wrestling photographs (W772-775) | |
| 355 | National Youth Leadership Forum on Medicine Certificate of Nomination for Arezou Mansourian (W841) | |
| 356 | Arezou Mansourian wrestling photos (W701-703) | |
| 357 | 1997-1998 Scholastic All-CIF award to Arezou Mansourian (W356) | |
| 358 | Winter 1997-1998 San Marin High School varsity wrestling award to Arezou Mansourian (W353) | |
| 359 | 1998-1999 Napa Valley girls' wrestling tournament results mentioning Arezou Mansourian (W750-752) | |

# SCHEDULE D
## PLAINTIFFS' TRIAL EXHIBIT LIST

| Plaintiffs' Ex. No. | Trial Description |
|---|---|
| 360 | Winter 1998-1999 San Marin High School varsity wrestling award to Arezou Mansourian (W354) |
| 361 | Winter 1999-2000 San Marin High School varsity wrestling award to Arezou Mansourian. (W355) |
| 362 | 4/04/2000 Cal Aggie Alumni Ass'n letter to Arezou Mansourian awarding her 2000-2001 Alumni Leadership Scholarship (W590) |
| 363 | 2003 U.C. Davis Community Service Awards "Celebration of Service" Applicant Information Sheet (W851-852) |
| 364 | Chris Ng Oregon team wrestling photo (W698) |
| 365 | Chris Ng USGWA group photo (W699) |
| 366 | Photo of Chris Ng with Stephanie Murata and other female wrestlers (W700) |
| 367 | Wrestling photo of Chris Ng and Nancy Chiang (W695-697) |
| 368 | 2000 Photograph of UCD women wrestlers at 2000 Aggie Open - Chris Ng, Sam Reinis, Nancy Chiang, & Abbielle Schwarzburg (W704) |
| 369 | 1982-2001 NCAA average squad size charts (RPD1.2217-2223) (Depo. Ex. 197 & marked as part of Depo. Ex. 810) |
| 370 | 2000-2001 NCAA Division I Manual (494 pages) (Depo. Ex. 331) |
| 371 | 2000-2001 NCAA Division II Manual (396 pages) |
| 372 | 1981-82 through 2006-07 NCAA Sports Sponsorship and Participation Rates Report (207 pages) |
| 373 | Michael D. Burch resume (B379-381) (Depo. Ex. 79 & marked as part of Depo. Ex. 810) |
| 374 | Pam Gill-Fisher Position Description (RPD1.2035-2039) (Depo. Ex. 105) |
| 375 | Pam Gill-Fisher Position Description dated 9/10/1990 (DEF01306-1310) |
| 376 | Janet Gong Position Description dated 8/1/2007 (DEF08485-8490) (Depo. Ex. 2083) |
| 377 | Larry Swanson Position Description (RPD1.2027-2030) (Depo. Ex. 30) |
| 378 | Chancellor Larry Vanderhoef Position Description (1 page) (Depo. Ex. 113) |
| 379 | Greg Warzecka Position Description (RPD1.2031-2034) (Depo. Ex. 190) |
| 380 | Greg Warzecka Position Description updated July 2003 (2 pages) (Depo. Ex. 287) |
| 381 | Robert Franks Position Description (2 pages) (Depo. Ex. 39) |
| 382 | Dennis Shimek Position Description (4 pages) (Depo. Ex. 22) |
| 383 | 1/3/2008 Declaration of Deanne Vochatzer in Support of Defendant's Motion for Summary Judgment (3 pages) |

