UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

----oo0oo----

| | |
|---|---|
| AREZOU MANSOURIAN; LAUREN MANCUSO; NANCY NIEN-LI CHIANG; CHRISTINE WING-SI NG; and all those similarly situated,<br><br>      Plaintiffs,<br><br>   v.<br><br>BOARD OF REGENTS OF THE UNIVERSITY OF CALIFORNIA AT DAVIS; LAWRENCE VANDERHOEF; GREG WARZECKA; PAM GILL-FISHER; ROBERT FRANKS; and LAWRENCE SWANSON,<br><br>      Defendants. | NO. CIV. S 03-2591 FCD EFB<br><br><br><br>MEMORANDUM AND ORDER |

----oo0oo----

    This matter is before the court on plaintiffs Arezou Mansourian ("Mansourian"), Lauren Mancuso ("Mancuso"), and Christine Wing-Si Ng's ("Ng") (collectively "plaintiffs") motion for reconsideration or clarification of a portion of the court's December 8, 2010 Memorandum & Order. Specifically, plaintiffs challenge the court's conclusion that plaintiffs' § 1983 claims

1

against the individual defendants arising out of the removal of plaintiffs from the wrestling program and the imposition of defendants' policy requiring women to wrestle-off against men are time barred.  Defendants Regents of the University of California (the "University"), Larry[1] Vanderhoef ("Vanderhoef"), Greg Warzecka ("Warzecka"), Pam Gill-Fisher ("Gill-Fisher"), and Robert Franks ("Franks") (collectively "defendants") oppose the motion.  For the reasons set forth below,[2] plaintiffs' motion for reconsideration is DENIED.

**STANDARD**

Pursuant to Rule 54(b), "any order of other decision, however designated, that adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties does not end the action as to any of the claims or parties and may be revised at any time before the entry of a judgment adjudicating all the claims and all the parties' rights and liabilities."  Where reconsideration of a non-final order is sought, the court has "inherent jurisdiction to modify, alter or revoke it."  United States v. Martin, 226 F.3d 1042, 1048-49. (9th Cir. 2000).  To succeed in a motion to reconsider, a party must set forth facts or law of a strongly convincing nature to induce the Court to reverse its prior decision.  See, e.g., Kern-Tulare Water Dist. v. City of Bakersfield, 634 F. Supp. 656, 665 (E.D. Cal.

---

[1] Defendants assert that defendant Larry Vanderhoef was erroneously sued as Lawrence Vanderhoef.

[2] Because oral argument will not be of material assistance, the court orders the matter submitted on the briefs. E.D. Cal. L.R. 230(g).

2

1986), aff'd in part and rev'd in part on other grounds, 828 F.2d 514 (9th Cir. 1987).

Generally, and absent highly unusual circumstances, reconsideration is appropriate only where (1) the party presents the court with newly discovered evidence, (2) the court committed clear error or the initial decision was manifestly unjust, or (3) there is an intervening change in controlling law.[3] See Sch. Dist. No. 1J, Multnomah County, Oregon v. ACANDS, Inc., 5 F.3d 1255, 1263 (9th Cir. 1993).

**ANALYSIS**[4]

On December 18, 2003, plaintiffs filed the instant action on behalf of themselves and a putative class, asserting six claims for relief: (1) violation of Title IX based on unequal opportunities; (2) violation of Title IX based on unequal financial assistance; (3) retaliation in violation of Title IX; (4) violation of 42 U.S.C. § 1983; (5) violation of the California Unruh Civil Rights Act; and (6) violation of public policy. After numerous motions and orders, including review and remand by the Ninth Circuit, there remain two claims for relief for trial: (1) a claim by individual plaintiffs against the University for violation of Title IX arising out of the alleged failure to provide equal athletic opportunities for women; and

---

[3] While the standards applicable to motions for reconsideration of final judgments or orders under Rules 59(e)(final judgments) and 60(b)(final judgments and orders) technically do not delimit the court's inherent discretion to reconsider interlocutory orders, the court nonetheless finds them to be helpful guides to the exercise its discretion.

