IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

AREZOU MANSOURIAN; et al.,

    Plaintiffs,                                 No. CIV S-03-2591 KJM-EFB

    vs.

REGENTS OF THE UNIVERSITY OF CALIFORNIA, UNIVERSITY OF CALIFORNIA AT DAVIS; et al.,

    Defendants.                             <u>ORDER</u>

/

           This matter is before the court on the request of defendant Regents of the University of California for leave to file a dispositive motion in limine.  (ECF 639.)  As explained below, defendant's request is DENIED.

           Defendant seeks to file a dispositive motion in limine contending that plaintiffs are not entitled to damages in this case.  (Def.'s Status Conf. Statement ("Mot.") at 1, ECF 639.)  Defendant stresses that "this is not a situation where Defendant could have filed a dispositive motion on this issue but did not do so."  (*Id*. at 4.)  Plaintiffs counter that such a motion would be untimely and that the question of whether plaintiffs may be entitled to damages has been resolved by the previously assigned district judge.  (Pls.' Opp'n at 1, ECF 644.)

/////

1          A motion in limine is "any motion . . . to exclude anticipated prejudicial evidence before the evidence is actually offered." *Luce v. United States*, 469 U.S. 38, 40 n.2 (1984).  A motion in limine is by definition an evidentiary motion; courts look with disfavor upon presenting dispositive motions in the guise of motions in limine.  *See Shewbridge v. El Dorado Irrigation Dist.*, 2007 U.S. Dist. LEXIS 31535, at *11 (E.D. Cal. Apr. 30, 2007).  Here, defendant's request is in reality a request to file a standard dispositive motion, not a motion in limine.  The deadline for hearing dispositive motions in this case was December 3, 2010.  (ECF 436.)  As such, the court would have to modify the scheduling order in order to reopen the period for the filing of dispositive motions.  Federal Rule of Civil Procedure 16(b)(4) states that "[a] schedule may be modified only for good cause and with the judge's consent."  "Rule 16(b)'s 'good cause' standard primarily considers the diligence of the party seeking the amendment. The district court may modify the pretrial schedule 'if it cannot reasonably be met despite the diligence of the party seeking the extension.'"  *Johnson v. Mammoth Recreations*, 975 F.2d 604, 609 (9th Cir. 1992) (quoting FED. R. CIV. P. 16 advisory committee's notes (1983 amendment)).  "Although the existence or degree of prejudice to the party opposing the modification might supply additional reasons to deny a motion, the focus of the inquiry is upon the moving party's reasons for seeking modification. [citation omitted] If the party was not diligent, the inquiry should end."  *Id*.

          Here, the court finds that defendant could have been more diligent.  On the one hand, it is questionable whether or not defendant could have discovered its ultimate doubts regarding plaintiffs' claim for damages until the court issued its decision regarding liability, which it did on August 3, 2011.  (ECF 628.)  In fact defendant did raise the question of entitlement to damages in various ways in two early dispositive motions, on June 5, 2007 (ECF 188) and on January 11, 2008 (ECF 284).  On the other hand, defendant waited nearly three months after the court issued its decision on liability to file the present request; the three month

/////

period included approximately three weeks after the defense alluded generally to further issues it wished to raise with the court regarding damages.  (*See* ECF 636.)

More importantly, however, defendant has not shown good cause, given the record in this matter.  Defendant contends that its "initial research indicates that the issue of whether Plaintiffs can recover damages for a Title IX violation, where their specific complaints about wrestling are irrelevant to the identified Title IX violation, is a unique issue that no other court has addressed." (Def.'s Mot. at 3.)  However, the previously assigned district judge found that "plaintiffs are entitled to damages for the actual harm they suffered" because "defendant UC Davis failed to demonstrate a continuing practice of program expansion [in violation of Title IX]."  (Aug. 3, 2011 Order, ECF 628 at 145.)  The same judge conveyed his sense that "the juxtaposition of the court's conclusions [at the end of the liability phase] would seem to place severe limitations on the damages these plaintiffs may recover." (*Id*. at 146.)  That judge also took punitive damages off the table, in light of his findings that all individual defendants were entitled to qualified immunity and that defendant Gill-Fisher did not cause any constitutional deprivation.  (*Id*. at 145.)

All things considered, the court finds that further briefing on a motion in limine will not eliminate the need for a trial to clarify the remaining questions as to damages and plaintiffs' entitlement to them.  In the damages phase, plaintiffs will be tasked with showing – if they can – that they suffered actual harm as a result of defendant's actions (or lack thereof).  It is for the jury to decide any disputed questions of fact that emerge from the proceeding.

For the foregoing reasons, defendant's request is DENIED.  Additionally, plaintiffs' motion to strike (ECF 641) is DENIED as moot.

IT IS SO ORDERED.

DATED: December 12, 2011.

UNITED STATES DISTRICT JUDGE

3