# SCHEDULE D
## PLAINTIFFS' TRIAL EXHIBIT LIST

| Plaintiffs' Ex. No. | Trial Description |
|---|---|
| 384 | 3/2/2008 Declaration of Carla Konet in Support of Plaintiffs' Opposition to Defendant's Motion for Summary Judgment (12 pages) |
| 385 | 1/4/2008 Declaration of Carissa Adams in Support of Defendant's Motion for Summary Judgment (3 pages) |
| 386 | Defendant Greg Warzecka's Response to Interrogatories, Set One, served on July 23, 2004 in Burch v. Regents of the University of California, No. S-04-0038 WBS/GGH |
| 387 | Defendant's Response to Arezou Mansourian's Request for Admissions, Set One, served herein on November 2, 2007 |
| 388 | Defendant Regents Amended Response to Lauren Mancuso's Interrogatories, Set One, served herein on December 21, 2007 |
| 389 | Defendant Regents Amended Response to Christine Wing-Si Ng's Interrogatories, Set One, served herein on December 21, 2007 |
| 390 | Revised Further Amended Response to Plaintiffs' Request for Admissions (Set One), served on November 6, 2008 in *Brust v. Regents of the University of California*, No. 2:07-CV-1488 FCD/EFB |

Plaintiffs plan to introduce and use demonstrative exhibits at trial. Plaintiffs plan to discuss the timing for disclosure and exchange of demonstrative exhibits with Defendants.

Additional rebuttal or cross-examination exhibits may be added in response to exhibits, facts, or witnesses proposed by Defendants.

*Mansourian et al. v. Regents of the University of California*
Case No. S-03-2591 FCD-EFB

### Schedule E

## DEFENDANTS' TRIAL EXHIBIT LIST

| EX. # | DESCRIPTION |
|-------|-------------|
| A | 5/5/76 memo from Dutton to Gill Fisher re: Title IX evaluation (p. CG0921) |
| B | 1990 Memo from Gill-Fisher re: Title IX issues surfacing since 1990 Title IX Report    (Depo Ex. 2099, pp. DEF 00817-819) |
| C | 4/1/93 memo from K. Williams to coaches re: Review of sports (Depo Ex. 2114, pp. DEF 08279-8280) |
| D | 5/24/93 Memo from K. Williams re: Phase III and Student Referendum (Depo Ex. 2111, pp. DEF 08253-8255) |
| E | 2/23/95 memo from K. Williams to sport club coaches and officers re: call for proposals    (Depo Ex. 656, pp. EP 0033-38) |
| F | 12/3/97 Memo from Roppeau to Vochatzers re: update on track teams (RPD3.1348); Memo from Roppeau to Hall re: indoor track participants (RPD2.10369); Indoor and Outdoor Track participation lists (RPD2.15227; RPD2.15234); RPD2.15169-70; RPD2.15240-41; RPD2.39468; RPD2.39473-75) |
| G | 1/11/99 Sports News (MR1950) |
| H | 1/25/99 Press release re: Sears Director's Cup (MR 1858-1859) |
| I | 1/25/99 Press Release: 50 years of Women's Athletics Celebrated at UC Davis (MR 1941-1945) |
| J | 3/15/99 Sports News re: Vochatzers are named indoor coaches of the year (MR1905) |
| K | Davis Leadership essay by Mansourian (W838) (with Confidential stamp) |
| L | 02/01 History of SASI (Depo. Ex. 934, pp. RPD2.01895-1904) |
| M | 4/30/01 email from Burch re: GIA (MAN0072) |
| N | 5/4/01 email from Mayben (Depo Ex. 256, pp. W48, W499-501) |
| O | 5/7/01 Memo to Shimek re: women wrestler's OCR claim (Depo Ex. 49, pp. UC 0311-315) |
| P | 5/9/01 email from Ng (Depo Ex. 57, pp. UC 0330-331) |
| Q | 5/11/01 email from Warzecka to Schramski re: reinstatement of women wrestlers (Depo Ex. 1029, p. GROTH 0374) |
| R | 5/17/01 correspondence from Shimek to OCR |