[4] The relevant background facts are set forth more fully in the court's December 8, 2010 Memorandum & Order.

(2) a 42 U.S.C. § 1983 claim by individual plaintiffs against the individual defendants for violation of the Equal Protection Clause arising out of the alleged intentional discrimination against plaintiffs or deliberate indifference to a known violation of plaintiffs' rights.

Plaintiffs challenge the court's ruling in its December 8, 2010 order on the individual defendants' motion for summary judgment to the extent it held as time-barred their claims against the individual defendants (1) for elimination of wrestling opportunities in 2000-2001; and (2) for implementation of a policy that required them to wrestle-off against men in 2001 (the "wrestle-off" policy). Specifically, plaintiffs argue that these two alleged instances of discrimination "were part and parcel of [defendants'] systemic discrimination against plaintiffs and other women in the provisions of athletic opportunities" and that defendants' "policy of exclusion was renewed each year." (Pls.' Mot. for Reconsideration & Clarification ("Pls.' Mot.") [Docket #541], filed Apr. 26, 2011, at 1-2.) As such, plaintiffs contend that these acts are actionable, even though they occurred more than two years prior to the initiation of this litigation.

The Supreme Court has analyzed whether claims of discrimination have been timely filed by determining whether the acts at issue are discrete retaliatory or discriminatory acts, which "occurred" on the date that such an act "happened," or whether the acts at issue are a continuing violation, which arises from the cumulative effect of individual (and potentially, non-actionable) acts that when taken together form a single

4

unlawful act. <u>Nat'l R.R. Passenger Corp. v. Morgan</u>, 536 U.S. 101 (2002). Claims based upon discrete acts must be brought within the statute of limitations. <u>Id.</u> at 110-12. Claims based upon a continuing, single discriminatory act may include conduct that falls outside of the limitations period. <u>Id.</u> at 118.[5]

Specifically, with respect to discrete acts, the <u>Morgan</u> Court expressly held that "recovery for discrete acts of discrimination or retaliation that occur outside the statutory time period" are precluded. <u>National R.R. Passenger Corp. v. Morgan</u>, 536 U.S. 101, 105 (2002). The <u>Morgan</u> Court defined a "discrete act" of discrimination as one that constitutes a separate, actionable unlawful practice that is temporally distinct. <u>Id.</u> at 114. In the employment context, the Court pointed to "termination, failure to promote, denial of transfer, [and] refusal to hire" as examples of such discrete acts. <u>Id.</u> A cause of action accrues when the discrete, unlawful action occurred. <u>Id.</u> The term "practice" does not convert related discrete acts into a single unlawful practice for the purposes of timely filing. <u>Id.</u> at 111. Indeed, the Court expressly reversed the appellate court's reliance on a continuing violations theory

---

[5] Plaintiffs also argue that the holding and reasoning of <u>Morgan</u> is inapplicable to their § 1983 claims because <u>Morgan</u> was "decided based upon the plain language of the Title VII statute itself and its unique administrative enforcement scheme." (Pls.' Mot. at 12.) Plaintiffs' argument runs directly counter to Ninth Circuit authority on this issue. Specifically, the Ninth Circuit has expressly concluded that "[a]lthough <u>Morgan</u> involved Title VII of the Civil Rights Act of 1964, the Supreme Court's analysis of the continuing violations doctrine is not limited to Title VII actions. *It applies with equal force . . . to actions arising under other civil rights laws.*" <u>Cherosky v. Henderson</u>, 330 F.3d 1243, 1246 n.3 (9th Cir. 2003) (emphasis added); <u>see also</u> <u>RK Ventures, Inc. v. City of Seattle</u>, 307 F.3d 1045 (9th Cir. 2002) (applying <u>Morgan</u> in suit arising under 42 U.S.C. § 1983).

5

arising out of "serial violations"; the Court rejected the theory that "so long as one act falls within the charge filing period, discriminatory and retaliatory acts that are also plausibly or sufficiently related to that act may also be considered for the purposes of liability." Id. at 114.  As such, although the Court expressly provided that prior acts may be used as "background evidence" in support of a timely claim, discrete acts "are not actionable if time barred, even when they are related to acts alleged in timely filed charges." Id. at 113.