| EX. # | DESCRIPTION |
|-------|-------------|
|  | (UC 1072) |
| S | 5/22/01 correspondence from Franks to Pineda re: wrestling team and protest (Depo. Ex. 45, pp. UC 0442-444) |
| T | 5/24/01 News Re: Sears Director's Cup (MR2188-2190) |
| U | 5/30/01 email from S. Williams to Fairclough· (Depo Ex. 264) |
| V | 5/31/01 email from Burch (Depo Ex. 178, p. RPD1.1734) |
| W | 6/8/01 Statement by Assemblywoman Helen Thomson (Depo Ex. 267) |
| X | 6/11/01 correspondence from Gill-Fisher to Thomson (Depo Ex. 266, p. UC 4294) |
| Y | Correspondence from Williams to Thomson with enclosed letter from coaches (Depo Ex. 254) |
| Z | 8/15/01 memo from Shimek to Warzecka and Gill-Fisher re: request for information about women wrestlers    (Depo Ex. 948, pp. UC 2797-2898) |
| AA | 8/31/01 email from Swanson to Warzecka et al. re: 2001 wrestling tryout procedures (Depo Ex. 1029, pp. GROTH 0379-380) |
| BB | 10/10/01 email from Mansourian to Zalesky re: moving to club over ICA wrestling (Depo Ex. 406, p. MAN 0144) |
| CC | 10/16/01 letter from OCR regarding findings on complaint and Voluntary Resolution Plan    (Depo Ex. 24, pp. UC 2386-2391) |
| DD | 10/31/01 Wrestling Sport Club Rules & Regulations executed by Mansourian (Depo Ex. 393, pp. MAN 0147-149) |
| EE | 12/9/02 email from Shimek to Sakaki, Warzecka re: Title IX (Depo Ex. 1021, p. SHIMEK 1584) |
| FF | 2/25/02 correspondence from Gill-Fisher releasing Mancuso, Ng and Mansourian (pp. UC 5058, UC 5064, UC5066-67) |
| GG | 1/22/04 Gender Equity Strategic Review w/cover memo from Shimek (Depo Ex. 201, pp. UC 4101-4105) |
| HH | 6/3/04 Dateline (Press Release) re: adding Women's Golf (Depo Ex. 508, p. RPD.1.2666) |
| II | 9/6/04 email from Galles to Grant (Depo Ex. 829, CG 0012-13) |
| JJ | 1/31/05 email from Galles to Grant (Depo Ex. 832, pp/ CG 0006-7) |
| KK | 1/31/05 email from Galles to Grant (Depo. Ex. 833, pp. CG 0017-18) |
| LL | Gender Equity Strategic Review (Depo Ex. 507, pp. GONG 0065-68) |
| MM | UCD ICA Strategic Plan 2004-07 (RPD2.10814-10826) |

| EX. # | DESCRIPTION |
|-------|-------------|
| NN | 2004 SARI Freshman Interest in ICA Sports survey (Depo Ex. 906, pp. MAN 6161-6185) |
| OO | 2005 SARI Freshman Interest in ICA Sports survey (Depo Ex. 907) |
| PP | UCD ICA Strategic Plan 05-08 (MR3473-3490) |
| QQ | UCD ICA Strategic Plan 06-09 (2008 MSJ, P's Evidence in Opposition, A:19) |
| RR | Wendy Walters expert report (Depo Ex. 973, pp. WW0581-588) |
| SS | NCAA Criteria for Emerging Sports (Depo Ex. 795, pp. NCAA 0333-334) |
| TT | 2002 Woman of the Year Award (Depo Ex. 270) |
| UU | Wrestling Media Guide   1996-1997 (Depo Ex. 81, pp. MAN 0172-195) |
| VV | Wrestling Media Guide   1997-1998 (Depo Ex. 82, pp. MAN 0196-223) |
| WW | Wrestling Media Guide  1998-1999 (Depo Ex. 83, pp. MAN 0224-251) |
| XX | Wrestling Media Guide  1999-2000 (Depo. Ex. 84, pp. MAN 0252-279) |
| YY | Wrestling Media Guide  2000-2001 (Depo Ex. 85, pp. MAN 0280-307) |
| ZZ | Wrestling participant information at club level (various years) (Depo Ex. 611, pp. MAN 1449-1549) |
| A-3 | 2000-2001 Wrestling Roster signed by Burch with comment "looks good" (Depo Ex. 94, p. UC 0279) |
| A-4 | 2000/2001 UC Davis ICA Compliance Manual (Depo Ex. 278 excerpts, pp. UC 4747-4750, UC 4825-4869, UC 4885-4886) |
| A-5 | 2001/2002 wrestling roster change designation forms (Depo Ex. 338, pp. RPD2 01285, 1289, 1290) |
| A-6 | 2000-01 Athletic GIA Renewal Worksheet (Depo Ex. 169, p. UC 0660) (subject to protective order) |
| A-7 | Press Release and Other Documents from Sports Resource Management Website |
| A-8 | WSF: Student Interests and Abilities (Depo Ex. 818) |
| A-9 | Lopiano Expert Report |
| A-10 | Lopiano Title IX Documents (Depo Ex 878, pp. DL 055-240) |
| A-11 | Lopiano notes on Grant's expert report (Depo Ex. 879, pp. DL 045-54) |