Similarly, the Ninth Circuit has expressly held that a plaintiff "cannot challenge conduct that occurred prior to the limitations period merely by alleging that the conduct was undertaken pursuant to a policy that was still in effect during the limitations period." Cherosky v. Henderson, 330 F.3d 1243, 1248 (9th Cir. 2003) (finding no continuing violation based on maintenance of an alleged discriminatory policy of denying face masks at work because the plaintiffs' claims accrued "when the policy was invoked to deny an individual employee's request"). In Cherosky, the Ninth Circuit reaffirmed its prior conclusion that a "plaintiff's assertion that [a] series of discrete acts flows from a company-wide, or systemic, discriminatory practice will not succeed in establishing the employer's liability for acts occurring outside the limitations period because the Supreme Court has determined that each incident of discrimination constitutes a separate actionable unlawful employment practice." Id. at 1247 (quoting Lyons v. England, 307 F.3d 1092, 1107 (9th Cir. 2002).  As such, even though a discriminatory practice may extend over a period of time or involve a series of related acts,

6

such a practice "remains divisible into a set of discrete acts, legal action on the basis of each of which must be brought within the statutory limitations period." Id. (quoting Lyons, 307 F.3d at 1108); see also Williams v. Giant Food Inc., 370 F.3d 423, 429 (4th Cir. 2004) (holding that even if the plaintiff's allegation that the defendant's failures to promote her were part of a larger pattern and practice of discrimination, each failure to promote nonetheless remained a discrete act of discrimination, none of which had occurred within the limitations period); Elmenayer v. ABF Freight Sys., Inc., 318 F.3d 130, 135 (2d Cir. 2003). The Ninth Circuit concluded that "it would eviscerate Morgan's premise to circumvent the timely filing requirements merely because a plaintiff alleges that the acts were taken pursuant to a discriminatory policy." Cherosky, 330 F.3d 1248.

Conversely, where a plaintiff's claims are based upon the "cumulative effect of individual acts," such claims necessarily involve allegations of repeated conduct. Morgan, 536 U.S. at 115. A plaintiff may set forth a claim for unlawful discrimination by showing a systemic policy or practice of discrimination that inflicts injury during the limitations period. Douglas v. Cal. Dept. of Youth Authority, 271 F.3d 812, 822 (9th Cir. 2001); see Gutowsky v. County of Placer, 108 F.3d 256, 259 (9th Cir. 1997). "The continuing violation doctrine is intended to allow a victim of systematic discrimination to recover for injuries that occurred outside the applicable limitations period, as where an employee has been subject to a policy against the promotion of minorities." Grimes v. City and County of San Francisco, 951 F.2d 236, 238 (9th Cir. 1991). "A

7

systemic violation claim requires no identifiable act of discrimination in the limitations period, and refers to general practices or policies." Douglas, 271 F.3d at 822.  However, the continuing violations doctrine does not give "new life" to time-barred discrete acts, such as termination related claims in the employment context, "even where the effects of the termination are not . . . immediately felt." Grimes, 951 F.2d at 238.

In this case, the court concluded that plaintiffs' § 1983 claims included allegations based upon both discrete acts and a systemic violation.  The court held, in accordance with Supreme Court and Ninth Circuit precedent, that discrete discriminatory conduct outside of the statute of limitations period was not independently actionable, while systemic discrimination that occurred both during and outside of the limitations period was actionable.  Specifically, the court concluded that plaintiffs' challenges arising from the elimination of women's wrestling opportunities in 2000-2001 and the implementation of the "wrestle-off" policy in 2001 were discrete acts akin to a termination, failure to promote, denial of transfer, or refusal to hire.  These two acts were finite, divisible instances of alleged discrimination that became actionable at the time they occurred.  Because such acts occurred outside the applicable statute of limitations, the court held that these acts were time-barred and not independently actionable.[6]  The court noted,

---

[6] The court also noted that its analysis regarding the University's implementation of the "wrestle-off" policy might be different if there was any evidence that defendants continued to *use* the alleged discriminatory policy within the limitations period.  In Lewis v. City of Chicago, the Supreme Court held that a disparate treatment claim under Title VII could be based on the

though, that such conduct could be used as "background evidence"[7] in support of a timely claim.  See Morgan, 536 U.S. 113.