| EX. # | DESCRIPTION |
|-------|-------------|
| A-12 | Acosta Carpenter Report "Women in Intercollegiate Sport" (2010 update) |
| A-13 | Grant papers in Iowa Women's Archives |
| A-14 | Groth Expert Report<br>(Depo Ex. 1028) |
| A-15 | Fall 1999 Sports Illustrated for Women Magazine<br>(Depo Ex. 520) |
| A-16 | Sept./Oct. 2000 Sports Illustrated for Women Magazine<br>(Depo Ex. 521) |
| A-17 | DVD of Pam Gill-Fisher's accomplishments in athletics |
| A-18 | 1998/1999 year-end report<br>(MR1849-1857) |
| A-19 | 1999/2000 year-end report<br>(MR0002-0011) |
| A-20 | 2000/2001 year-end report<br>(MR0012-0021) |
| A-21 | 1998-1999 UC Davis Wrestling Quick Facts<br>(MR0083-0086) |
| A-22 | 1999/2000 Wrestling Schedule<br>(MR0194) |
| A-23 | 1999/2000 Wrestling Preview<br>(MR0195-0197) |
| A-24 | 1999/2000 UC Davis Wrestling Records<br>(MR0396-0411) |
| A-25 | 12/17/07 Stipulation Regarding Participation in High School Athletics |

*Mansourian et al. v. Regents of the University of California*
Case No. S-03-2591 FCD-EFB

## Schedule F

### Plaintiffs' Designations of Deposition Testimony to be Offered in Lieu of Live Testimony

1. Deposition of  Lee Dale Allen taken on August 31, 2005

| | | |
|---|---|---|
| 10:13-15 | 41:7-13 | 65:8-19 |
| 19:25-20:4 | 47:21-48:17 | 66:13-16 |
| 30:19-23 | 50:9-52:16 | 72:10-21 |
| 31:24-32:19 | 54:3-18 | 82:13-83:9 |
| 33:21-35:3 | 57:14-25 | 109:18-110:9 |

2. Deposition of Kent Bailo taken on June 12, 2007

| | | |
|---|---|---|
| 15:1-16:24 | 30:1-11 | 83:16-85:2 |
| 17:3-18:8 | 32:18-25 | 91:10-93:14 |
| 19:1-8 | 35:12-38:2 | 95:5-99:16 |
| 20:13-23 | 38:23-39:22 | 100:24-101:3 |
| 21:2-7 | 40:18-41:20 | 101:9-15 |
| 21:18-22:5 | 71:13-72:3 | 102:11-103:20 |
| 23:4-23 | 72:20-73:22 | 104:22-105:14 |

3. Deposition of Emily Catlett (formerly Plesser) taken on March 9, 2005 and taken on May 24, 2005 in the *Burch* Action

| | | |
|---|---|---|
| 5:2-4 | 76:25-77:1 | 192:14-22 |
| 21:16-18 | 79:18-81:19 | 198:3-199:3 |
| 31:13-16 | 82:16-96:4 | 201:7-202:2 |
| 59:2-10 | 114:20-115:6 | 202:14-17 |
| 63:7-65:8 | 115:23-116:3 | 218:10-18 |
| 68:22-69:21 | 132:12-18 | 223:20-224:8 |
| 70:22-25 | 165:13-18 | 227:11-18 |
| 72:1-6 | 166:9-167:10 | 259:19-260:9 |
| 72:10-25 | 184:8-10 | |
| 76:3-5 | 190:1-17 | |