However, the court held that plaintiffs' challenges to the equal accommodation of athletic opportunities to women was a systemic violation that allegedly occurred each and every day plaintiffs were students at the University.[8]  Accordingly, this claim was timely filed.

---

subsequent application of an alleged discriminatory policy that had been adopted outside of the limitations period.  130 S. Ct. 2191, 2197 (2010).  In Lewis, the plaintiffs challenged selection of firefighters based upon the results of an allegedly discriminatory test administered in 1995.  While it was undisputed that a challenge to the administration of the test and the selection of the first round of applicants from the scores was time-barred, the Court held that the *use* of those same test scores to select applicants over the next six years constituted new actionable violations.  Id. at 2199.

However, in this case, as noted in the December 8, 2010 Memorandum and Order, plaintiffs set forth no allegations or evidence that defendants ever applied the same allegedly discriminatory policy to plaintiffs after the try-outs in the Fall 2001.  Accordingly, implementation and application of the allegedly discriminatory wrestle-off policy to plaintiffs in Fall 2001 is time-barred.

[7]  For example, in this case, plaintiffs' § 1983 claims arise out of an alleged systemic policy of unequal treatment of women in the provision of athletic opportunities that spanned for decades.  Plaintiffs claim that the individual defendants perpetuated this policy intentionally or with deliberate indifference to plaintiffs' rights.  The individual defendants' conduct with respect to plaintiffs' involvement in wrestling may be relevant evidence of their intent or knowledge regarding the provision of athletic opportunities to women as well as relevant evidence of the existence of a policy of unequal treatment.

[8]  In their opposition defendants expressed confusion with respect to the term "systemic violation" as applied to individual defendants as opposed to an entity defendant.  As set forth in the court's December 8, 2010 Memorandum & Order, in order to demonstrate an Equal Protection violation, plaintiffs must establish that each defendant either intentionally discriminated against each plaintiff or was deliberately indifferent to known discrimination against plaintiff.  In this case, the alleged discrimination is alleged to have occurred through a systemic policy of unequal athletic opportunities.

1  Plaintiffs' assertion that the law of the case and the Ninth
2 Circuit's mandate command a different conclusion is without
3 merit.  As the court noted in its December 8, 2010 Memorandum &
4 Order, the Ninth Circuit did not address the court's rulings
5 regarding plaintiffs' claims based upon discrete acts; rather, it
6 simply affirmed the court's rulings regarding the applicable
7 statute of limitations for systemic violations.  See Mansourian,
8 602 F.3d at 973-74.  The Ninth Circuit noted that "[a]
9 university's ongoing and intentional failure to provide equal
10 athletic opportunities for women is a systemic violation" and
11 because "plaintiffs were students and therefore subject to the
12 policy that allegedly discriminated on the basis of sex at the
13 time they filed their complaint, their § 1983 claim is not time-
14 barred."  Id. at 974.  Notably, the Ninth Circuit was silent with
15 respect to allegations relating to the elimination of women's
16 wrestling and to the implementation of the "wrestle-off" policy.
17 As such, the court is bound to the Ninth Circuit's holding (and
18 concludes in accordance with its own prior ruling) that
19 plaintiff's Equal Protection claim against defendants arising
20 from the alleged systemic, ongoing and intentional failure to
21 provide equal athletic opportunities for women is not time-
22 barred.  However, because the Ninth Circuit made no reference to
23 the discrete acts alleged in the complaint, the Ninth Circuit's
24 mandate does not require the court to conclude that plaintiffs'
25 claims arising from discrete acts are timely.[9]