4. Deposition of Michael Collier taken on October 26, 2004 in the *Burch*Action

| | | |
|---|---|---|
| 9:14-25 | 27:11-28:24 | 51;24-52:25 |
| 10:1-24 | 32:15-33:6 | 55:14-20 |
| 12:24-16:8 | 48:14-49:19 | 59:8-61:4 |

1

*Mansourian et al. v. Regents of the University of California*
Case No. S-03-2591 FCD-EFB

5.    Deposition of David Dunham taken on May 20, 2005 in the *Burch* Action

| | | |
|---|---|---|
| 12:3-22 | 54:9-55:12 | 80:15-81:3 |
| 14:6-15 | 56:10-23 | 81:22-82:25 |
| 17:3-25 | 58:17-59:1 | 89:21-90:16 |
| 26:12-19 | 66:7-68:10 | 110:13-111:8 |
| 50:4-52:16 | 68:16-69:24 | 121:6-122:20 |
| 53:1-7 | 73:22-74:6 | |

6.    Deposition of Adrian Garcia taken October 25, 2004 in the *Burch* Action

| | | |
|---|---|---|
| 11:5-12:1 | 26:1-8 | 41:21-42:6 |
| 18:23-25 | 31:13-32:6 | 44:9-25 |
| 20:23-21:4 | 34:9-15 | |
| 21:21-22:17 | 41:11-16 | |

7.    Deposition of Janet Gong taken on April 12, 2005 in the *Burch* Action

| | | |
|---|---|---|
| 9:23-25 | 110:25-111:3 | 161:4-163:7 |
| 44:5-12 | 123:22-124:8 | 163:13-164:7 |
| 45:13-46:8 | 124:22-126:20 | 165:22-168:17 |
| 47:14-48:8 | 131:10-132:14 | 169:16-22 |
| 72:7-73:21 | 141:11-142:9 | 170:16-173:13 |
| 77:20-78:6 | 143:1-145:4 | 177:4-16 |
| 80:4-82:15 | 154:7-157:1 | 194:21-196:8 |
| 106:8-107:7 | 157:8-15 | |
| 109:16-25110:8-19 | 158:24-159:11 | |

8.    Deposition of Janet Gong taken on January 12, 2009 in the *Brust* Action

| | | |
|---|---|---|
| 24:7-25:10 | 72:12-73:16 | 144:21-145:12 |
| 29:24-30:23 | 75:6-24 | 210:22-214:13 |
| 35:2-10 | 76:12-22 | 219:4-15 |
| 62:10-63:25 | 92:15-24 | 221:6-11 |
| 64:2-8 | 140:1-4 | 221:19-222:2 |
| 64:16-65:16 | 140:12-24 | 226:7-17 |
| 66:2-6 | 142:17-143:10 | 227:17-228:6 |
| 66:11-21 | | |

9.    Deposition of Charlie Hong taken on September 16, 2004 in the *Burch* Action

| | | |
|---|---|---|
| 9:11-20 | 20:17-21:8 | 31:6-32:9 |
| 10:1-20 | 21:17-22:2 | 39:25-41:3 |
| 11:17-18:10 | 26:19-28:15 | 42:10-44:2 |

*Mansourian et al. v. Regents of the University of California*
Case No. S-03-2591 FCD-EFB

10. Deposition of Afsoon Roshan Johnston taken on June 20, 2007

| | | |
|---|---|---|
| 12:4-11 | 29:18-30:8 | 44:9-45:11 |
| 12:24-13:9 | 30:20-24 | 45:20-22 |
| 17:21-18:15 | 31:3-32:12 | 46:9-18 |
| 19:9-21:3 | 34:15-36:6 | 47:22-49:12 |
| 22:11-24 | 36:13-24 | 51:17-52:3 |
| 24:6-11 | 37:17-19 | 52:19-53:14 |
| 24:15-21 | 37:25-38: 6 | 61:2-12 |
| 24:25-25:21 | 39:16-20 | |
| 28:11-25 | 41:22-42:24 | |