---

[9] Plaintiffs also erroneously assert that the court "partially reversed itself" in holding that discrete acts were time-barred.  Presumably, plaintiffs' rely on the court's May 6, 2004 Memorandum & Order, denying defendants' motion to dismiss

10

While the court's December 8, 2010 Memorandum & Order relied upon the Supreme Court's decision in <u>Ledbetter v. Goodyear Tire & Rubber Co., Inc.</u>, 550 U.S. 618, 628 (2007), any ambiguity regarding the applicability of the Court's holding or reasoning in light of the retroactive application of the Lilly Ledbetter Fair Pay Act of 2009 (the "FPA") does not impact this court's analysis regarding the timeliness of plaintiffs' claims. As set forth, *supra*, the Supreme Court's decision in <u>Morgan</u> as well as Ninth Circuit precedent supports the distinction between time-barred, discrete acts and actionable, continuous violations. Moreover, the purpose of the FPA "was to reinstate the law regarding timeliness of pay compensation claims as it was prior to the <u>Ledbetter</u> decision," such that each paycheck reflecting the allegedly discriminatory decision gives rise to a distinct cause of action. <u>Mikula v. Allegheny Cnty of Pa.</u>, 583 F.3d 181, 185 (3d Cir. 2009); <u>see</u> <u>Noel v. The Boeing Co.</u>, 622 F.3d 266, 271 (3d Cir. 2010); <u>see also</u> <u>Groesch v. City of Springfield, Ill.</u>, 635 F.3d 1020, 1026 (7th Cir. 2011). Because the FPA narrowly addresses pay compensation claims in employment discrimination cases, its passage does not change the court's analysis regarding timely filing in this case.

---

plaintiffs' Equal Protection claim on statute of limitations grounds. However, the court expressly noted, as a "final point of clarification" with respect to both plaintiffs' Title IX and § 1983 claims, that it did not determine "whether any portion of said claims is otherwise barred by the applicable statute of limitations"; rather, it directed that such arguments should be addressed on a motion for summary judgment. (Mem. & Order [Docket #25], filed May 6, 2004, at 13-15 (expressly incorporating the court's Title IX analysis into its § 1983 analysis).

11

Finally, both plaintiffs and defendants have expressed confusion about the import of the court's rulings regarding the statute of limitations as applied to plaintiffs' § 1983 claims. As the court has reaffirmed in this order, the alleged discrete acts relating to the elimination of women's wrestling and the implementation of the "wrestle-off" policy are not actionable. However, such acts may be used in the liability phase of trial as relevant evidence of, *inter alia*, (1) the existence of the alleged discriminatory policy; (2) each individual defendant's knowledge of the alleged discriminatory policy; and/or (3) the intent of each individual defendant with respect to implementing or perpetuating the alleged discriminatory policy.  Similarly, because the alleged discrete acts outside the limitations period are not actionable, plaintiffs may not recover damages traceable only to those acts; rather, plaintiffs are limited to recovery for damages traceable to the alleged discriminatory policy. However, those alleged discrete acts may also be relevant evidence to determine the measure of damages incurred as a consequence of the alleged discriminatory policy.[10]

---

[10] For example, if the court finds the individual defendants liable for Equal Protection Clause violations, the measure of damages may include the value of benefits received by varsity athletes. In order to recover that value, plaintiffs could demonstrate that a women's varsity wrestling program would have been offered but for defendants' unconstitutional conduct related to the policy of discrimination. Prior existence of such a program would be relevant evidence in support of this claim for damages. However, defendants could present evidence that women's wrestling would never have been offered or, if in existence, would have been eliminated regardless of any constitutional violations. This inquiry, though, is relevant to the amount of *damages*, not liability.

The court provides this example as merely *one way* in which the "discrete acts" may be relevant to the issue of damages. It

12

**CONCLUSION**

For the foregoing reasons, plaintiffs' motion for reconsideration and/or clarification is DENIED.

IT IS SO ORDERED.

DATED: May 18, 2011

FRANK C. DAMRELL, JR.
UNITED STATES DISTRICT JUDGE

---

is not set forth as a limitation on either plaintiffs' or defendants' theory of the case.

13