11. Deposition of Scott Miller taken on October 16, 2007

| | | |
|---|---|---|
| 22:9-16 | 38:23-40:2 | 66:25-67:20 |
| 23:9-20 | 45:22-47:16 | 72:18-74:17 |
| 24:6-23 | 52:23-53:13 | 75:9-77:22 |
| 33:10-14 | 57:11-59:11 | 90:18-93:2 |
| 34:16-23 | 61:25-63:3 | |
| 36:22-37:19 | 66:7-13 | |

12. Deposition of Patricia Miranda taken on July 12, 2007

| | | |
|---|---|---|
| 8:24-11:7 | 41:17-43:25 | 102:2-103:4 |
| 17:18-19:25 | 67:25-68:15 | 117:11-118:13 |
| 31:5-22 | 69:23-70:7 | 123:6-127:15 |
| 36:4-37:3 | 88:4-89:15 | |

13. Deposition of Jill Radzinski taken on January 13, 2005 in the *Burch* Action

| | | |
|---|---|---|
| 5:5-:7 | 41:19-42:14 | 57:16-59:8 |
| 10:15-17 | 42:21-43:20 | 60:19-63:14 |
| 14:13-20 | 44:2-20 | 64:10-65:1 |
| 17:1-18:8 | 46:7-47:15 | |
| 37:3-38:20 | 55:17-20 | |

14. Deposition of Robert Redman taken on November 12, 2007

| | | |
|---|---|---|
| 18:1-24 | 53:16-54:7 | 114:11-23 |
| 20:3-25 | 55:2-58:9 | 115:12-116:4 |
| 22:17-25 | 65:3-11 | 122:4-124:17 |
| 30:13-19 | 67:24-68:23 | 136:1-138:23 |
| 32:2-13 | 69:6-16 | 151:22-152:11 |
| 33:18-25 | 70:21-71:8 | 160:14-163:9 |
| 38:23-40:4 | 72:13-73:9 | 165:6-23 |
| 40:17-41:10 | 74:11-76:17 | 168:13-169:15 |
| 45:7-16 | 77:12-20 | 169:25-170:8 |
| 48:1-10 | 80:11-81:20 | 170:14-17 |
| 50:24-51:2 | 101:20-107:2 | 170:20-173:17 |
| 51:17-23 | 108:8-110:14 | |

3

Case 2:03-cv-02591-KJM-EFB   Document 538   Filed 04/26/11   Page 71 of 74
*Mansourian et al. v. Regents of the University of California*
Case No. S-03-2591 FCD-EFB

15. Deposition of Mike Robles taken on November 29, 2007

| | | |
|---|---|---|
| 7:3-16 | 23:4-18 | 48:6-49:22 |
| 14:1-20 | 34:15-22 | 74:8-75:10 |
| 22:5-18 | 40:3-13 | 75:21-77:24 |

16. Deposition of Judy Sakaki taken on May 16, 2005 in the *Burch* Action

| | | |
|---|---|---|
| 101:3-6 | 130:22-131:8 | 152:23-153:1 |
| 106:14-107:6 | 135: 4-12 | 180:11-181:3 |
| 110:10-111:3 | 140:1-143:1 | 185:9-22 |
| 114:25-115:17 | 145:11-146:11 | 199:16-22 |
| 126:16-127:22 | 147:20-148:14 | |
| 128:1-129:9 | 151:5-21 | |

17. Deposition of Summer Scott taken on October 16, 2007

| | | |
|---|---|---|
| 13:10-23 | 24:21-26:1 | 48:2-6 |
| 15:21-17:5 | 28:5-11 | 62:6-25 |
| 19:1-20:4 | 30:23-31:13 | 75:15-76:2 |
| 20:12-21:5 | 47:5-17 | 82:13-83:10 |

18. Deposition of James Shaffrath, M.D. taken on May 19, 2005 and May 20, 2005 in the *Burch* Action

| | | |
|---|---|---|
| 9:2-4 | 80:10-81:20 | 137:9-138:23 |
| 11:21-36:9 | 83:16-85:20 | 143:3-12 |
| 38:9-44:12 | 95:10-97:2 | 180:4-10 |
| 46:4-50:8 | 107:14-111:9 | 182:6-17 |
| 51:7-52:5 | 111:22-114:15 | 187:6-9 |
| 53:19-65:4 | 115:23-119:3 | 196:15-197:10 |
| 69:1-80:4 | 129:17-131:19 | |

19. Deposition of Jon Vochatzer taken on September 21, 2004 in the *Burch* Action

| | | |
|---|---|---|
| 19:2-16 | 70:4-74:4 | 117:1-9 |
| 66:2-69:25 | 75:21-76:20 | 118:8-19 |

*Mansourian et al. v. Regents of the University of California*
Case No. S-03-2591 FCD-EFB

### Plaintiffs Counter-Designations of Deposition Testimony to be Offered in Lieu of Live Testimony In Response to Materials Designated by Defendants

1. Deposition of Gillian Butler taken on December 5, 2007

| | | |
|---|---|---|
| 14:1-15:3 | 25:21-26:1 | 35:6-36:21 |
| 15:12-17 | 29:12-30:18 | 40:8-25 |
| 20:5-22 | 32:11-15 | 53:8-20 |
| 25:9-11 | 33:2-34:4 | |

Additionally - Deposition of Janet Gong taken on January 12, 2009 in the *Brust* Action
229:23-231:23          233:12-23

2. Deposition of Jennifer Cardone taken on September 15, 2004

| | |
|---|---|
| 78:10-20 | 99:13-20 |
| 89:2-10 | 101:2-15 |

3. Deposition of Nancy Chiang taken on August 29, 2005

| | | |
|---|---|---|
| 27:12-28:2 | 152:9-15 | 241:11-242:12 |
| 31:4-11 | 153:5-7 | 262:23-263:1 |
| 90:25-91:3 | 162:24-163:4 | 264:15-265:14 |
| 94:2-5 | 168:18-25 | 266:21-267:14 |
| 101:9-21 | 170:11-171:5 | 280:11-22 |
| 117:7-14 | 172:2-174:17 | 329:24-330:24 |
| 142:9-19 | 188:9-15 | 346:9-347:2 |
| 144:10-20 | 222:7-13 | 354:13-17 |
| 148:7-12 | 233:6-9 | 373:25-374:16 |
| 149:7-150:3 | 239:19-240:3 | |

4. Deposition of Mary Claire Robinson taken on March 9, 2005

| | | |
|---|---|---|
| 10:4-6 | 15:25-18:4 | 85:1-86:17 |
| 13:16-15:13 | 42:16-44:1 | 123:9-125:15 |
| | 83:6-24 | |

5.  Deposition of Michelle Roppeau taken on January 13, 2005

| | | |
|---|---|---|
| 22:25-24:6 | 109:14-22 | 142:6-9 |
| 45:5-20 | 140:6-8 | 142:23-24 |
| 46:2-9 | 141:9-14 | |
| 52:6-25 | 142:1-2 | |

6. Deposition of Wendy Walters taken on December 20, 2007

| | | |
|---|---|---|
| 73:23-74:11 | 88:20-89:21 | 131:18-132:1 |
| 79:16-80:1 | 92:12-93:22 | 146:4-24 |
| 80:2-9 | 94:13-95:13 | 147:23-148:22 |
| 86:13-15 | 112:22-114:1 | |

*Mansourian et al. v. Regents of the University of California*
Case No. S-03-2591 FCD-EFB

### Schedule G

## DEFENDANTS' LIST OF EXCERPTS FROM DEPOSITIONS
## TO BE OFFERED IN LIEU OF LIVE TESTIMONY

| Witness | Deposition Date | Page/line |
|---|---|---|
| Butler, Gillian | 12/5/07 | 5:3-6; 7:8-14; 7:22-8:15; 9:1-12; 11:5-13:2; 14:1-19; 15:18-17:11; 22:5-23:22; 24:12-25:8; 25:16-20; 32:4-10; 38:13-17; 39:15-40:8 |
| Cardone, Jennifer | 9/15/04 | 5:2-4; 21:45; 21:25-22:9; 50:9-20; 52:16-20; 55:23-56:12; 60:2-11; 75:21-76:23; 78:2-9; 87:12-15; 87:20-88:6; 88:22-89:1; 94:9-98:16; 106:21-107:9; 109:8-110:4; 110:10-14; 112:8-113:12; 114:6-19. |
| Chiang, Nancy | 8/29/05 | 5:2-4; 37:22-38:14; 38:23-39:5; 93:19-24; 96:9-17; 97:6-21; 104:21-24; 116:21-117:6; 118:14-119:16; 122:13-123:25; 124:9-17; 126:16-127:23; 134:23-135:23; 141:12-142:2; 142:20-144:9; 150:10-151:23; 153:23-157:15; 185:9-187:21; 189:1-192:25; 196:10-13; 224:16-22; 263:12-25; 281:8-22; 316:16-22; 331:2-10; 334:16-335:13 |
| Robinson, Mary Claire | 3/9/05 | 10:4-6; 13:19-14:20; 15:25-16:16; 19:7-9; 23:9-24:744:2-45:3; 73:19-23; 74:22-76:13; 80:17-81:12; 81:23-82:5; 88:9-89:1; 90:7-14; 91:5-22; 94:15-20. |
| Roppeau, Michelle | 1/13/05 | 5:2-4; 15:6-16; 20:1-14; 24:7-25:2; 26:21-30:6; 31:4-22; 46:13-47:3,109:4-13; 113:10-114:21. |
| Walters, Wendy | 12/20/07 | 10:21-23; 22:22-25:4; 63:3-11; 85:10-86:12; 90:2-10; 124:3-126:23 |

## DEFENDANTS' LIST OF EXCERPTS FROM DEPOSITIONS TO BE OFFERED IN LIEU OF LIVE TESTIMONY IN RESPONSE TO MATERIALS DESIGNATED BY PLAINTIFFS

| Witness | Deposition Date | Page/line |
|---|---|---|
| Allen, Lee Dale | 08/31/05 | 65:20-66:12 |
| Bailo, Kent | 06/12/07 | 38:3-22, 103:21-104:7 |
| Collier, Michael | 10/26/04 | 28:25-29:15 |
| Dunham, David | 05/20/05 | 42:25-43:26; 49:12-50:13; 126:16-22; 137:18-138:3; 142:5-143:2; 163:12-20 |
| Gong, Janet | 04/12/05 | 44:13-46:8; 78:7-79:5; 110:1-8; 111:21-24; 124: 9-11; 145:5-21; 159:12-160:7; 168:18-169:5 |
| Gong, Janet | 01/12/09 | 24:11-26:3; 73:17-20; 140:5-8: 140:25-141:7; 143:21-144:17; 145:13-25 |
| Hong, Charlie | 09/16/04 | 18:11-12; 22:10-14; 30:15-25; 32:10-22; 33:16-23 |
| Johnston, Afsoon Roshan | 06/20/07 | 24:12-14; 29:1-17; 30:14-19; 32:13-34:14; 36:7-12; 36:25-37:16; 38:7-10; 39:21-41:21; 42:25-43:4; 43:21-44:8; 45:15-19; 47:7-21; 49:13-51:4; 53:15-54:5; 60:7-23; 62:21-63:20; 69:9-25 |
| Miller, Scott | 10/06/27 | 5:13-20; 63:3-65:23 |
| Miranda, Patricia | 07/12/07 | 30:2-31:4 |
| Radzinski, Jill | 01/13/05 | 59:6-18 |
| Robles, Mike | 11/29/07 | 22:19-23:3; 23:22-24:13; 33:15-34:14 |
| Sakaki, Judy | 05/16/05 | 11:2-12:20; 48:8-50:4; 132:5-135:3 |
| Shaffrath, James M.D. | 05/19/05 and 05/20/05 | 181:13-182:5; 188:19-191:16; 194:11-196:4; 206:3-208:3; 208:8-209:16 |